# **EXHIBIT A**

 **PacificStockTransfer**

# ACCOUNT STATEMENT

| DIMITAR SAVOV |
| --- |
| **IMMUNOTECH LABORATORIES INC COMMON** |

**For:   IMMUNOTECH LABORATORIES INC**
6725 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

DIMITAR SAVOV

61 NISHAVA STR
SOFUA

**Account Number**   212
**Statement Date:**   12/02/2021
**CUSIP:**   45254F203
**Symbol:**   IMMB

**Pacific Stock Transfer Contact Information**
**Telephone:  702-361-3033 or 800-785-7782**
**Email:  info@pacificstocktransfer.com**

## Account Summary

| BOOK BALANCE | CERTIFICATED BALANCE | TOTAL SHARES |
| --- | --- | --- |
| 0.00 | 73,000,000.00 | 73,000,000.00 |
| RESTRICTED BOOK | RESTRICTED CERTIFICATED | TOTAL RESTRICTED SHARES |
| 0.00 | 73,000,000.00 | 73,000,000.00 |

## Transaction History

| DATE | TRANSACTION | SHARES IN/OUT | SHARE  BALANCE |
| --- | --- | --- | --- |

## Cost Basis Information

| ACQUISITION DATE | LOT SHARES | COST BASIS | PRICE PER SHARE |
| --- | --- | --- | --- |

 **ACCOUNT STATEMENT**

| DIMITIR SAVOV |
| --- |
| **IMMUNOTECH LABORATORIES INC PREFERRED  A** |

**For:   IMMUNOTECH LABORATORIES INC**
6725 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

**Account Number**   3
**Statement Date:**   01/06/2022
**CUSIP:**
**Symbol:**              PSIMM_PA1

DIMITIR SAVOV

61 NISHAVA STREET
SOFIA BULGARIA

<u>Pacific Stock Transfer Contact Information</u>
**Telephone:  702-361-3033 or 800-785-7782**
**Email:  info@pacificstocktransfer.com**

## Account Summary

| BOOK BALANCE | CERTIFICATED BALANCE | TOTAL SHARES |
| --- | --- | --- |
| 0.00 | 4,000,000.00 | 4,000,000.00 |

| RESTRICTED BOOK | RESTRICTED CERTIFICATED | TOTAL RESTRICTED SHARES |
| --- | --- | --- |
| 0.00 | 4,000,000.00 | 4,000,000.00 |

## Transaction History

| DATE | TRANSACTION | SHARES IN/OUT | SHARE  BALANCE |
| --- | --- | --- | --- |

## Cost Basis Information

| ACQUISITION DATE | LOT SHARES | COST BASIS | PRICE PER SHARE |
| --- | --- | --- | --- |

 **PacificStockTransfer**

# ACCOUNT STATEMENT

| DIMITAR SAVOV |
| --- |
| **IMMUNOTECH LABORATORIES INC PREFERRED B** |

**For:** IMMUNOTECH LABORATORIES INC
6725 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

DIMITAR SAVOV

61 NISHAVA STR
SOFUA

**Account Number** 2
**Statement Date:** 01/06/2022
**CUSIP:**
**Symbol:** PSIMM_PB1

**Pacific Stock Transfer Contact Information**
**Telephone: 702-361-3033 or 800-785-7782**
**Email: info@pacificstocktransfer.com**

## Account Summary

| BOOK BALANCE | CERTIFICATED BALANCE | TOTAL SHARES |
| --- | --- | --- |
| 0.00 | 120,000,000.00 | 120,000,000.00 |
| RESTRICTED BOOK | RESTRICTED CERTIFICATED | TOTAL RESTRICTED SHARES |
| 0.00 | 120,000,000.00 | 120,000,000.00 |

## Transaction History

| DATE | TRANSACTION | SHARES IN/OUT | SHARE BALANCE |
| --- | --- | --- | --- |

## Cost Basis Information

| ACQUISITION DATE | LOT SHARES | COST BASIS | PRICE PER SHARE |
| --- | --- | --- | --- |

# **EXHIBIT B**

SWIFT/SEPA нотификации по изходящи валутни преводи
IBAN: BG57UNCR70001520786869, период: 01.01.2013 - 31.12.2013

*При задаване на Branch code се зареждат преводи само от последния ден на избрания период.*

## 3059100445

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 2412 808466
Application Header        I 103 BOFAUS3NXXXX N

User Header                   Service Code     103:
                              Bank. Priority   113:
                              Msg User Ref.    108: 13228103906GUN00
                              Validation       119:
Sender's Ref.             *20   : 3059100445
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 130228USD1100,00
Instructed Amount          33B  :        USD1100,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG OOD
                                  UL. NISHAVA 61VH. A ET. 3 AP. 6
                                  GR. SOFIYA
                                  BG
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   : //FW322271724
                                  CITI BANK NA
                                  BRANCH 235
                                  USA
Beneficiary Customer      *59   : /203326137
                                  IMMUNOTECH LABORATORIES INC
                                  145N SIERRA MADRE BL PASADENA
                                  SA 91107
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : SHA
Trailer
                                  MAC:
                                  CHK: N/A
                                  PDE:
                                  PDM:
                                  DLM:
```

1

## 3064100008

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 2422 813480
Application Header          I 103 BOFAUS3NXXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 13305074553GUN02
                            Validation      119:
Sender's Ref.               *20   : 3064100008
Bank Operation Code         *23B  : CRED
Settlement Amount           *32A  : 130305USD3000,00
Instructed Amount            33B  :      USD3000,00
Ordering Customer           *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    UL. NISHAVA 61VH. A,ET. 3,AP. 6
                                    SOFIA,BG
Ordering Institution         52   :
                                    UNCRBGSFXXX
Account with Inst.           57   : //FW322271724
                                    CITIBANK NA
                                    BRANCH 235-2101 N.CENTRAL
                                    AVE GLENDALE CA 91202 USA
Beneficiary Customer        *59   : /203326137
                                    IMMUNOTECH LABORATORIES INC
                                    145 N SIERRA MADRE BL
                                    PASADENA CA 91107
Remittance Info.             70   : BUSINESS
Details of Charges          *71A  : SHA
Trailer
                                    MAC:
                                    CHK: N/A
                                    PDE:
                                    PDM:
                                    DLM:
```

2

## 3147100406

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header                 F  01 UNCRBGSFAXXX 2550 917817
Application Header           I 103 BKTRUS33XXXX N

User Header                  Service Code      103:
                             Bank. Priority    113:
                             Msg User Ref.     108: 13527095814GUN02
                             Validation        119:
Sender's Ref.               *20    : 3147100406
Bank Operation Code         *23B   : CRED
Settlement Amount           *32A   : 130528USD10000,00
Instructed Amount            33B   :         USD10000,00
Ordering Customer           *50    : /BG57UNCR70001520786869
                                      IMMUNOTEX  LABORATORIES BG OOD
                                      UL. NISHAVA 61VH. A ET. 3 AP. 6
                                      GR. SOFIYA
                                      BG
Ordering Institution         52    :
                                      UNCRBGSFXXX
Account with Inst.           57    : //FW322271724
                                      CITIBANK  NA
                                      BRANCH 235 2101 N CENTRAL AVE
                                      6 LENDALE CA 91202 USA
Beneficiary Customer        *59    : /203326137
                                      IMMUNOTEX LABORATORIES INC
                                      145 N SIERRA MADRE BL PASADENA CA
                                      91107
Remittance Info.             70    : BISNES
Details of Charges          *71A   : OUR
Trailer
                                      MAC:
                                      CHK: N/A
                                      PDE:
                                      PDM:
                                      DLM:
```

3

## 3150100287

```
MT F                      SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 2553 923578
Application Header         I 103 BKTRUS33XXXX N

User Header               Service Code     103:
                          Bank. Priority   113:
                          Msg User Ref.    108: 13530093614GUN00
                          Validation       119:
Sender's Ref.             *20  : 3150100287
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 130530USD19000,00
Instructed Amount          33B :      USD19000,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG OOD
                                 UL. NISHAVA 61VH. A ET. 3 AP. 6
                                 GR. SOFIYA
                                 BG
Ordering Institution       52  :
                                 UNCRBGSFXXX
Account with Inst.         57  : //FW322271724
                                 CITIBANK  NA
                                 BRANCH 235
Beneficiary Customer      *59  : /203326137
                                 IMMUNOTECH LABORATORIES INC
                                 145 N SIERRA MADRE BL PAJADENG
                                 SA 91107
Remittance Info.           70  : BISNES
Details of Charges        *71A : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

4

## 3151100642

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 2554 926210
Application Header          I 103 BKTRUS33XXXX N

User Header                 Service Code     103:
                            Bank. Priority   113:
                            Msg User Ref.    108: 13531122031GUN02
                            Validation       119:
Sender's Ref.           *20   : 3151100642
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 130531USD10000,00
Instructed Amount        33B  :         USD10000,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG
                                NISHAVA STR 61A 6
                                1680 SOFIA
                                BULGARIA
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   : //FW322271724
                                CITIBANK NA
                                BRANCH 235 USA
Beneficiary Customer    *59   : /203326137
                                IMMUNOTECH LABORATORIES INC
                                145 N SIERRA MADRE BLVD
                                PASADENA CA 91107
Remittance Info.         70   : BUSINESS
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

## 3161100152

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header          F   01 UNCRBGSFAXXX 2573 936779
Application Header    I 103 BKTRUS33XXXX N

User Header             Service Code    103:
                        Bank. Priority  113:
                        Msg User Ref.   108: 13610084354GUL01
                        Validation      119:
Sender's Ref.         *20  : 3161100152
Bank Operation Code   *23B : CRED
Settlement Amount     *32A : 130610USD10000,00
Instructed Amount      33B :       USD10000,00
Ordering Customer     *50  : /BG57UNCR70001520786869
                              IMMUNOTECH LABORATORIES BG OOD
                              UL. NISHAVA 61VH. A ET. 3 AP. 6
                              GR. SOFIYA
                              BG
Ordering Institution   52  :
                              UNCRBGSFXXX
Account with Inst.     57  : //FW026009593
                              BANK OF AMERICA
                              USA
Beneficiary Customer  *59  : /325014504866
                              IMMUNOTECH LABORATORIES INC
                              9192 FAIRVIEW AVE SAN GABRIEL
                              CA91775
Remittance Info.       70  : BISNESS
Details of Charges    *71A : OUR
Trailer
                              MAC:
                              CHK: N/A
                              PDE:
                              PDM:
                              DLM:
```

```
3176100194

MT F                         SWIFT Single Customer Credit Transfer

Basic Header             F   01 UNCRBGSFAXXX 2600 957666
Application Header       I 103 BKTRUS33XXXX N

User Header                  Service Code      103:
                             Bank. Priority    113:
                             Msg User Ref.     108: 13625085229GUL01
                             Validation        119:
Sender's Ref.            *20   : 3176100194
Bank Operation Code      *23B  : CRED
Settlement Amount        *32A  : 130625USD5000,00
Instructed Amount         33B  :       USD5000,00
Ordering Customer        *50   : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG OOD
                                 UL. NISHAVA 61,VH.A,ET.3,AP. 6
                                 SOFIA,BG
Ordering Institution      52   :
                                 UNCRBGSFXXX
Account with Inst.        57   : //FW026009593
                                 BANK OF AMERICA
                                 USA
Beneficiary Customer     *59   : /325014504866
                                 IMMUNOTECH LABORATORIES INC
                                 9192 FAIRVIEW AVE SAN GABRIEL SA917
                                 75
Remittance Info.          70   : BUSINESS
Details of Charges       *71A  : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

```
3189100418
```

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 2630 975839
Application Header      I 103 CHASUS33XXXX N

User Header                 Service Code     103:
                            Bank. Priority   113:
                            Msg User Ref.      108: 13708104946GUN01
                            Validation       119:
Sender's Ref.           *20  : 3189100418
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 130708USD1000,00
Instructed Amount        33B :       USD1000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG OOD
                               UL. NISHAVA 61VH. A ET. 3 AP. 6
                               GR. SOFIYA
                               BG
Ordering Institution     52  :
                               UNCRBGSFXXX
Account with Inst.       57  :
                               BOFAUS3N
Beneficiary Customer    *59  : /325014504866
                               IMMUNOTECH LABORATORIES INC
                               9192 FAIRVIEW AVE
                               SAN GABRIEL SA91755
Remittance Info.         70  : BISNESS
Details of Charges      *71A : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

**3212100494**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 2687 007692
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code     103:
                        Bank. Priority   113:
                        Msg User Ref.    108: 13731104516GUN00
                        Validation       119:
Sender's Ref.           *20  : 3212100494
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 130731USD5000,00
Instructed Amount        33B :      USD5000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG OOD
                               UL. NISHAVA 61VH. A ET. 3 AP. 6
                               GR. SOFIYA
                               BG
Ordering Institution     52  :
                               UNCRBGSFXXX
Account with Inst.       57  :
                               BOFAUS3N
Beneficiary Customer    *59  : /325014504866
                               IMMUNOTECH LABORATORIES INC
                               9192 FAIRVIEW AVE SAN GABRIEL
                               SA91775
Remittance Info.         70  : BISNNES
Details of Charges      *71A : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

## 3226100202

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F  01 UNCRBGSFAXXX 2718 026406
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code      103:
                        Bank. Priority    113:
                        Msg User Ref.     108: 13814092553GUN00
                        Validation        119:
Sender's Ref.           *20  : 3226100202
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 130814USD5000,00
Instructed Amount        33B :       USD5000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG OOD
                                UL. NISHAVA 61,VH. A,ET. 3,AP. 6
                                SOFIA,BG
Ordering Institution     52  :
                                UNCRBGSFXXX
Account with Inst.       57  :
                                BOFAUS3N
Beneficiary Customer    *59  : /325014504866
                                IMMUNOTECH LABORATORIES INC
                                919 FAIRVIEW AVE SAN GABRIEL SA
                                91775
Remittance Info.         70  : BUSINESS
Details of Charges      *71A : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

**3246100367**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 2762 051482
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 13903100502GUN01
                          Validation      119:
Sender's Ref.            *20  : 3246100367
Bank Operation Code      *23B : CRED
Settlement Amount        *32A : 130903USD3500,00
Instructed Amount         33B :        USD3500,00
Ordering Customer        *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG
                                 UL. NISHAVA 61,VH.A,ET.3,AP. 6
                                 SOFIA,BG
Ordering Institution      52  :
                                 UNCRBGSFXXX
Account with Inst.        57  :
                                 BOFAUS3N
Beneficiary Customer     *59  : /325014504866
                                 IMMUNOTECH LABORATORIES INC
                                 9192 FAIRVIEW AVE  SAN GABRIEL
                                 SA91775
Remittance Info.          70  : BUSINESS
Details of Charges       *71A : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

**3266100231**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 2784 077138
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code      103:
                        Bank. Priority    113:
                        Msg User Ref.     108: 13923093308GUN01
                        Validation        119:
Sender's Ref.           *20  : 3266100231
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 130923USD4000,00
Instructed Amount        33B :        USD4000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG
                               NISHAVA STR 61A
                               SOFIA
                               BULGARIA
Ordering Institution     52  :
                               UNCRBGSFXXX
Account with Inst.       57  :
                               BOFAUS3N
Beneficiary Customer    *59  : /325014504866
                               IMMUNOTECH LABORATORIES INC
                               9192 FAIRVIEW AVE SAN GABRIEL
                               SA 91775
Remittance Info.         70  : BUSINESS
Details of Charges      *71A : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

## 3268100201

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 2787 080784
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code      103:
                             Bank. Priority    113:
                             Msg User Ref.     108: 13925082807GUL00
                             Validation        119:
Sender's Ref.                *20  : 3268100201
Bank Operation Code          *23B : CRED
Settlement Amount            *32A : 130925USD6000,00
Instructed Amount             33B :        USD6000,00
Ordering Customer            *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG OOD
                                    UL. NISHAVA 61VH. A ET. 3 AP. 6
                                    GR. SOFIYA
                                    BG
Ordering Institution          52  :
                                    UNCRBGSFXXX
Account with Inst.            57  : //FW322271724
                                    CITIBANK  NA
                                    BRANCH 235
                                    2101 N. CENTRAL AVE
                                    GLENDALE CA 91202
Beneficiary Customer         *59  : /203326137
                                    IMMUNOTECH LABORATORIES INC
                                    145 N. SIERA AVE PASADENA SA
                                    91107 USA
Remittance Info.              70  : BISSNES
Details of Charges           *71A : OUR
Trailer
                                    MAC:
                                    CHK: N/A
                                    PDE:
                                    PDM:
                                    DLM:
```

13

**3273101126**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header           F   01 UNCRBGSFAXXX 2794 088175
Application Header     I 103 CHASUS33XXXX N

User Header            Service Code    103:
                       Bank. Priority  113:
                       Msg User Ref.   108: 13930135843GUN02
                       Validation      119:
Sender's Ref.          *20  : 3273101126
Bank Operation Code    *23B : CRED
Settlement Amount      *32A : 130930USD3000,00
Instructed Amount       33B :        USD3000,00
Ordering Customer      *50  : /BG57UNCR70001520786869
                              IMMUNOTEH LABORATORIES BG OOD
                              UL. NISHAVA 61VH. A ET. 3 AP. 6
                              SOFIYA
                              BG
Ordering Institution    52  :
                              UNCRBGSFXXX
Account with Inst.      57  :
                              BOFAUS3N
Beneficiary Customer   *59  : /325014504866
                              IMMUNOTECH  LABORATORIES INC
                              9192 FAIRGVIEW AVE SAN GABRIEL
                              SA 91775
Remittance Info.        70  : BUSINESS
Details of Charges     *71A : OUR
Trailer
                              MAC:
                              CHK: N/A
                              PDE:
                              PDM:
                              DLM:
```

```
3273101127

MT F                            SWIFT Single Customer Credit Transfer

Basic Header             F  01 UNCRBGSFAXXX 2794 088184
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code    103:
                         Bank. Priority  113:
                         Msg User Ref.   108: 13930140554GUN01
                         Validation      119:
Sender's Ref.           *20  : 3273101127
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 130930USD6000,00
Instructed Amount        33B :       USD6000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG
                               NISHAVA STR 61A
                               SOFIA
                               BULGARIA
Ordering Institution     52  :
                               UNCRBGSFXXX
Account with Inst.       57  : //FW322271724
                               CITI BANK NA
                               BRANCH 235
Beneficiary Customer    *59  : /203326137
                               IMMIUNOTECH LABORATORIES INC
                               2101 N CENTRAL AVE GLENDALE
                               CA 91202 USA
Remittance Info.         70  : BUSINESS
Details of Charges      *71A : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

**3282100426**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 2811 101746 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 13A09102244GUN00 |
| | Validation      119: |
| Sender's Ref. | *20  : 3282100426 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 131009USD15000,00 |
| Instructed Amount | 33B  :        USD15000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | UL. NISHAVA 61,VH. A,ET. 3,AP. 6 |
| | SOFIA,BG |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : //FW322271724 |
| | CITIBANK NA |
| | BRANCH 235 |
| | USA |
| Beneficiary Customer | *59  : /203326137 |
| | IMMUNOTECH LABORATORIES INC |
| | 2101 N.CENTRAL AVE GLENDALE |
| | CA 91202 USA |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

## 3308100358

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header          F  01 UNCRBGSFAXXX 2856 136116
Application Header    I 103 CHASUS33XXXX N

User Header           Service Code    103:
                      Bank. Priority  113:
                      Msg User Ref.   108: 13B04090149GUL00
                      Validation      119:
Sender's Ref.         *20  : 3308100358
Bank Operation Code   *23B : CRED
Settlement Amount     *32A : 131104USD3000,00
Instructed Amount      33B :        USD3000,00
Ordering Customer     *50  : /BG57UNCR70001520786869
                             IMMUNOTECH LABORATORIES BG
                             UL. NISHAVA 61VH. A ET. 3 AP. 6
                             SOFIA
                             BG
Ordering Institution   52  :
                             UNCRBGSFXXX
Account with Inst.     57  : //FW026009593
                             BANK OF AMERICA
                             USA
Beneficiary Customer  *59  : /325014504866
                             IMMUNOTECH LABORATORIES INC
                             9192 FAIRVIEW AVE.SAN GABRIEL
                             SA 91775
Remittance Info.       70  : BISNESS
Details of Charges    *71A : OUR
Trailer
                             MAC:
                             CHK: N/A
                             PDE:
                             PDM:
                             DLM:
```

## 3315100360

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 2866 145574
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code     103:
                            Bank. Priority   113:
                            Msg User Ref.    108: 13B11094536GUN02
                            Validation       119:
Sender's Ref.               *20  : 3315100360
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 131112USD50000,00
Instructed Amount            33B :       USD50000,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG OOD
                                    UL. NISHAVA 61VH. A ET. 3 AP. 6
                                    GR. SOFIA
                                    BG
Ordering Institution         52  :
                                    UNCRBGSFXXX
Account with Inst.           57  : //FW322271724
                                    CITI BANK NA
                                    BRANCH 235,USA
Beneficiary Customer        *59  : /203326137
                                    IMMUNOTECH LABORATORIES INC.
                                    2101 N.CETRAL AVE GLENDALE CA 91202
Remittance Info.             70  : CLINICAL TRIAL-INVOICE 103.11.07.2013
Details of Charges          *71A : OUR
Trailer
                                    MAC:
                                    CHK: N/A
                                    PDE:
                                    PDM:
                                    DLM:
```

**3336100253**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header             F   01 UNCRBGSFAXXX 2909 174811
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code    103:
                         Bank. Priority  113:
                         Msg User Ref.   108: 13C02091654GUL03
                         Validation      119:
Sender's Ref.            *20  : 3336100253
Bank Operation Code      *23B : CRED
Settlement Amount        *32A : 131202USD5000,00
Instructed Amount         33B :        USD5000,00
Ordering Customer        *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG OOD
                                 UL. NISHAVA 61VH. A ET. 3 AP. 6
                                 GR. SOFIYA
                                 BG
Ordering Institution      52  :
                                 UNCRBGSFXXX
Account with Inst.        57  : //FW026009593
                                 BANK OF AMERICA N.A.
                                 USA
Beneficiary Customer     *59  : /325014504866
                                 IMMUNOTECH LABORATORIES INC
                                 9192 FAIRVIEW AVE
                                 SAN GABRIEL SA 91775
Remittance Info.          70  : BISSNES
Details of Charges       *71A : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

## 3354100452

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 2940 204291
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 13C20095145GUL01
                          Validation        119:
Sender's Ref.             *20   : 3354100452
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 131220USD1500,00
Instructed Amount          33B  :        USD1500,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG OOD
                                    UL. NISHAVA 61VH. A ET. 3 AP. 6
                                    GR. SOFIYA
                                    BG
Ordering Institution       52  :
                                    UNCRBGSFXXX
Account with Inst.         57  : //FW322271724
                                    CITI BANK NA
                                    BRANCH 235
                                    USA
Beneficiary Customer      *59  : /203326137
                                    IMMUNOTECH LABORATORIES INC.
                                    2101 N CENTRAL AVE GLENDALE
                                    SA 91202 USA
Remittance Info.           70  : BUSINESS
Details of Charges        *71A : OUR
Trailer
                                  MAC:
                                  CHK: N/A
                                  PDE:
                                  PDM:
                                  DLM:
```

## 4007100911

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 2966 221949 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
| | Bank. Priority  113: |
| | Msg User Ref.   108: 14107133950GUN00 |
| | Validation      119: |
| Sender's Ref. | *20  : 4007100911 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 140107USD3000,00 |
| Instructed Amount | 33B :      USD3000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | UL. NISHAVA 61,VH. A,ET. 3,AP. 6 |
| | SOFIA,BG |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : //FW026009593 |
| | BANK OF AMERICA N.A. |
| | USA |
| Beneficiary Customer | *59  : /325014504866 |
| | IMMUNOTECH LABORATORIES INC |
| | 9192 FAIRVIEW AVE.SAN GABRIEL |
| | SA 91775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

1

**4021100389**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F  01 UNCRBGSFAXXX 2997 240468
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code    103:
                        Bank. Priority  113:
                        Msg User Ref.   108: 14121100446GUL01
                        Validation      119:
Sender's Ref.           *20   : 4021100389
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 140121USD5000,00
Instructed Amount        33B  :       USD5000,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG OOD
                                UL. NISHAVA 61VH. A ET. 3 AP. 6
                                GR. SOFIYA
                                BG
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   : //FW322271724
                                CITIBANK NA
                                BRANCH 235
Beneficiary Customer    *59   : /203326137
                                IMMUNOTECH LABORATORIES INC
                                2101 N CENTRAL AVE
                                GLENDALE CA 91202 USA
Remittance Info.         70   : BUSSNES
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

2

## 4034100398

```
MT F                    SWIFT Single Customer Credit Transfer

Basic Header            F  01 UNCRBGSFAXXX 3024 256757
Application Header       I 103 CHASUS33XXXX N

User Header             Service Code    103:
                        Bank. Priority  113:
                        Msg User Ref.   108: 14203110114GUL00
                        Validation      119:
Sender's Ref.           *20  : 4034100398
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 140203USD8000,00
Instructed Amount       33B  :      USD8000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG OOD
                               UL. NISHAVA 61VH. A ET. 3 AP. 6
                               GR. SOFIYA
                               BG
Ordering Institution     52  :
                               UNCRBGSFXXX
Account with Inst.       57  : //FW026009593
                               BANK OF AMERICA
                               USA
Beneficiary Customer    *59  : /325014504866
                               IMMUNOTECH LABORATORIES INC
                               9192 FAIRVIEW AVE SANGABRIEL
                               SA 91775
Remittance Info.         70  : BUSINESS
Details of Charges      *71A : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

**4052100481**

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header             F   01 UNCRBGSFAXXX 3055 282391
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code    103:
                         Bank. Priority  113:
                         Msg User Ref.   108: 14221103306GUN00
                         Validation      119:
Sender's Ref.           *20   : 4052100481
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 140221USD2000,00
Instructed Amount        33B  :      USD2000,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG OOD
                                UL. NISHAVA 61VH. A ET. 3 AP. 6
                                GR. SOFIYA
                                BG
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   : //FW026009593
                                BANK OF AMERICA
                                USA
Beneficiary Customer    *59   : /325014504866
                                IMMUNOTECH LABORATORIES INC
                                9192 FAIRVIEW AVE.SAN GABRIEL
                                SA 91775
Remittance Info.         70   : BUSINESS
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

```
4063100442


MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 3074 294660
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 14304094646GUN00
                          Validation        119:
Sender's Ref.             *20  : 4063100442
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 140304USD3000,00
Instructed Amount         33B  :       USD3000,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG OOD
                                 UL. NISHAVA 61VH. A ET. 3 AP. 6
                                 GR. SOFIYA
                                 BG
Ordering Institution       52  :
                                 UNCRBGSFXXX
Account with Inst.         57  : //FW026009593
                                 BANK OF AMERICA
                                 USA
Beneficiary Customer      *59  : /325014504866
                                 IMMUNOTECH LABORATORIES INC
                                 9192 FAIRVIEW AVE S9N  GABRIEL SA
                                 91775
Remittance Info.           70  : BUSNESS
Details of Charges        *71A : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

5

```
4092100191
```

```
MT F                            SWIFT Single Customer Credit Transfer

Basic Header               F  01 UNCRBGSFAXXX 3116 338694
Application Header          I 103 CHASUS33XXXX N

User Header                Service Code     103:
                           Bank. Priority   113:
                           Msg User Ref.    108: 14402090821GUN01
                           Validation       119:
Sender's Ref.              *20  : 4092100191
Bank Operation Code        *23B : CRED
Settlement Amount          *32A : 140402USD3000,00
Instructed Amount           33B :        USD3000,00
Ordering Customer          *50  : /BG57UNCR70001520786869
                                   IMMUNOTECH LABORATORIES BG
                                   61A NISHAVA STR
                                   SOFIA
                                   BULGARIA
Ordering Institution        52  :
                                   UNCRBGSFXXX
Account with Inst.          57  :
                                   BOFAUS3N
Beneficiary Customer       *59  : /325014504866
                                   IMMUNOTECH LABORATORIES INC
                                   9192 FAIRVIEW AVE
                                   SAN GABRIEL SA 91775
Remittance Info.            70  : BUSINESS
Details of Charges         *71A : OUR
Trailer
                                   MAC:
                                   CHK: N/A
                                   PDE:
                                   PDM:
                                   DLM:
```

6

```
4114100140
```

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 3149 369162
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 14424084104GUN00
                          Validation      119:
Sender's Ref.             *20  : 4114100140
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 140424USD1500,00
Instructed Amount          33B :       USD1500,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG
                                 UL. NISHAVA 61VH. A ET. 3 AP. 6
                                 GR. SOFIYA
                                 BG
Ordering Institution       52  :
                                 UNCRBGSFXXX
Account with Inst.         57  :
                                 BOFAUS3N
Beneficiary Customer      *59  : /325014504866
                                 IMMUNOTECH LABORATORIES INC
                                 9192 FAIRVIEW AVE.
                                 SAN GABRIEL SA 91775
Remittance Info.           70  : BUSINESS
Details of Charges        *71A : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

```
4140100999

MT F                      SWIFT Single Customer Credit Transfer

Basic Header             F  01 UNCRBGSFAXXX 3214 405713
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code    103:
                         Bank. Priority  113:
                         Msg User Ref.   108: 14520131249GUL00
                         Validation      119:
Sender's Ref.            *20  : 4140100999
Bank Operation Code      *23B : CRED
Settlement Amount        *32A : 140520USD3000,00
Instructed Amount         33B :      USD3000,00
Ordering Customer        *50  : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG OOD
                                UL. NISHAVA 61VH. A ET. 3 AP. 6
                                GR. SOFIYA
                                BG
Ordering Institution      52  :
                                UNCRBGSFXXX
Account with Inst.        57  : //FW026009593
                                BANK OF AMERICA
                                USA
Beneficiary Customer     *59  : /325014504866
                                IMMUNOTECH LABORATORIES INC
                                9192 FAIRVIEW AVE.SAN GABRIEL
                                SA 91775
Remittance Info.          70  : BUSINESS
Details of Charges       *71A : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

**4148100557**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 3228 417758
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 14528105647GUN02
                          Validation      119:
Sender's Ref.            *20   : 4148100557
Bank Operation Code      *23B  : CRED
Settlement Amount        *32A  : 140528USD4000,00
Instructed Amount         33B  :       USD4000,00
Ordering Customer        *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG OOD
                                  UL. NISHAVA 61VH. A ET. 3 AP. 6
                                  GR. SOFIYA
                                  BG
Ordering Institution      52   :
                                  UNCRBGSFXXX
Account with Inst.        57   :
                                  BOFAUS3N
Beneficiary Customer     *59   : /325014504866
                                  IMMUNOTECH LABORATORIES INC
                                  9192 FAIRVIEW AVE.SAN GABRIEL
                                  SA 91775
Remittance Info.          70   : BUSINESS
Details of Charges       *71A  : OUR
Trailer
                                  MAC:
                                  CHK: N/A
                                  PDE:
                                  PDM:
                                  DLM:
```

9

```
4153100099
```

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 3236 424081
Application Header           I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 14602082137GUN00
                            Validation      119:
Sender's Ref.               *20   : 4153100099
Bank Operation Code         *23B  : CRED
Settlement Amount           *32A  : 140602USD3000,00
Instructed Amount            33B  :       USD3000,00
Ordering Customer           *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG OOD
                                    UL. NISHAVA 61VH. A ET. 3 AP. 6
                                    GR. SOFIYA
                                    BG
Ordering Institution         52   :
                                    UNCRBGSFXXX
Account with Inst.           57   : //FW026009593
                                    BANK OF AMERICA
                                    USA
Beneficiary Customer        *59   : /325014504866
                                    IMMUNOTECH LABORATORIES INC
                                    9192 FAIRVIEW AVE SAN GABRIEL SA
                                    91775
Remittance Info.             70   : BUSINESS
Details of Charges          *71A  : OUR
Trailer
                                    MAC:
                                    CHK: N/A
                                    PDE:
                                    PDM:
                                    DLM:
```

```
4164100260
```

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 3251 442787
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 14613091709GUN01
                          Validation      119:
Sender's Ref.             *20   : 4164100260
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 140613USD7000,00
Instructed Amount          33B  :      USD7000,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                   IMMUNOTECH LABORATORIES BG
                                   UL. NISHAVA 61VH. A ET. 3 AP. 6
                                   SOFIA
                                   BG
Ordering Institution       52   :
                                   UNCRBGSFXXX
Account with Inst.         57   : //FW026009593
                                   BANK OF AMERICA
                                   USA
Beneficiary Customer      *59   : /325014504866
                                   IMMUNOTECH LABORATORIES INC.
                                   9192 FAIRVIEW AVE.SAN GABRIEL SA
                                   91775
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                   MAC:
                                   CHK: N/A
                                   PDE:
                                   PDM:
                                   DLM:
```

11

**4183100672**

| | |
|---|---|
| | SWIFT Single Customer Credit Transfer |
| MT F | |
| Basic Header | F  01 UNCRBGSFAXXX 3284 473287 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code     103: |
| | Bank. Priority  113: |
| | Msg User Ref.    108: 14702104856GUL00 |
| | Validation      119: |
| Sender's Ref. | *20  : 4183100672 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 140702USD5000,00 |
| Instructed Amount | 33B :      USD5000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | UL. NISHAVA 61VH. A ET. 3 AP. 6 |
| | SOFIA |
| | BG |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : //FW026009593 |
| | BANK OF AMERICA |
| | USA |
| Beneficiary Customer | *59  : /325014504866 |
| | IMMUNOTECH LABORATORIES INC |
| | 9192 FAIRVIEU AVE |
| | SAN GABRIEL SA 91775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

13

**4209100544**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header          F  01 UNCRBGSFAXXX 3330 513986
Application Header     I 103 CHASUS33XXXX N

User Header           Service Code    103:
                      Bank. Priority  113:
                      Msg User Ref.   108: 14728111102GUN00
                      Validation      119:
Sender's Ref.         *20  : 4209100544
Bank Operation Code   *23B : CRED
Settlement Amount     *32A : 140728USD4000,00
Instructed Amount      33B :        USD4000,00
Ordering Customer     *50  : /BG57UNCR70001520786869
                             IMMUNOTECH LABORATORIES BG OOD
                             UL. NISHAVA 61VH. A ET. 3 AP. 6
                             GR. SOFIYA
                             BG
Ordering Institution   52  :
                             UNCRBGSFXXX
Account with Inst.     57  :
                             BOFAUS3N
Beneficiary Customer  *59  : /325016667934
                             IMMUNOTECH LABORATORIES INC
                             FOOTHILL ROSEMEAD 0626
                             344 PASADENA CA 91107
Remittance Info.       70  : BUSSINES
Details of Charges    *71A : OUR
Trailer
                             MAC:
                             CHK: N/A
                             PDE:
                             PDM:
                             DLM:
```

**4237100201**

SWIFT Single Customer Credit Transfer

MT F

| | |
|---|---|
| Basic Header | F   01 UNCRBGSFAXXX 3380 559129 |
| Application Header | I 103 CHASUS33XXXX N |

| User Header | Service Code      103: |
|---|---|
| | Bank. Priority    113: |
| | Msg User Ref.     108: 14825085736GUL01 |
| | Validation        119: |

| | |
|---|---|
| Sender's Ref. | *20  : 4237100201 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 140825USD4000,00 |
| Instructed Amount | 33B  :        USD4000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | NISHAVA STR 61A |
| | SOFIA |
| | BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /325016667934 |
| | IMMUNOTECH LABORATORIES INC |
| | FOOTHILL ROSEMEAD 0626 PASADENA |
| | CZ 91107 3555 FOOTHILL BLVD |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

**4274100306**

```
                              SWIFT Single Customer Credit Transfer
MT F

Basic Header            F  01 UNCRBGSFAXXX 3435 621692
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code      103:
                        Bank. Priority    113:
                        Msg User Ref.     108: 14A01091627GUN02
                        Validation        119:
Sender's Ref.           *20  : 4274100306
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 141001USD3000,00
Instructed Amount        33B :        USD3000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTEH LABORATORIES BG
                               UL. NISHAVA 61VH. A ET. 3 AP. 6
                               GR. SOFIYA
                               BG
Ordering Institution     52  :
                               UNCRBGSFXXX

Account with Inst.       57  :
                               BOFAUS3N

Beneficiary Customer    *59  : /0997404058
                               HARRY ZHABILOV
                               9192 FAIRVIEW AVE. SAN GABRIEL
                               SA91775
Remittance Info.         70  : BUSINESS
Details of Charges      *71A : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

**4307100763**

MT F                                SWIFT Single Customer Credit Transfer

Basic Header           F   01 UNCRBGSFAXXX 3489 676323
Application Header      I 103 CHASUS33XXXX N

User Header            Service Code      103:
                       Bank. Priority    113:
                       Msg User Ref.     108: 14B03110535E0506
                       Validation        119:
Sender's Ref.          *20   : 4307100763
Bank Operation Code    *23B  : CRED
Settlement Amount      *32A  : 141103USD3000,00
Instructed Amount       33B  :       USD3000,00
Ordering Customer      *50   : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG OOD
                               GR. SOFIA UL. NISHAVA 61 VH. A ET.
                               3 AP. 6, BG

Ordering Institution    52   :
                               UNCRBGSFXXX

Account with Inst.      57   :
                               BOFAUS3N

Beneficiary Customer   *59   : /0997404058
                               HARRY HARIEV ZHABILOV 9192 FAIRVIEW
                               AVE. SAN GABRIEL CA 91775

Remittance Info.        70   : BUSINESS
Details of Charges     *71A  : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:

**4316100534**

|  |  |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 3504 693324 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103:<br>Bank. Priority   113:<br>Msg User Ref.    108: 14B12110003E0500<br>Validation      119: |
| Sender's Ref. | *20   : 4316100534 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 141112USD5000,00 |
| Instructed Amount | 33B  :          USD5000,00 |
| Ordering Customer | *50   : /BG57UNCR70001520786869<br>            IMMUNOTECH LABORATORIES BG<br>            SOFIYA UL. NISHAVA 61 VH. A ET. 3 A<br>            P. 6, BG |
| Ordering Institution | 52   :<br>            UNCRBGSFXXX |
| Account with Inst. | 57   : //FW026009593<br>            BANK OF AMERICA 3555 E. FOOTHHILL B<br>            LVD PASADENA CA 91107 |
| Beneficiary Customer | *59   : /0997404058<br>            HARRY HARRIEV ZHABILOV 91192 FAIRVI<br>            EW AVE.SAN GABRIEL CA 91775 |
| Remittance Info. | 70   : BUSSINES |
| Details of Charges | *71A  : OUR |
| Trailer | |
|  | MAC:<br>CHK: N/A<br>PDE:<br>PDM:<br>DLM: |

**4322100739**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 3516 702663 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code     103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 14B18111503E0100 |
| | Validation       119: |
| Sender's Ref. | *20  : 4322100739 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 141118USD2000,00 |
| Instructed Amount | 33B  :      USD2000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG OOD |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BG |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : //FW026009593 |
| | BANK OF AMERICA USA 355 E.FOOTHHILL |
| | BLVD PASARENA CA 91707 |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV ZHABILOV 9192 FAIRVIE |
| | W AVE SAN GABRIEL CA 91775 |
| Remittance Info. | 70  : BUSSINES DIMITAR SAVOV |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

**4346100832**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 3559 748126 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code      103: |
| | Bank. Priority    113: |
| | Msg User Ref.     108: 14C12115750E0100 |
| | Validation        119: |
| Sender's Ref. | *20   : 4346100832 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 141212USD4000,00 |
| Instructed Amount | 33B  :       USD4000,00 |
| Ordering Customer | *50   : /BG57UNCR70001520786869 |
| | IMMUNOTEH LABORATORIES BG OOD |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BG |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARIEV ZHABILOV 9192 FAIRVIEW |
| | AVE SAN GABRIEL CA91775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

23

**5093100680**

```
MT F                    SWIFT Single Customer Credit Transfer

Basic Header           F  01 UNCRBGSFAXXX 3739 934946
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code    103:
                        Bank. Priority  113:
                        Msg User Ref.   108: 15403121006E0300
                        Validation      119:
Sender's Ref.          *20   : 5093100680
Bank Operation Code    *23B  : CRED
Settlement Amount      *32A  : 150403USD2000,00
Instructed Amount       33B  :       USD2000,00
Ordering Customer      *50   : /BG57UNCR70001520786869
                               IMMUNOTEH LABORATORIES BG OOD
                               GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                               3 AP. 6, BG
Ordering Institution    52   :
                               UNCRBGSFXXX
Account with Inst.      57   :
                               BOFAUS3N
Beneficiary Customer   *59   : /325014504866
                               IMMUNOTECH LABORATORIES INC. 9192 F
                               AIRVIEW AVE. SAN GABRIEL SA 91775
Remittance Info.        70   : BUSSINES
Details of Charges     *71A  : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

**5139101437**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 3799 023938 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code     103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 15519140508E0300 |
| | Validation       119: |
| Sender's Ref. | *20   : 5139101437 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 150519USD4000,00 |
| Instructed Amount | 33B   :        USD4000,00 |
| Ordering Customer | *50   : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG OOD |
| | SOFIA UL. NISHAVA 61 VH. A ET. 3 AP |
| | . 6, BG |
| Ordering Institution | 52   : |
| | UNCRBGSFXXX |
| Account with Inst. | 57   : |
| | BOFAUS3N |
| Beneficiary Customer | *59   : /0997404058 |
| | HARRY HARIEV ZHABILOV 9192 FAIRVIEW |
| | AVE .SANN GABRIEL CA 91775 |
| Remittance Info. | 70   : BUSINESS |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

```
5141100191

MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 3801 029354
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code    103:
                              Bank. Priority  113:
                              Msg User Ref.   108: 15521085500E0500
                              Validation      119:
Sender's Ref.                 *20   : 5141100191
Bank Operation Code           *23B  : CRED
Settlement Amount             *32A  : 150521USD3000,00
Instructed Amount              33B  :        USD3000,00
Ordering Customer             *50   : /BG57UNCR70001520786869
                                      IMMUNOTEH LABORATORIES BG
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BG
Ordering Institution           52   :
                                      UNCRBGSFXXX
Account with Inst.             57   : //FW026009593
                                      BANK OF AMERICA FOOTHILL ROSEMEAD B
                                      ANKING CENTER 0626 3555 E FOOTHILL
                                      BLVD. PASADENA CA 91107 USA
Beneficiary Customer          *59   : /0997404058
                                      HARRY HARIEV ZHABILOV 9192 FAIRVIEW
                                      AVE SAN GABRIEL CA 91775
Remittance Info.               70   : BUSINESS
Details of Charges            *71A  : OUR
Trailer
                                      MAC:
                                      CHK: N/A
                                      PDE:
                                      PDM:
                                      DLM:
```

```
5190100898

MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 3872 133010
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 15709124503E0300
                          Validation        119:
Sender's Ref.             *20   : 5190100898
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 150709USD1400,00
Instructed Amount          33B  :       USD1400,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG OOD
                                  SOFIYA UL. NISHAVA 61 VH. A ET. 3 A
                                  P. 6, BG
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRY HARIEV ZHABILOV 9192 FAIRVIEW
                                  AVE. SAN GABRIEL CA 91775 USA
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK: N/A
                                  PDE:
                                  PDM:
                                  DLM:
```

8

**5196100870**

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header             F  01 UNCRBGSFAXXX 3883 146019
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code     103:
                         Bank. Priority   113:
                         Msg User Ref.    108: 15715120503E0700
                         Validation       119:
Sender's Ref.            *20   : 5196100870
Bank Operation Code      *23B  : CRED
Settlement Amount        *32A  : 150715USD1600,00
Instructed Amount         33B  :        USD1600,00
Ordering Customer        *50   : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG OOD
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BG
Ordering Institution      52   :
                                 UNCRBGSFXXX
Account with Inst.        57   :
                                 BOFAUS3N
Beneficiary Customer     *59   : /325016667934
                                 IMMUNOTECH LABORATORIES INC 120 W P
                                 OMONA AVE MONROVIA CA 91016
Remittance Info.          70   : BUSINESS
Details of Charges       *71A  : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

9

```
5244100596
```

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header               F  01 UNCRBGSFAXXX 3953 254010
Application Header         I 103 CHASUS33XXXX N

User Header                Service Code    103:
                           Bank. Priority  113:
                           Msg User Ref.   108: 15901101502E0400
                           Validation      119:
Sender's Ref.              *20  : 5244100596
Bank Operation Code        *23B : CRED
Settlement Amount          *32A : 150901USD4500,00
Instructed Amount           33B :       USD4500,00
Ordering Customer          *50  : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG OOD
                                  SOFIA UL. NISHAVA 61 VH. A ET. 3 AP
                                  . 6, BG
Ordering Institution        52  :
                                  UNCRBGSFXXX
Account with Inst.          57  :
                                  BOFAUS3N
Beneficiary Customer       *59  : /0997404058
                                  HARRY HARRIIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.            70  : BUSSINES, FOR YR. USA B.C.
0626-3555FOOTHHILL BLVD. PASADENA CA 91107
Details of Charges         *71A : OUR
Trailer
                                  MAC:
                                  CHK: N/A
                                  PDE:
                                  PDM:
                                  DLM:
```

**5257101089**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header             F  01 UNCRBGSFAXXX 3974 283680
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code    103:
                         Bank. Priority  113:
                         Msg User Ref.   108: 15914140000E0700
                         Validation      119:
Sender's Ref.           *20  : 5257101089
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 150914USD3000,00
Instructed Amount        33B :      USD3000,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG
                               SOFIA UL. NISHAVA 61 VH. A ET. 3 AP
                               . 6, BG
Ordering Institution     52  :
                               UNCRBGSFXXX
Account with Inst.       57  :
                               BOFAUS3N
Beneficiary Customer    *59  : /325016667934
                               IMMUNOTECH LABORATORIES INC
                               120 W. POMONG  AVE. MONROVIA CA 910
                               16
Remittance Info.         70  : BUSSINES, FOR YR. USA FOOTHILL ROSEMEAD
B.CENTER 0626-3555 E.FOOTHILLBLVD PASADENA CA 91107
Details of Charges      *71A  : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

**5268100864**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 3987 310005 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 15925113006E0400 |
| | Validation       119: |
| Sender's Ref. | *20  : 5268100864 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 150925USD10000,00 |
| Instructed Amount | 33B  :     USD10000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG OOD |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BG |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /325016667934 |
| | IMMUNOTECH LABORATORIES INC |
| | 120 W. POMONA AVE. MONROVIA CA 9101 |
| | 6 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

```
5280100308

MT F                            SWIFT Single Customer Credit Transfer

Basic Header             F   01 UNCRBGSFAXXX 4004 337260
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code     103:
                         Bank. Priority   113:
                         Msg User Ref.    108: 15A07092002E0700
                         Validation       119:
Sender's Ref.            *20  : 5280100308
Bank Operation Code      *23B : CRED
Settlement Amount        *32A : 151007USD2000,00
Instructed Amount         33B :       USD2000,00
Ordering Customer        *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BG
Ordering Institution      52  :
                                 UNCRBGSFXXX
Account with Inst.        57  :
                                 BOFAUS3N
Beneficiary Customer     *59  : /0997404058
                                 HARRY HARRIEV ZHABILOV
                                 9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                 775
Remittance Info.          70  : BUSSINES, FOR YR.B.CENTER 0626 USA3555
E.FOOTHILL BLVD. PASADENA CA 91107
Details of Charges       *71A : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

```
5303101055

MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 4040 390914
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code    103:
                        Bank. Priority  113:
                        Msg User Ref.   108: 15A30124004E0700
                        Validation      119:
Sender's Ref.           *20  : 5303101055
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 151030USD2500,00
Instructed Amount        33B :       USD2500,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG LTD.
                               SOFIA UL. NISHAVA 61 VH. A ET. 3 AP
                               . 6, BG
Ordering Institution     52  :
                               UNCRBGSFXXX
Account with Inst.       57  :
                               BOFAUS3N
Beneficiary Customer    *59  : /0997404058
                               HARRY HARIEV ZHABILOV
                               9192 FAIVIEW AVE SAN GABRIEL CA 917
                               75
Remittance Info.         70  : BUSINESS, FOR YR. USA B.CENTER 06263555
E.FOOTHHILL BLD.PASADENA CA 91107
Details of Charges      *71A : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

## 5309101055

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F   01 UNCRBGSFAXXX 4047 403474
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code      103:
                            Bank. Priority    113:
                            Msg User Ref.     108: 15B05122100E0400
                            Validation        119:
Sender's Ref.               *20  : 5309101055
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 151105USD2000,00
Instructed Amount            33B :      USD2000,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG OOD
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BG
Ordering Institution         52  :
                                    UNCRBGSFXXX
Account with Inst.           57  :
                                    BOFAUS3N
Beneficiary Customer        *59  : /0997404058
                                    HARRY HARIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70  : BUSINESS FOR YR 3555 E. FOOTHILL BLVD.
PASADENA CA 91107
Details of Charges          *71A : OUR
Trailer
                                    MAC:
                                    CHK: N/A
                                    PDE:
                                    PDM:
                                    DLM:
```

16

```
5313100830


MT F                        SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 4055 408805
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 15B09114002E0201
                          Validation      119:
Sender's Ref.             *20  : 5313100830
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 151109USD5000,00
Instructed Amount          33B :      USD5000,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG OOD
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BG
Ordering Institution       52  :
                                  UNCRBGSFXXX
Account with Inst.         57  :
                                  BOFAUS3N
Beneficiary Customer      *59  : /0997404058
                                  HARRY HARIEV ZHABILOV
                                  9192 FAIRVIEW AVE. SAN GABRIEL CA 9
                                  1775
Remittance Info.           70  : BUSINESS
Details of Charges        *71A : OUR
Trailer
                                  MAC:
                                  CHK: N/A
                                  PDE:
                                  PDM:
                                  DLM:
```

**5321100754**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 4071 427114
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code     103:
                            Bank. Priority   113:
                            Msg User Ref.    108: 15B17105513E0400
                            Validation       119:
Sender's Ref.               *20  : 5321100754
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 151117USD2000,00
Instructed Amount            33B :       USD2000,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                   IMMUNOTECH LABORATORIES BG OOD
                                   GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                   3 AP. 6, BG
Ordering Institution         52  :
                                   UNCRBGSFXXX
Account with Inst.           57  :
                                   BOFAUS3N
Beneficiary Customer        *59  : /0997404058
                                   HARRY HARIEV ZHABILOV
                                   9192 FAIRVIEW AVE.SAN GABRIEL CA 91
                                   775
Remittance Info.             70  : BUSINESS
Details of Charges          *71A : OUR
Trailer
                                   MAC:
                                   CHK: N/A
                                   PDE:
                                   PDM:
                                   DLM:
```

5344101267

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header                 F  01 UNCRBGSFAXXX 4099 481876
Application Header           I 103 CHASUS33XXXX N

User Header                  Service Code     103:
                             Bank. Priority   113:
                             Msg User Ref.    108: 15C10135002E0400
                             Validation       119:
Sender's Ref.                *20   : 5344101267
Bank Operation Code          *23B  : CRED
Settlement Amount            *32A  : 151210USD2000,00
Instructed Amount            33B   :       USD2000,00
Ordering Customer            *50   : /BG57UNCR70001520786869
                                      IMMUNOTEH LABORATORIES BG LTD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BG
Ordering Institution         52    :
                                      UNCRBGSFXXX
Account with Inst.           57    :
                                      BOFAUS3N
Beneficiary Customer         *59   : /325016667934
                                      IMMUNOTECH LABORATORIES INC
                                      120 W POMONA AVE MONROVIA CA 91016
Remittance Info.             70    : BUSINESS FOR YR FOOTHILL ROSEMEAD RCENTER
0626 3555 E FOOTHILL BLVD PASADENA CA
Details of Charges           *71A  : OUR
Trailer
                                     MAC:
                                     CHK: N/A
                                     PDE:
                                     PDM:
                                     DLM:
```

**5355100436**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 4115 505621
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code      103:
                        Bank. Priority    113:
                        Msg User Ref.     108: 15C21092506E0400
                        Validation        119:
Sender's Ref.           *20   : 5355100436
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 151221USD5000,00
Instructed Amount        33B  :      USD5000,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTEH LABORATORIES BG OOD
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BG
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   :
                                BOFAUS3N
Beneficiary Customer    *59   : /325016667934
                                IMMUNOTECH LABORATORIES INC
                                120 W POMONA AVE MONROVIA CA 91016
Remittance Info.         70   : BUSINESS FOR ROSEMEAD B CENTER D0626 3555
E FOOTHHILL BLVD PASADENA CA01107
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

**5356100499**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 4116 509582
Application Header           I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 15C22094021E0700
                            Validation      119:
Sender's Ref.               *20  : 5356100499
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 151222USD7500,00
Instructed Amount            33B :       USD7500,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                     IMMUNOTECH LABORATORIES BG
                                     GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                     3 AP. 6, BG
Ordering Institution         52  :
                                     UNCRBGSFXXX
Account with Inst.           57  :
                                     BOFAUS3N
Beneficiary Customer        *59  : /0997404058
                                     HARRY HARRYEV ZHABILOV
                                     9192 FAIZVIEN AVE SAN GABRIEL CA 91
                                     775
Remittance Info.             70  : BUSINESS
Details of Charges          *71A : OUR
Trailer
                                   MAC:
                                   CHK: N/A
                                   PDE:
                                   PDM:
                                   DLM:
```

```
6085101082


MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 4248 726204
Application Header           I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 16325140502E0400
                            Validation      119:
Sender's Ref.               *20   : 6085101082
Bank Operation Code         *23B  : CRED
Settlement Amount           *32A  : 160325USD3600,00
Instructed Amount            33B  :        USD3600,00
Ordering Customer           *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG LTD.
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BG
Ordering Institution         52   :
                                    UNCRBGSFXXX
Account with Inst.           57   :
                                    BOFAUS3N
Beneficiary Customer        *59   : /0997404058
                                    HARRY HARRYEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70   : MUTUAL BUSINESS
Details of Charges          *71A  : OUR
Trailer
                                    MAC:
                                    CHK: N/A
                                    PDE:
                                    PDM:
                                    DLM:
```

3

```
6119101308
```

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 4296 814052
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 16428123005E0500
                            Validation      119:
Sender's Ref.               *20  : 6119101308
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 160428USD4000,00
Instructed Amount            33B :       USD4000,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG LTD
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BG
Ordering Institution         52  :
                                    UNCRBGSFXXX
Account with Inst.           57  :
                                    BOFAUS3N
Beneficiary Customer        *59  : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIZVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70  : BUSINESS
Details of Charges          *71A : OUR
Trailer
                                    MAC:
                                    CHK: N/A
                                    PDE:
                                    PDM:
                                    DLM:
```

4

**6133100666**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F  01 UNCRBGSFAXXX 4314 844924
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code    103:
                        Bank. Priority  113:
                        Msg User Ref.   108: 16512105003E0500
                        Validation      119:
Sender's Ref.           *20  : 6133100666
Bank Operation Code     *23B : CRED
Settlement Amount       *32A : 160512USD1100,00
Instructed Amount        33B :       USD1100,00
Ordering Customer       *50  : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG  LTD.
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BG
Ordering Institution     52  :
                                UNCRBGSFXXX
Account with Inst.       57  :
                                BOFAUS3N
Beneficiary Customer    *59  : /0997404058
                                HARRY HARRIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                775
Remittance Info.         70  : BUSINES
Details of Charges      *71A : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

5

## 6155100470

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F   01 UNCRBGSFAXXX 4350 899292
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code     103:
                              Bank. Priority   113:
                              Msg User Ref.    108: 16603101002E0701
                              Validation       119:
Sender's Ref.                *20    : 6155100470
Bank Operation Code          *23B   : CRED
Settlement Amount            *32A   : 160603USD1200,00
Instructed Amount            33B   :        USD1200,00
Ordering Customer            *50    : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG LTD
                                      SOFIYA UL. NISHAVA 61 VH. A ET. 3 A
                                      P. 6, BG
Ordering Institution          52    :
                                      UNCRBGSFXXX
Account with Inst.            57    :
                                      BOFAUS3N
Beneficiary Customer         *59    : /0997404058
                                      HARRY HARRIEV ZHABILOV
                                      9192 FAIRVIEW AVE SAN CABRIEL CA 91
                                      775
Remittance Info.              70    : BUSINESS
Details of Charges           *71A   : OUR
Trailer
                                      MAC:
                                      CHK: N/A
                                      PDE:
                                      PDM:
                                      DLM:
```

**6172100712**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 4371 937851
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 16620104000E0500
                          Validation      119:
Sender's Ref.             *20  : 6172100712
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 160620USD5000,00
Instructed Amount          33B :       USD5000,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG LTD
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BG
Ordering Institution       52  :
                                 UNCRBGSFXXX
Account with Inst.         57  :
                                 BOFAUS3N
Beneficiary Customer      *59  : /0997404058
                                 HARRY HARRIEV ZHABILOV
                                 9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                 775
Remittance Info.           70  : BUSSINES
Details of Charges        *71A : OUR
Trailer
                                 MAC:
                                 CHK: N/A
                                 PDE:
                                 PDM:
                                 DLM:
```

**6246100779**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 4478 136725 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 16902103002E0101 |
| | Validation      119: |
| Sender's Ref. | *20  : 6246100779 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 160902USD2200,00 |
| Instructed Amount | 33B  :      USD2200,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG LTD |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BG |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV   ZHABILOV |
| | 9192 FAIRVIEN AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSSNES |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

**6274101003**

```
MT F                           SWIFT Single Customer Credit Transfer

Basic Header                   F  01 UNCRBGSFAXXX 4517 206778
Application Header             I 103 CHASUS33XXXX N

User Header                    Service Code    103:
                               Bank. Priority  113:
                               Msg User Ref.   108: 16930123938E0301
                               Validation      119:
Sender's Ref.                  *20  : 6274101003
Bank Operation Code            *23B : CRED
Settlement Amount              *32A : 160930USD3000,00
Instructed Amount              33B  :      USD3000,00
Ordering Customer              *50  : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG LTD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BG

Ordering Institution           52  :
                                      UNCRBGSFXXX

Account with Inst.             57  :
                                      BOFAUS3N
Beneficiary Customer           *59  : /0997404058
                                      HARRY HARRIEV ZHABILOV
                                      9192  FAIRVIEW  AVE SAN GABRIEL CA
                                      91775
Remittance Info.               70  : BUSINESS
Details of Charges             *71A : OUR
Trailer
                                      MAC:
                                      CHK: N/A
                                      PDE:
                                      PDM:
                                      DLM:
```

11

**6299100142**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header           F  01 UNCRBGSFAXXX 4566 267351
Application Header      I 103 CHASUS33XXXX N

User Header            Service Code    103:
                       Bank. Priority  113:
                       Msg User Ref.   108: 16A25074407E0300
                       Validation      119:
Sender's Ref.          *20  : 6299100142
Bank Operation Code    *23B : CRED
Settlement Amount      *32A : 161025USD1100,00
Instructed Amount       33B :     USD1100,00
Ordering Customer      *50  : /BG57UNCR70001520786869
                              IMMUNOTECH LABORATORIES BG LTD
                              GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                              3 AP. 6, BG
Ordering Institution    52  :
                              UNCRBGSFXXX
Account with Inst.      57  :
                              BOFAUS3N
Beneficiary Customer   *59  : /0997404058
                              HARRY HARRIEV ZHABILOV
                              9192 FAIRVIEU AVE SAN GABRIEL CA 91
                              775
Remittance Info.        70  : BUSINESS
Details of Charges     *71A : OUR
Trailer
                              MAC:
                              CHK: N/A
                              PDE:
                              PDM:
                              DLM:
```

**6333100978**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 4615 356933 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
| | Bank. Priority   113: |
| | Msg User Ref.     108: 16B28112335E0600 |
| | Validation       119: |
| Sender's Ref. | *20  : 6333100978 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 161128USD2000,00 |
| Instructed Amount | 33B  :      USD2000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG LTD |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV  ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS FOR B CENTER 10626 3555 |
| EFOOTHHILL BLVD PASADENA CA 91107 | |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

**6337101162**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 4619 374504
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code      103:
                        Bank. Priority    113:
                        Msg User Ref.     108: 16C02115504E0201
                        Validation        119:
Sender's Ref.           *20   : 6337101162
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 161202USD2000,00
Instructed Amount        33B  :       USD2000,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG LTD
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BULGARIA
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   :
                                BOFAUS3N
Beneficiary Customer    *59   : /0997404058
                                HARRY HARRIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                775
Remittance Info.         70   : BUSINESS
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK: N/A
                                PDE:
                                PDM:
                                DLM:
```

14

**6340100856**

|  | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 4629 377738 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
|  | Bank. Priority  113: |
|  | Msg User Ref.   108: 16C05110504E0201 |
|  | Validation     119: |
| Sender's Ref. | *20  : 6340100856 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 161205USD1000,00 |
| Instructed Amount | 33B  :      USD1000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
|  | IMMUNOTECH LABORATORIES BG  LTD |
|  | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
|  | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
|  | UNCRBGSFXXX |
| Account with Inst. | 57  : |
|  | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
|  | HARRY HARRIEV ZHABILOV |
|  | 9192 FAIVIEW AVE SAN GABRIEL CA 917 |
|  | 75 USA |
| Remittance Info. | 70  : BUSSINES |
| Details of Charges | *71A : OUR |
| Trailer |  |
|  | MAC: |
|  | CHK: N/A |
|  | PDE: |
|  | PDM: |
|  | DLM: |

15

**6344101001**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 4640 393786
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 16C09124504E0600
                          Validation      119:
Sender's Ref.             *20  : 6344101001
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 161209USD1200,00
Instructed Amount          33B :      USD1200,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                   IMMUNOTECH LABORATORIES BG LTD
                                   GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                   3 AP. 6, BULGARIA

Ordering Institution       52  :
                                   UNCRBGSFXXX
Account with Inst.         57  :
                                   BOFAUS3N
Beneficiary Customer      *59  : /0997404058
                                   HARRY HARRIEV ZHABILOV
                                   9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                   775
Remittance Info.           70  : BUSINESS
Details of Charges        *71A : OUR
Trailer
                                   MAC:
                                   CHK: N/A
                                   PDE:
                                   PDM:
                                   DLM:
```

## 6354100959

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F   01 UNCRBGSFAXXX 4654 416892 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code      103: |
| | Bank. Priority    113: |
| | Msg User Ref.     108: 16C19111005E0400 |
| | Validation        119: |
| Sender's Ref. | *20   : 6354100959 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 161219USD1600,00 |
| Instructed Amount | 33B  :        USD1600,00 |
| Ordering Customer | *50   : /BG57UNCR70001520786869 |
| | IMMUNOTEH LABORATORIES BG LTD |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52   : |
| | UNCRBGSFXXX |
| Account with Inst. | 57   : |
| | BOFAUS3N |
| Beneficiary Customer | *59   : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE. SAN GABRIEL CA 9 |
| | 1775 |
| Remittance Info. | 70   : BUSSINES |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: N/A |
| | PDE: |
| | PDM: |
| | DLM: |

17

**6358100734**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 4658 435916
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code     103:
                              Bank. Priority   113:
                              Msg User Ref.    108: 16C23104003E0100
                              Validation       119:
Sender's Ref.                *20  : 6358100734
Bank Operation Code          *23B : CRED
Settlement Amount            *32A : 161223USD1000,00
Instructed Amount            33B  :       USD1000,00
Ordering Customer            *50  : /BG57UNCR70001520786869
                                     IMMUNOTECH LABORATORIES BG LTD
                                     GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                     3 AP. 6, BULGARIA

Ordering Institution          52  :
                                     UNCRBGSFXXX

Account with Inst.            57  :
                                     BOFAUS3N
Beneficiary Customer         *59  : /0997404058
                                     HARRY HARRIEV ZHABILOV
                                     9192 FAIRZVIEW AVE SAN GABRIEL CA 9
                                     1775
Remittance Info.              70  : BUSINESS
Details of Charges           *71A : OUR
Trailer
                                     MAC:
                                     CHK: N/A
                                     PDE:
                                     PDM:
                                     DLM:
```

**SWIFT-нотификации по изходящи валутни преводи**

IBAN: BG57UNCR70001520786869, период: 20.01.2017 - 31.12.2019

*При задаване на Branch code се зареждат преводи само от последния ден на избрания период.*

---

**7020100868**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 4692 504224
Application Header             I 103 CHASUS33XXXX N

User Header                   Service Code    103:
                              Bank. Priority  113:
                              Msg User Ref.   108: 17120115504E0600
                              Validation      119:
Sender's Ref.        *20  : 7020100868
Bank Operation Code  *23B : CRED
Settlement Amount    *32A : 170120USD7000,00
Instructed Amount     33B :      USD7000,00
Ordering Customer    *50  : /BG57UNCR70001520786869
                            IMMUNOTECH LABORATORIES BG LTD
                            GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                            3 AP. 6, BULGARIA
Ordering Institution  52  :
                            UNCRBGSFXXX
Account with Inst.    57  :
                            BOFAUS3N
Beneficiary Customer *59  : /0997404058
                            HARRY HARIEV ZHABILOV
                            9192 FAIRVIEW AVE SAN GABRIEL CA 91
                            775
Remittance Info.      70  : BUSINESS
Details of Charges   *71A : OUR
Sender to Receiver Info 72 : /BACS/
Trailer
                            MAC:
                            CHK: N/A
                            PDE:
                            PDM:
                            DLM:
```

1

```
7023101444

MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 4698 507486
Application Header          I 103 CHASUS33XXXX N

User Header                Service Code    103:
                           Bank. Priority  113:
                           Msg User Ref.   108: 17123142003E0500
                           Validation      119:
Sender's Ref.              *20   : 7023101444
Bank Operation Code        *23B  : CRED
Settlement Amount          *32A  : 170123USD4000,00
Instructed Amount           33B  :       USD4000,00
Ordering Customer          *50   : /BG57UNCR70001520786869
                                   IMMUNOTECH LABORATORIES BG LTD
                                   GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                   3 AP. 6, BULGARIA
Ordering Institution        52   :
                                   UNCRBGSFXXX
Account with Inst.          57   :
                                   BOFAUS3N
Beneficiary Customer       *59   : /0997404058
                                   HARRY HARIEN ZHABILOV
                                   9192 E FAIRVIEW SAN GABRIEL CA 9177
                                   5
Remittance Info.            70   : BUSSINES
Details of Charges         *71A  : OUR
Trailer
                                   MAC:
                                   CHK: N/A
                                   PDE:
                                   PDM:
                                   DLM:
```

**7053101055**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 4737 584686
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code     103:
                              Bank. Priority   113:
                              Msg User Ref.    108: 17222125503E0200
                              Validation       119:
Sender's Ref.                 *20   : 7053101055
Bank Operation Code           *23B  : CRED
Settlement Amount             *32A  : 170222USD1300,00
Instructed Amount             33B   :       USD1300,00
Ordering Customer             *50   : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG LTD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BULGARIA
Ordering Institution          52    :
                                      UNCRBGSFXXX
Account with Inst.            57    :
                                      BOFAUS3N
Beneficiary Customer          *59   : /0997404058
                                      HARRY HARRIEV ZHABILOV
                                      9192 FAIRVIEW AVE.SAN GABRIEL CA 91
                                      775 USA
Remittance Info.             70    : BUSSINES
Details of Charges           *71A  : OUR
Trailer
                                      MAC:
                                      CHK: N/A
                                      PDE:
                                      PDM:
                                      DLM:
```

4

**7065101437**

```
MT F                           SWIFT Single Customer Credit Transfer

Basic Header                   F  01 UNCRBGSFAXXX 4756 610902
Application Header             I 103 CHASUS33XXXX N

User Header                   Service Code      103:
                              Bank. Priority    113:
                              Msg User Ref.     108: 17306113502E0100
                              Validation        119:
Sender's Ref.                 *20   : 7065101437
Bank Operation Code           *23B  : CRED
Settlement Amount             *32A  : 170306USD1500,00
Instructed Amount             33B   :        USD1500,00
Ordering Customer             *50   : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG LTD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BULGARIA
Ordering Institution          52    :
                                      UNCRBGSFXXX
Account with Inst.            57    :
                                      BOFAUS3N
Beneficiary Customer         *59    : /0997404058
                                      HARRI HARRIEV ZHABILOV
                                      9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                      775
Remittance Info.              70    : BUSINESS
Details of Charges           *71A   : OUR
Trailer
                                      MAC:
                                      CHK: N/A
                                      PDE:
                                      PDM:
                                      DLM:
```

**7072101106**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header           F  01 UNCRBGSFAXXX 4765 631761
Application Header      I 103 CHASUS33XXXX N

User Header            Service Code     103:
                       Bank. Priority   113:
                       Msg User Ref.    108: 17313115002E0601
                       Validation       119:
Sender's Ref.          *20   : 7072101106
Bank Operation Code    *23B  : CRED
Settlement Amount      *32A  : 170313USD1500,00
Instructed Amount       33B  :       USD1500,00
Ordering Customer      *50   : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG LTD
                               GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                               3 AP. 6, BULGARIA
Ordering Institution    52   :
                               UNCRBGSFXXX
Account with Inst.      57   :
                               BOFAUS3N
Beneficiary Customer   *59   : /0997404058
                               HARRY HARRIEV ZHABILOV
                               9192 FAIRVIEW AVE SAN GABRIEL CA 91
                               775 USA
Remittance Info.        70   : BUSINESS
Details of Charges     *71A  : OUR
Trailer
                               MAC:
                               CHK: N/A
                               PDE:
                               PDM:
                               DLM:
```

6

**7087100861**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 0004 001401
Application Header           I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 17328111003E0400
                            Validation      119:
Sender's Ref.               *20  : 7087100861
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 170328USD1500,00
Instructed Amount            33B :       USD1500,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                   IMMUNOTEH LABORATORIES BG OOD
                                   GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                   3 AP. 6, BULGARIA
Ordering Institution         52  :
                                   UNCRBGSFXXX
Account with Inst.           57  : //FW026009593
                                   BANK OF AMERICA BE CENTER N 0626 35
                                   55 E FOOTHILL BLVD PASADENA CA 9110
                                   7 USA
Beneficiary Customer        *59  : /0997404058
                                   HARRY HARRIEV ZHABILOV
                                   9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                   775
Remittance Info.             70  : BUSINESS
Details of Charges          *71A : OUR
Trailer
                                   MAC:
                                   CHK:
                                   PDE:
                                   PDM:
                                   DLM:
```

## 7100101197

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header                 F  01 UNCRBGSFAXXX 0005 010940
Application Header            I 103 CHASUS33XXXX N

User Header                  Service Code     103:
                             Bank. Priority   113:
                             Msg User Ref.    108: 17410122007E0700
                             Validation       119:
Sender's Ref.                *20  : 7100101197
Bank Operation Code          *23B : CRED
Settlement Amount            *32A : 170410USD1600,00
Instructed Amount            33B  :        USD1600,00
Ordering Customer            *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    SOFIYA UL. NISHAVA 61 VH. A ET. 3 A
                                    P. 6, BULGARIA
Ordering Institution         52  :
                                    UNCRBGSFXXX
Account with Inst.           57  :
                                    BOFAUS3N
Beneficiary Customer         *59  : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70  : BUSINESS
Details of Charges           *71A : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

9

**7117101578**

```
MT F                       SWIFT Single Customer Credit Transfer

Basic Header           F  01 UNCRBGSFAXXX 0007 022802
Application Header      I 103 CHASUS33XXXX N

User Header            Service Code     103:
                       Bank. Priority   113:
                       Msg User Ref.    108: 17427124003E0400
                       Validation       119:
Sender's Ref.          *20  : 7117101578
Bank Operation Code    *23B : CRED
Settlement Amount      *32A : 170427USD1600,00
Instructed Amount       33B :        USD1600,00
Ordering Customer      *50  : /BG57UNCR70001520786869
                               IMMUNOTECH LABORATORIES BG OOD
                               GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                               3 AP. 6, BULGARIA
Ordering Institution    52  :
                               UNCRBGSFXXX
Account with Inst.      57  :
                               BOFAUS3N
Beneficiary Customer   *59  : /0997404058
                               HARRY HARRIEV ZHABILOV
                               9192 FAMILEW AVE SAN GABRIEL CA 917
                               75
Remittance Info.        70  : BUSINESS
Details of Charges     *71A : OUR
Trailer
                               MAC:
                               CHK:
                               PDE:
                               PDM:
                               DLM:
```

## 7131100923

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F   01 UNCRBGSFAXXX 0007 032289
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 17511105505E0300
                            Validation      119:
Sender's Ref.               *20   : 7131100923
Bank Operation Code         *23B  : CRED
Settlement Amount           *32A  : 170511USD1600,00
Instructed Amount            33B  :      USD1600,00
Ordering Customer           *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution         52   :
                                    UNCRBGSFXXX
Account with Inst.           57   :
                                    BOFAUS3N
Beneficiary Customer        *59   : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70   : BUSINESS
Details of Charges          *71A  : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

**7137100781**

```
MT F                           SWIFT Single Customer Credit Transfer

Basic Header             F  01 UNCRBGSFAXXX 0007 036419
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code    103:
                         Bank. Priority  113:
                         Msg User Ref.   108: 17517112003E0101
                         Validation      119:
Sender's Ref.            *20   : 7137100781
Bank Operation Code      *23B  : CRED
Settlement Amount        *32A  : 170517USD1500,00
Instructed Amount        33B  :        USD1500,00
Ordering Customer        *50   : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG OOD
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BULGARIA
Ordering Institution      52  :
                                 UNCRBGSFXXX
Account with Inst.        57  :
                                 BOFAUS3N
Beneficiary Customer     *59   : /0997404058
                                 HARRY HARRIEV ZHABILOV
                                 9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                 775
Remittance Info.          70  : BUSINESS
Details of Charges       *71A  : OUR
Trailer

                                 MAC:
                                 CHK:
                                 PDE:
                                 PDM:
                                 DLM:
```

**7139100898**

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header                 F   01 UNCRBGSFAXXX 0007 038487
Application Header           I 103 CHASUS33XXXX N

User Header                  Service Code      103:
                             Bank. Priority    113:
                             Msg User Ref.      108: 17519115504E0700
                             Validation        119:
Sender's Ref.                *20   : 7139100898
Bank Operation Code          *23B  : CRED
Settlement Amount            *32A  : 170519USD10000,00
Instructed Amount            33B   :       USD10000,00
Ordering Customer            *50   : /BG57UNCR70001520786869
                                     IMMUNOTECH LABORATORIES BG
                                     GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                     3 AP. 6, BULGARIA
Ordering Institution         52    :
                                     UNCRBGSFXXX
Account with Inst.           57    :
                                     BOFAUS3N
Beneficiary Customer         *59   : /0997404058
                                     HARRY HARRIEV ZHABILOV
                                     9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                     775
Remittance Info.             70    : BUSINESS
Details of Charges           *71A  : OUR
Trailer
                                     MAC:
                                     CHK:
                                     PDE:
                                     PDM:
                                     DLM:
```

## 7146100386

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 0008 042440
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 17526092502E0500
                          Validation      119:
Sender's Ref.            *20   : 7146100386
Bank Operation Code      *23B  : CRED
Settlement Amount        *32A  : 170526USD10000,00
Instructed Amount         33B  :      USD10000,00
Ordering Customer        *50   : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG OOD
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BULGARIA
Ordering Institution      52   :
                                 UNCRBGSFXXX
Account with Inst.        57   :
                                 BOFAUS3N
Beneficiary Customer     *59   : /0997404058
                                 HARRY HARRIEV ZHABILOV
                                 9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                 775
Remittance Info.          70   : BUSINESS
Details of Charges       *71A  : OUR
Trailer
                                 MAC:
                                 CHK:
                                 PDE:
                                 PDM:
                                 DLM:
```

**7159100920**

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header             F   01 UNCRBGSFAXXX 0008 051622
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code      103:
                         Bank. Priority    113:
                         Msg User Ref.     108: 17608120001E0100
                         Validation        119:
Sender's Ref.            *20   : 7159100920
Bank Operation Code      *23B  : CRED
Settlement Amount        *32A  : 170608USD10000,00
Instructed Amount         33B  :      USD10000,00
Ordering Customer        *50   : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BULGARIA
Ordering Institution      52   :
                                 UNCRBGSFXXX
Account with Inst.        57   :
                                 BOFAUS3N
Beneficiary Customer     *59   : /0997404058
                                 HARRY HARRIEV ZHABILOV
                                 9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                 775
Remittance Info.          70   : BUSINESS
Details of Charges       *71A  : OUR
Trailer
                                 MAC:
                                 CHK:
                                 PDE:
                                 PDM:
                                 DLM:
```

**7163100410**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0008 053330
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 17612085508E0300
                          Validation        119:
Sender's Ref.             *20   : 7163100410
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 170612USD1500,00
Instructed Amount          33B  :       USD1500,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRY HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL   CA
                                  91775
Remittance Info.           70   : BUSSINES
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

## 7163101182

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 0008 053704
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 17612123501E0400
                          Validation        119:
Sender's Ref.             *20  : 7163101182
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 170612USD1500,00
Instructed Amount          33B :       USD1500,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52  :
                                  UNCRBGSFXXX
Account with Inst.         57  :
                                  BOFAUS3N
Beneficiary Customer      *59  : /0997404058
                                  HARRY HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.           70  : BUSINESS
Details of Charges        *71A : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

## 7191100700

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 0009 073379
Application Header            I 103 CHASUS33XXXX N

User Header                  Service Code     103:
                             Bank. Priority   113:
                             Msg User Ref.    108: 17710103502E0600
                             Validation       119:
Sender's Ref.                *20  : 7191100700
Bank Operation Code          *23B : CRED
Settlement Amount            *32A : 170710USD3100,00
Instructed Amount            33B  :       USD3100,00
Ordering Customer            *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution          52  :
                                    UNCRBGSFXXX
Account with Inst.            57  :
                                    BOFAUS3N
Beneficiary Customer         *59  : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70   : BUSINESS
Details of Charges           *71A : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

18

## 7192100858

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 0009 074420
Application Header      I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 17711103753E0500
                            Validation      119:
Sender's Ref.           *20   : 7192100858
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 170711USD190000,00
Instructed Amount        33B  :       USD190000,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG
                                SOFIYA UL. NISHAVA 61 VH. A ET. 3 A
                                P. 6, BULGARIA
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   :
                                BOFAUS3N
Beneficiary Customer    *59   : /325016667934
                                IMMUNOTECH LABORATORIES INC.
                                120 W.POMONA AVE MONROVIA CA 91016
Remittance Info.         70   : BUSINESS
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK:
                                PDE:
                                PDM:
                                DLM:
```

**7207100697**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0010 085324 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code     103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 17726110005E0101 |
| | Validation       119: |
| Sender's Ref. | *20  : 7207100697 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 170726USD1500,00 |
| Instructed Amount | 33B  :      USD1500,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEI CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

**7234100525**

|  |  |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0011 102806 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
|  | Bank. Priority   113: |
|  | Msg User Ref.   108: 17822102503E0701 |
|  | Validation     119: |
| Sender's Ref. | *20  : 7234100525 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 170822USD1500,00 |
| Instructed Amount | 33B  :     USD1500,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
|  |        IMMUNOTECH LABORATORIES BG OOD |
|  |        SOFIYA UL. NISHAVA 61 VH. A ET. 3 A |
|  |        P. 6, BULGARIA |
| Ordering Institution | 52  : |
|  |        UNCRBGSFXXX |
| Account with Inst. | 57  : |
|  |        BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
|  |        HARRY HARRIEV ZHABILOV |
|  |        9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
|  |        775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer |  |
|  |        MAC: |
|  |        CHK: |
|  |        PDE: |
|  |        PDM: |
|  |        DLM: |

## 7242100859

MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 0011 108359
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.    108: 17830111002E0400
                          Validation       119:
Sender's Ref.             *20  : 7242100859
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 170830USD1500,00
Instructed Amount          33B :        USD1500,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52  :
                                  UNCRBGSFXXX
Account with Inst.         57  : //FW026009593
                                  BANK OF AMERICA B.CENTER  0626 3555
                                  E.FOOTHILL BLVD PASADENA CA 91107
Beneficiary Customer      *59  : /0997404058
                                  HARRY HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.           70  : BUSINESS
Details of Charges        *71A : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:

**7250101541**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0011 113838 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code    103: |
| | Bank. Priority  113: |
| | Msg User Ref.   108: 17907122502E0400 |
| | Validation      119: |
| Sender's Ref. | *20  : 7250101541 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 170907USD3000,00 |
| Instructed Amount | 33B :      USD3000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

24

**7275101327**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0013 130714 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code      103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 17A02122002E0100 |
| | Validation       119: |
| Sender's Ref. | *20  : 7275101327 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 171002USD3000,00 |
| Instructed Amount | 33B  :      USD3000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG OOD |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

**7292100770**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0014 143997 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code      103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 17A19112002E0300 |
| | Validation       119: |
| Sender's Ref. | *20  : 7292100770 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 171019USD3000,00 |
| Instructed Amount | 33B :      USD3000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

## 7310100612

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0015 155858 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code     103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 17B06100008E0700 |
| | Validation       119: |
| Sender's Ref. | *20  : 7310100612 |
| Bank Operation Code | *23B : CRED |
| Settlement Amount | *32A : 171106USD3000,00 |
| Instructed Amount | 33B :       USD3000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

29

## 7326100716

```
MT F                           SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 0017 168206
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code      103:
                        Bank. Priority    113:
                        Msg User Ref.     108: 17B22110501E0500
                        Validation        119:
Sender's Ref.           *20   : 7326100716
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 171122USD3000,00
Instructed Amount        33B  :      USD3000,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BULGARIA

Ordering Institution     52   :
                                UNCRBGSFXXX

Account with Inst.       57   :
                                BOFAUS3N

Beneficiary Customer    *59   : /0997404058
                                HARRY HARRIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                775

Remittance Info.         70   : BUSINESS
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK:
                                PDE:
                                PDM:
                                DLM:
```

**7339101824**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0017 178060 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code      103: |
| | Bank. Priority    113: |
| | Msg User Ref.     108: 17C05143504E0402 |
| | Validation        119: |
| Sender's Ref. | *20   : 7339101824 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 171205USD3000,00 |
| Instructed Amount | 33B   :      USD3000,00 |
| Ordering Customer | *50   : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | SOFIYA UL. NISHAVA 61 VH. A ET. 3 A |
| | P. 6, BULGARIA |
| Ordering Institution | 52   : |
| | UNCRBGSFXXX |
| Account with Inst. | 57   : |
| | BOFAUS3N |
| Beneficiary Customer | *59   : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70   : BUSINESS |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

31

**7356100837**

MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0018 192857
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 17C22104004E0600
                          Validation        119:
Sender's Ref.             *20   : 7356100837
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 171222USD1000,00
Instructed Amount          33B  :       USD1000,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRY HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:

**8010101329**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header             F  01 UNCRBGSFAXXX 0018 202636
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code     103:
                         Bank. Priority   113:
                         Msg User Ref.    108: 18110130001E0400
                         Validation       119:
Sender's Ref.            *20  : 8010101329
Bank Operation Code      *23B : CRED
Settlement Amount        *32A : 180110USD1500,00
Instructed Amount        33B  :       USD1500,00
Ordering Customer        *50  : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BULGARIA
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   :
                                BOFAUS3N
Beneficiary Customer     *59  : /0997404058
                                HARRY HARRIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                775
Remittance Info.         70   : BUSINESS FOR YR. 3555 E.FOOTHILL BLVD
PASADENA CA 91107
Details of Charges       *71A : OUR
Trailer
                                MAC:
                                CHK:
                                PDE:
                                PDM:
                                DLM:
```

```
8022100717
```

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F  01 UNCRBGSFAXXX 0018 210649
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code      103:
                        Bank. Priority    113:
                        Msg User Ref.     108: 18122102504E0700
                        Validation        119:
Sender's Ref.           *20   : 8022100717
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 180122USD1500,00
Instructed Amount        33B  :       USD1500,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BULGARIA
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   :
                                BOFAUS3N
Beneficiary Customer    *59   : /0997404058
                                HARRY HARRIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                775
Remittance Info.         70   : BUSINESS FOR YR. 3555 E.FOOTHILL BLVD
PASADENA CA 91107
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK:
                                PDE:
                                PDM:
                                DLM:
```

**8024100677**

```
MT F                            SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0018 212747
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code     103:
                          Bank. Priority   113:
                          Msg User Ref.    108: 18124114003E0200
                          Validation       119:
Sender's Ref.             *20  : 8024100677
Bank Operation Code       *23B : CRED
Settlement Amount         *32A : 180124USD1500,00
Instructed Amount          33B :      USD1500,00
Ordering Customer         *50  : /BG57UNCR70001520786869
                                   IMMUNOTECH LABORATORIES BG
                                   GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                   3 AP. 6, BULGARIA
Ordering Institution       52  :
                                   UNCRBGSFXXX
Account with Inst.         57  :
                                   BOFAUS3N
Beneficiary Customer      *59  : /0997404058
                                   HARRY HARRIEV ZHABILOV
                                   9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                   775
Remittance Info.           70  : BUSINESS
Details of Charges        *71A : OUR
Trailer
                                   MAC:
                                   CHK:
                                   PDE:
                                   PDM:
                                   DLM:
```

## 8051101386

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0020 232060 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code      103: |
| | Bank. Priority    113: |
| | Msg User Ref.    108: 18220133504E0102 |
| | Validation       119: |
| Sender's Ref. | *20  : 8051101386 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 180220USD3000,00 |
| Instructed Amount | 33B  :      USD3000,00 |
| Ordering Customer | *50  : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59  : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

## 8065101535

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 0021 241627
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code      103:
                              Bank. Priority    113:
                              Msg User Ref.     108: 18306111502E0100
                              Validation        119:
Sender's Ref.                 *20  : 8065101535
Bank Operation Code           *23B : CRED
Settlement Amount             *32A : 180306USD2000,00
Instructed Amount              33B :      USD2000,00
Ordering Customer             *50  : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG OOD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BULGARIA
Ordering Institution           52  :
                                      UNCRBGSFXXX
Account with Inst.             57  :
                                      BOFAUS3N
Beneficiary Customer          *59  : /0997404058
                                      HARRY HARRIEV ZHABILOV
                                      9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                      775
Remittance Info.               70  : BUSINESS
Details of Charges            *71A : OUR
Trailer
                                      MAC:
                                      CHK:
                                      PDE:
                                      PDM:
                                      DLM:
```

**8068101441**

|  |  |
|---|---|
| | SWIFT Single Customer Credit Transfer |
| MT F | |
| Basic Header | F  01 UNCRBGSFAXXX 0021 245278 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code     103: |
| | Bank. Priority   113: |
| | Msg User Ref.    108: 18309133503E0102 |
| | Validation       119: |
| Sender's Ref. | *20   : 8068101441 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 180309USD1500,00 |
| Instructed Amount | 33B   :      USD1500,00 |
| Ordering Customer | *50   : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52  : |
| | UNCRBGSFXXX |
| Account with Inst. | 57  : |
| | BOFAUS3N |
| Beneficiary Customer | *59   : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70  : BUSINESS |
| Details of Charges | *71A : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

**8170100756**

```
MT F                            SWIFT Single Customer Credit Transfer

Basic Header               F   01 UNCRBGSFAXXX 0024 321568
Application Header         I 103 CHASUS33XXXX N

User Header                Service Code     103:
                           Bank. Priority   113:
                           Msg User Ref.    108: 18619111001E0100
                           Validation       119:
Sender's Ref.              *20   : 8170100756
Bank Operation Code        *23B  : CRED
Settlement Amount          *32A  : 180619USD2200,00
Instructed Amount           33B  :        USD2200,00
Ordering Customer          *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution        52   :
                                    UNCRBGSFXXX
Account with Inst.          57   :
                                    BOFAUS3N
Beneficiary Customer       *59   : /0997404058
                                    HARRY HARRIEV  ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.            70   : BUSINESS
Details of Charges         *71A  : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

**8193100905**

| | |
|---|---|
| MT F | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0024 340558 |
| Application Header | I 103 CHASUS33XXXX N |
| User Header | Service Code      103: |
| | Bank. Priority    113: |
| | Msg User Ref.     108: 18712111001E0300 |
| | Validation        119: |
| Sender's Ref. | *20   : 8193100905 |
| Bank Operation Code | *23B  : CRED |
| Settlement Amount | *32A  : 180712USD1200,00 |
| Instructed Amount | 33B   :      USD1200,00 |
| Ordering Customer | *50   : /BG57UNCR70001520786869 |
| | IMMUNOTECH LABORATORIES BG |
| | GR. SOFIYA UL. NISHAVA 61 VH. A ET. |
| | 3 AP. 6, BULGARIA |
| Ordering Institution | 52   : |
| | UNCRBGSFXXX |
| Account with Inst. | 57   : |
| | BOFAUS3N |
| Beneficiary Customer | *59   : /0997404058 |
| | HARRY HARRIEV ZHABILOV |
| | 9192 FAIRVIEW AVE SAN GABRIEL CA 91 |
| | 775 |
| Remittance Info. | 70   : BUSINESS |
| Details of Charges | *71A  : OUR |
| Trailer | |
| | MAC: |
| | CHK: |
| | PDE: |
| | PDM: |
| | DLM: |

**8200100952**

```
MT F                            SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0025 345997
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 18719115502E0401
                          Validation        119:
Sender's Ref.             *20   : 8200100952
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 180719USD1200,00
Instructed Amount          33B  :        USD1200,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRY HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

**8201100555**

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header                 F  01 UNCRBGSFAXXX 0025 346907
Application Header           I 103 CHASUS33XXXX N

User Header                  Service Code     103:
                             Bank. Priority   113:
                             Msg User Ref.    108: 18720100502E0101
                             Validation       119:
Sender's Ref.           *20   : 8201100555
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 180720USD1200,00
Instructed Amount        33B  :         USD1200,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BULGARIA
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   :
                                BOFAUS3N
Beneficiary Customer    *59   : /0997404058
                                HARRY HARRIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                775
Remittance Info.         70   : BUSINESS
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK:
                                PDE:
                                PDM:
                                DLM:
```

**8221100351**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0026 362354
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code     103:
                          Bank. Priority   113:
                          Msg User Ref.    108: 18809085001E0600
                          Validation       119:
Sender's Ref.             *20   : 8221100351
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 180809USD2200,00
Instructed Amount          33B  :       USD2200,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTEH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRY HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABNEL CA 917
                                  75
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

**8236100902**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 0027 373713
Application Header      I 103 CHASUS33XXXX N

User Header            Service Code    103:
                       Bank. Priority  113:
                       Msg User Ref.   108: 18824115501E0400
                       Validation      119:
Sender's Ref.          *20  : 8236100902
Bank Operation Code    *23B : CRED
Settlement Amount      *32A : 180824USD2200,00
Instructed Amount       33B :       USD2200,00
Ordering Customer      *50  : /BG57UNCR70001520786869
                               IMMUNOTEH LABORATORIES BG OOD
                               GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                               3 AP. 6, BULGARIA
Ordering Institution    52  :
                               UNCRBGSFXXX
Account with Inst.      57  :
                               BOFAUS3N
Beneficiary Customer   *59  : /0997404058
                               HARRY HARRIEV ZHABILOV
                               9192 FAIRVIEW AVE SAN GABRIEL CA 91
                               775
Remittance Info.        70  : BUSINESS
Details of Charges     *71A : OUR
Trailer
                               MAC:
                               CHK:
                               PDE:
                               PDM:
                               DLM:
```

```
8261101241
```

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0028 392202
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code     103:
                          Bank. Priority   113:
                          Msg User Ref.    108: 18918115500E0500
                          Validation       119:
Sender's Ref.            *20  : 8261101241
Bank Operation Code      *23B : CRED
Settlement Amount        *32A : 180918USD1000,00
Instructed Amount         33B :        USD1000,00
Ordering Customer        *50  : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BULGARIA
Ordering Institution      52  :
                                 UNCRBGSFXXX
Account with Inst.        57  :
                                 BOFAUS3N
Beneficiary Customer     *59  : /0997404058
                                 HARRY HARRIEV ZHABILOV
                                 9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                 775
Remittance Info.          70  : BUSINESS
Details of Charges       *71A : OUR
Trailer
                                 MAC:
                                 CHK:
                                 PDE:
                                 PDM:
                                 DLM:
```

```
8274100685
```

```
MT F                            SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0029 402125
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 18A01095001E0500
                          Validation        119:
Sender's Ref.             *20   : 8274100685
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 181001USD1200,00
Instructed Amount          33B  :       USD1200,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution       52   :
                                    UNCRBGSFXXX
Account with Inst.         57   :
                                    BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

**8281100353**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 0030 408001
Application Header      I 103 CHASUS33XXXX N

User Header            Service Code     103:
                       Bank. Priority   113:
                       Msg User Ref.    108: 18A08083001E0200
                       Validation       119:
Sender's Ref.          *20  : 8281100353
Bank Operation Code    *23B : CRED
Settlement Amount      *32A : 181009USD2200,00
Instructed Amount       33B :        USD2200,00
Ordering Customer      *50  : /BG57UNCR70001520786869
                              IMMUNOTECH LABORATORIES BG
                              GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                              3 AP. 6, BULGARIA
Ordering Institution    52  :
                              UNCRBGSFXXX
Account with Inst.      57  :
                              BOFAUS3N
Beneficiary Customer   *59  : /0997404058
                              HARRY HARRIEV ZHABILOV
                              9192 FAIRVIEW AVE SAN GABRIEL CA 91
                              775
Remittance Info.        70  : BUSINESS
Details of Charges     *71A : OUR
Trailer
                              MAC:
                              CHK:
                              PDE:
                              PDM:
                              DLM:
```

**8295100372**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 0030 419387
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code     103:
                              Bank. Priority   113:
                              Msg User Ref.    108: 18A22082505E0600
                              Validation       119:
Sender's Ref.                 *20   : 8295100372
Bank Operation Code           *23B  : CRED
Settlement Amount             *32A  : 181022USD1200,00
Instructed Amount              33B  :      USD1200,00
Ordering Customer             *50   : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BULGARIA
Ordering Institution           52   :
                                      UNCRBGSFXXX
Account with Inst.             57   :
                                      BOFAUS3N
Beneficiary Customer          *59   : /0997404058
                                      HARRY HARRIEV ZHABILOV
                                      9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                      775
Remittance Info.               70   : BUSINESS
Details of Charges            *71A  : OUR
Trailer
                                      MAC:
                                      CHK:
                                      PDE:
                                      PDM:
                                      DLM:
```

## 8303100222

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F   01 UNCRBGSFAXXX 0031 426261
Application Header      I 103 CHASUS33XXXX N

User Header             Service Code    103:
                        Bank. Priority  113:
                        Msg User Ref.   108: 18A30082006E0701
                        Validation      119:
Sender's Ref.           *20   : 8303100222
Bank Operation Code     *23B  : CRED
Settlement Amount       *32A  : 181030USD2200,00
Instructed Amount        33B  :        USD2200,00
Ordering Customer       *50   : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BULGARIA
Ordering Institution     52   :
                                UNCRBGSFXXX
Account with Inst.       57   :
                                BOFAUS3N
Beneficiary Customer    *59   : /0997404058
                                HARRY HARRIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                775
Remittance Info.         70   : BUSINESS
Details of Charges      *71A  : OUR
Trailer
                                MAC:
                                CHK:
                                PDE:
                                PDM:
                                DLM:
```

## 8313101527

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 0031 436286
Application Header            I 103 CHASUS33XXXX N

User Header                  Service Code      103:
                             Bank. Priority    113:
                             Msg User Ref.     108: 18B09141007E0701
                             Validation        119:
Sender's Ref.                *20  : 8313101527
Bank Operation Code          *23B : CRED
Settlement Amount            *32A : 181109USD2200,00
Instructed Amount            33B  :        USD2200,00
Ordering Customer            *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution         52   :
                                    UNCRBGSFXXX
Account with Inst.           57   :
                                    BOFAUS3N
Beneficiary Customer         *59  : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70   : BUSINESS
Details of Charges           *71A : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

## 8331101616

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header                 F  01 UNCRBGSFAXXX 0033 444241
Application Header            I 103 CHASUS33XXXX N

User Header                  Service Code     103:
                             Bank. Priority   113:
                             Msg User Ref.    108: 18B27133002E0200
                             Validation       119:
Sender's Ref.                *20  : 8331101616
Bank Operation Code          *23B : CRED
Settlement Amount            *32A : 181127USD3200,00
Instructed Amount            33B  :       USD3200,00
Ordering Customer            *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution         52   :
                                    UNCRBGSFXXX
Account with Inst.           57   :
                                    BOFAUS3N
Beneficiary Customer         *59  : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70   : BUSINESS
Details of Charges           *71A : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

**8337101431**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header             F   01 UNCRBGSFAXXX 0035 448934
Application Header       I 103 CHASUS33XXXX N

User Header              Service Code     103:
                         Bank. Priority   113:
                         Msg User Ref.    108: 18C03124003E0401
                         Validation       119:
Sender's Ref.            *20   : 8337101431
Bank Operation Code      *23B  : CRED
Settlement Amount        *32A  : 181203USD2200,00
Instructed Amount         33B  :        USD2200,00
Ordering Customer        *50   : /BG57UNCR70001520786869
                                 IMMUNOTECH LABORATORIES BG
                                 GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                 3 AP. 6, BULGARIA
Ordering Institution      52   :
                                 UNCRBGSFXXX
Account with Inst.        57   :
                                 BOFAUS3N
Beneficiary Customer     *59   : /0997404058
                                 HARRY HARRIEV ZHABILOV
                                 9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                 775
Remittance Info.          70   : BUSINESS
Details of Charges       *71A  : OUR
Trailer
                                 MAC:
                                 CHK:
                                 PDE:
                                 PDM:
                                 DLM:
```

**8347101165**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0035 459264
Application Header        I 103 CHASUS33XXXX N

User Header               Service Code      103:
                          Bank. Priority    113:
                          Msg User Ref.     108: 18C13114006E0201
                          Validation        119:
Sender's Ref.             *20   : 8347101165
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 181213USD2200,00
Instructed Amount          33B  :      USD2200,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTEH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRY HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

## 8361101405

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header              F   01 UNCRBGSFAXXX 0035 469544
Application Header         I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 18C27110004E0100
                          Validation      119:
Sender's Ref.             *20   : 8361101405
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 181227USD3200,00
Instructed Amount          33B  :        USD3200,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRV HARRIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

**9002100815**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 0035 472636
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code     103:
                            Bank. Priority   113:
                            Msg User Ref.    108: 19102120504E0500
                            Validation       119:
Sender's Ref.              *20   : 9002100815
Bank Operation Code        *23B  : CRED
Settlement Amount          *32A  : 190102USD3200,00
Instructed Amount           33B  :        USD3200,00
Ordering Customer          *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution        52   :
                                    UNCRBGSFXXX
Account with Inst.          57   :
                                    BOFAUS3N
Beneficiary Customer       *59   : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.            70   : BUSINESS
Details of Charges         *71A  : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

**9015101471**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header            F  01 UNCRBGSFAXXX 0035 482654
Application Header      I 103 CHASUS33XXXX N

User Header            Service Code    103:
                       Bank. Priority  113:
                       Msg User Ref.   108: 19115133505E0100
                       Validation      119:
Sender's Ref.          *20  : 9015101471
Bank Operation Code    *23B : CRED
Settlement Amount      *32A : 190115USD3200,00
Instructed Amount       33B :       USD3200,00
Ordering Customer      *50  : /BG57UNCR70001520786869
                             IMMUNOTECH LABORATORIES BG
                             GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                             3 AP. 6, BULGARIA
Ordering Institution    52  :
                             UNCRBGSFXXX
Account with Inst.      57  :
                             BOFAUS3N
Beneficiary Customer   *59  : /0997404058
                             HARRY HARRIEV ZHABIOV
                             9192 FAIRVIEW AVE SAN GABRIEL CA 91
                             775
Remittance Info.        70  : BUSINESS
Details of Charges     *71A : OUR
Trailer
                             MAC:
                             CHK:
                             PDE:
                             PDM:
                             DLM:
```

**9023101076**

```
MT F                         SWIFT Single Customer Credit Transfer

Basic Header                 F   01 UNCRBGSFAXXX 0035 489099
Application Header           I 103 CHASUS33XXXX N

User Header                 Service Code     103:
                            Bank. Priority   113:
                            Msg User Ref.    108: 19123124004E0700
                            Validation       119:
Sender's Ref.               *20  : 9023101076
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 190123USD2700,00
Instructed Amount            33B :        USD2700,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG OOD
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA

Ordering Institution         52  :
                                    UNCRBGSFXXX

Account with Inst.           57  :
                                    BOFAUS3N
Beneficiary Customer        *59  : /0997404058
                                    HARRY HARIEV ZHABILOV
                                    9192 FAIRWIEV AVE SAN GABRIEL CA 91
                                    775
Remittance Info.             70  : BUSSINES
Details of Charges          *71A : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

**9030100974**

```
MT F                      SWIFT Single Customer Credit Transfer

Basic Header              F  01 UNCRBGSFAXXX 0035 494670
Application Header         I 103 CHASUS33XXXX N

User Header               Service Code    103:
                          Bank. Priority  113:
                          Msg User Ref.   108: 19130113003E0101
                          Validation      119:
Sender's Ref.             *20   : 9030100974
Bank Operation Code       *23B  : CRED
Settlement Amount         *32A  : 190130USD3200,00
Instructed Amount          33B  :      USD3200,00
Ordering Customer         *50   : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES LTD.
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution       52   :
                                  UNCRBGSFXXX
Account with Inst.         57   :
                                  BOFAUS3N
Beneficiary Customer      *59   : /0997404058
                                  HARRY HARIEV ZHABILOV
                                  9192 FAIKVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.           70   : BUSINESS
Details of Charges        *71A  : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

## 9039101531

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F   01 UNCRBGSFAXXX 0037 503028
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code      103:
                              Bank. Priority    113:
                              Msg User Ref.     108: 19208143501E0200
                              Validation        119:
Sender's Ref.                *20   : 9039101531
Bank Operation Code          *23B  : CRED
Settlement Amount            *32A  : 190208USD4200,00
Instructed Amount            33B   :        USD4200,00
Ordering Customer            *50   : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG LTDOOD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BULGARIA
Ordering Institution          52   :
                                      UNCRBGSFXXX
Account with Inst.            57    :
                                      BOFAUS3N
Beneficiary Customer         *59   : /0997404058
                                      HARRY HARIEV ZHABILOV
                                      9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                      775
Remittance Info.              70   : BUSINESS
Details of Charges           *71A  : OUR
Trailer
                                      MAC:
                                      CHK:
                                      PDE:
                                      PDM:
                                      DLM:
```

```
9056101351

MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F   01 UNCRBGSFAXXX 0038 514844
Application Header          I 103 CHASUS33XXXX N

User Header                Service Code      103:
                           Bank. Priority    113:
                           Msg User Ref.     108: 19225123505E0701
                           Validation        119:
Sender's Ref.          *20    : 9056101351
Bank Operation Code    *23B   : CRED
Settlement Amount      *32A   : 190225USD2200,00
Instructed Amount       33B   :        USD2200,00
Ordering Customer      *50    : /BG57UNCR70001520786869
                                IMMUNOTECH LABORATORIES BG LTD
                                GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                3 AP. 6, BULGARIA
Ordering Institution    52    :
                                UNCRBGSFXXX
Account with Inst.      57    :
                                BOFAUS3N
Beneficiary Customer   *59    : /0997404058
                                HARRY HARIEV ZHABILOV
                                9192 FAIRVIEW AVE SAN GABRIEL  CA 9
                                1775
Remittance Info.        70    : BUSINESS
Details of Charges     *71A   : OUR
Trailer
                                MAC:
                                CHK:
                                PDE:
                                PDM:
                                DLM:
```

## 9059101938

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 0038 518530
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 19228142001E0700
                            Validation      119:
Sender's Ref.               *20   : 9059101938
Bank Operation Code         *23B  : CRED
Settlement Amount           *32A  : 190228USD3200,00
Instructed Amount           33B   :       USD3200,00
Ordering Customer           *50   : /BG57UNCR70001520786869
                                    IMMUNOTECH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution        52    :
                                    UNCRBGSFXXX
Account with Inst.          57    :
                                    BOFAUS3N
Beneficiary Customer        *59   : /0997404058
                                    HARRY HARRIEV ZHABILOV
                                    9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                    775
Remittance Info.            70    : BUSINESS
Details of Charges          *71A  : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

**9087100757**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F   01 UNCRBGSFAXXX 0039 540577
Application Header             I 103 CHASUS33XXXX N

User Header                   Service Code      103:
                              Bank. Priority    113:
                              Msg User Ref.     108: 19328103503E0302
                              Validation        119:
Sender's Ref.                 *20   : 9087100757
Bank Operation Code           *23B  : CRED
Settlement Amount             *32A  : 190328USD5200,00
Instructed Amount             33B   :        USD5200,00
Ordering Customer             *50   : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG LTD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BULGARIA
Ordering Institution          52    :
                                      UNCRBGSFXXX
Account with Inst.            57    :
                                      BOFAUS3N
Beneficiary Customer          *59   : /0997404058
                                      HARRY HARIEV ZHABILOV
                                      9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                      775
Remittance Info.              70    : BUSINESS
Details of Charges            *71A  : OUR
Trailer
                                      MAC:
                                      CHK:
                                      PDE:
                                      PDM:
                                      DLM:
```

**9098101248**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 0042 548931
Application Header          I 103 CHASUS33XXXX N

User Header                Service Code     103:
                           Bank. Priority   113:
                           Msg User Ref.    108: 19408115506E0700
                           Validation       119:
Sender's Ref.              *20  : 9098101248
Bank Operation Code        *23B : CRED
Settlement Amount          *32A : 190408USD4200,00
Instructed Amount           33B :        USD4200,00
Ordering Customer          *50  : /BG57UNCR70001520786869
                                   IMMUNOTECH LABORATORIES BG LTD.
                                   SOFIA UL. NISHAVA 61 VH. A ET. 3 AP
                                   . 6, BULGARIA
Ordering Institution        52  :
                                   UNCRBGSFXXX
Account with Inst.          57  :
                                   BOFAUS3N
Beneficiary Customer       *59  : /0997404058
                                   HARRY HARIEV ZHABILOV
                                   9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                   775
Remittance Info.            70  : BUSINESS
Details of Charges         *71A : OUR
Trailer
                                   MAC:
                                   CHK:
                                   PDE:
                                   PDM:
                                   DLM:
```

**9098101682**

```
MT F                          SWIFT Single Customer Credit Transfer

Basic Header                  F  01 UNCRBGSFAXXX 0042 549175
Application Header            I 103 CHASUS33XXXX N

User Header                   Service Code      103:
                              Bank. Priority    113:
                              Msg User Ref.     108: 19408133001E0400
                              Validation        119:
Sender's Ref.                *20   : 9098101682
Bank Operation Code          *23B  : CRED
Settlement Amount            *32A  : 190408USD1000,00
Instructed Amount            33B   :       USD1000,00
Ordering Customer            *50   : /BG57UNCR70001520786869
                                      IMMUNOTECH LABORATORIES BG LTD
                                      GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                      3 AP. 6, BULGARIA
Ordering Institution          52   :
                                      UNCRBGSFXXX
Account with Inst.            57   :
                                      BOFAUS3N
Beneficiary Customer         *59   : /0997404058
                                      HARRY HARIEV ZHABILOV
                                      9192 FAIRVIEW AVE. SAN GABRIEL CA 9
                                      1775
Remittance Info.              70   : BUSINESS
Details of Charges           *71A  : OUR
Trailer
                                      MAC:
                                      CHK:
                                      PDE:
                                      PDM:
                                      DLM:
```

**9151100374**

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 0045 589110
Application Header          I 103 CHASUS33XXXX N

User Header                 Service Code    103:
                            Bank. Priority  113:
                            Msg User Ref.   108: 19531092502E0101
                            Validation      119:
Sender's Ref.               *20  : 9151100374
Bank Operation Code         *23B : CRED
Settlement Amount           *32A : 190531USD3200,00
Instructed Amount           33B  :       USD3200,00
Ordering Customer           *50  : /BG57UNCR70001520786869
                                    IMMUNOTEH LABORATORIES BG
                                    GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                    3 AP. 6, BULGARIA
Ordering Institution        52   :
                                    UNCRBGSFXXX
Account with Inst.          57   :
                                    BOFAUS3N
Beneficiary Customer        *59  : /0997404058
                                    HARRY HARIEV ZHABILOV
                                    9192 FAIVIEW ARE SAN GABRIEL C A 91
                                    775
Remittance Info.            70   : BUSINESS
Details of Charges          *71A : OUR
Trailer
                                    MAC:
                                    CHK:
                                    PDE:
                                    PDM:
                                    DLM:
```

## 9157100382

```
MT F                        SWIFT Single Customer Credit Transfer

Basic Header                F  01 UNCRBGSFAXXX 0045 593445
Application Header          I 103 CHASUS33XXXX N

User Header                Service Code      103:
                           Bank. Priority    113:
                           Msg User Ref.     108: 19606090003E0200
                           Validation        119:
Sender's Ref.              *20  : 9157100382
Bank Operation Code        *23B : CRED
Settlement Amount          *32A : 190606USD5200,00
Instructed Amount           33B :        USD5200,00
Ordering Customer          *50  : /BG57UNCR70001520786869
                                  IMMUNOTECH LABORATORIES BG LTD
                                  GR. SOFIYA UL. NISHAVA 61 VH. A ET.
                                  3 AP. 6, BULGARIA
Ordering Institution        52  :
                                  UNCRBGSFXXX
Account with Inst.          57  :
                                  BOFAUS3N
Beneficiary Customer       *59  : /0997404058
                                  HARRY HARIEV ZHABILOV
                                  9192 FAIRVIEW AVE SAN GABRIEL CA 91
                                  775
Remittance Info.            70  : BUSINESS
Details of Charges         *71A : OUR
Trailer
                                  MAC:
                                  CHK:
                                  PDE:
                                  PDM:
                                  DLM:
```

## EXHIBIT C

**SWIFT/SEPA нотификации по изходящи валутни преводи**
IBAN: 70001520786869, branch: 220, период: 11.07.2017

*При задаване на Branch code се зареждат преводи само от последния ден на избрания период.*

---

**7192100858**

| | | |
|---|---|---|
| MT F | | SWIFT Single Customer Credit Transfer |
| Basic Header | F  01 UNCRBGSFAXXX 0009 074420 | |
| Application Header | I 103 CHASUS33XXXX N | |
| User Header | Service Code    103: | |
| | Bank. Priority  113: | |
| | Msg User Ref.   108: 17711103753E0500 | |
| | Validation      119: | |
| Sender's Ref. | *20  : 7192100858 | |
| Bank Operation Code | *23B : CRED | |
| Settlement Amount | *32A : 170711USD190000,00 | |
| Instructed Amount | 33B :      USD190000,00 | |
| Ordering Customer | *50  : /BG57UNCR70001520786869 | |
| | IMMUNOTECH LABORATORIES BG | |
| | SOFIYA UL. NISHAVA 61 VH. A ET. 3 A | |
| | P. 6, BULGARIA | |
| Ordering Institution | 52  : | |
| | UNCRBGSFXXX | |
| Account with Inst. | 57  : | |
| | BOFAUS3N | |
| Beneficiary Customer | *59  : /325016667934 | |
| | IMMUNOTECH LABORATORIES INC. | |
| | 120 W.POMONA AVE MONROVIA CA 91016 | |
| Remittance Info. | 70  : BUSINESS | |
| Details of Charges | *71A : OUR | |
| Trailer | | |
| | MAC: | |
| | CHK: | |
| | PDE: | |
| | PDM: | |
| | DLM: | |

 Gmail

**Dimitar Savov <immunotechlabsbg@gmail.com>**

---

## ITV-1-ImmunH
5 messages

---

**Dimitar Savov** <immunotechlabsbg@gmail.com>                                    Wed, Apr 4, 2018 at 3:57 PM
To: medhat@pyramidlabs.com

Dear Mr. Gorgy,

 My name is Dimitar Savov.I am a President of  the Bulgarian Company Immunotech Laboratories BG LLC (
European union ). I finance the whole project for the medical product ITV-1-ImmunH. In 2013 Pyramid manufactured
a batch of 3000 injections, which was my order and I had paid for them. We conducted a clinical trial in Bulgaria (
European union ) with this batch of 3000 vials.Now you are manufacturing 3 batches of the drug ITV-1-ImmunH, that
include the method validation. Now I am financing the 3 batches, which are manufactured by PYRAMID. Until now, at
the request of Mr. Harry Zhabilov, we are not contacting you directly, but Mr. Zhabilov informs us very chaotic and we
do not know what is happening with the 3 batches and the method validation.
 Also we have transferred in advance to Mr. Zhabilov the amount of $ 190.000, which is 50 % of the value of the 3
batches. I have a doubt that the transferred amount in advance to Pyramid is much smaller.
 Immunotech Laboratories BG LLC ( European Union) is not a subsidiary of the American company Immunotech
Laboratories Inc., as I am a majority owner with 51% ownership in Immunotech Laboratories BG LLC ( European
union ) as an individual.The American company Immunotech Laboratories, Inc. owns 49% and is a minority owner.
 I am ready to pay the remaining 50% to receive both the documentation and the produced drugs from you, but this
will happen once you answer me the following questions:

 - Are the batches produced?
 - Is the method validation ready?
 - What is the remaining amount that I have to pay?
 - How many injections do 3 batches contain?
 - What is the concentration of the active substance in each vial?
 - What is the amount that have been transferred to you in advance?
 - What is the amount, which we have to transfer to finalize the manufacturing?
 - Please send me your bank account to wire the remaining amount.

   After we receive the 3 batches and the Method Validation, we will get permission for mass use in Bulgaria (
European union ). We will continue to manufacture the drug ITV-1-ImmunH in Pyramid, if you want.
We would like to contact you directly for more professional approach to the project.

Best regards
Dimitar Savov
President
Immunotech Laboratories BG LLC ( European union )

---

**Medhat Gorgy** <medhat@pyramidlabs.com>                                    Wed, Apr 4, 2018 at 10:57 PM
To: Dimitar Savov <immunotechlabsbg@gmail.com>

Dear Mr. Savov,

I am very sorry about the confusion. I'll try to explain what we were contracted to do by Harry.

The contract was scoped to be **one** GMP lot encompassing the following activities:

Per our contract, we've completed the following:

- Method Validation
  - HPLC Method Validation

- ○ Centrifuge IQ/OQ
- ○ Procurement of excipients specified by Harry
- ○ Material qualification for one lot of excipients only per client instruction.
- ○ Bioburden Recovery Study
- ○ Sterility Validation B&F

- Procurement of closure components

  Note: 5 mL vials were used for lot CMPLI003-18 (Project CM155) instead of 3 mL vials per agreement with Harry.

- API ID by HPLC

- Manufacturing of one (1) GMP batch
  - ○ Project specific consumables
  - ○ Preparation of batch record
  - ○ Bulk Labeling

- In process Testing
  - ○ In-process pH testing
  - ○ In-process potency testing
  - ○ Bioburden testing

- Finished Product Testing
  - ○ Potency of finished product
  - ○ Appearance of finished product
  - ○ pH of finished product
  - ○ Particulate Matter of finished product
  - ○ Endotoxin testing of finished product
  - ○ Sterility testing of finished product

The only outstanding items per our contract are:

- Material qualification for two more lots of excipients; per instructions from Harry would be done at a later date

- Packaging and Preparation for Domestic Shipment at 2-8$^O$C

Note:    Stability study is **not** part of the scope.

Open items for the current batch:

- Absence of a TSE/BSE statement for the Pepsin. Harry specified to purchase Sigma-Aldrich Pepsin for the production. Sigma-Aldrich do not provide a TSE/BSE statement for Pepsin. They only issue a Certificate of Origin, which stated that cow milk was used during process.

As far as payments, we received $129,000 as the down payment. The total cost in the contract is $332,650. We only purchased 1 lot of 7 excipients as originally instructed by Harry, as listed in the original contract. Therefore, we deducted $52,500 from the original contract. Later, he told us there were more excipients needed, therefore additional cost was needed for purchasing these additional excipients, as indicated in the CO1 document attached.  In summary, the total cost for the contract should be $286,350.

Please see my response below to your specific questions.


I hope the explanations are clear. Let me know if you have any other questions and how you'd like us to proceed.


Best regards,


Medhat


Medhat Gorgy

President and Chief Executive Officer

Tel:  (714) 435-9800 x1600

Fax: (714) 435-4010

www.pyramidlabs.com



**Contract Manufacturing & Analytical Services**


**From:** Dimitar Savov <immunotechlabsbg@gmail.com>
**Sent:** Wednesday, April 4, 2018 5:57 AM
**To:** Medhat Gorgy <medhat@pyramidlabs.com>
**Subject:** ITV-1-ImmunH


Dear Mr. Gorgy,


 My name is Dimitar Savov.I am a President of  the Bulgarian Company Immunotech Laboratories BG LLC ( European union ). I finance the whole project for the medical product ITV-1-ImmunH. In 2013 Pyramid manufactured a batch of 3000 injections, which was my order and I had paid for them. We conducted a clinical trial in Bulgaria ( European union ) with this batch of 3000 vials.Now you are manufacturing 3 batches of the drug ITV-1-ImmunH, that include the method validation. Now I am financing the 3 batches, which are manufactured by PYRAMID. Until now, at the request of Mr. Harry Zhabilov, we are not contacting you directly, but Mr. Zhabilov informs us very chaotic and we do not know what is happening with the 3 batches and the method validation.

 Also we have transferred in advance to Mr. Zhabilov the amount of $ 190.000, which is 50 % of the value of the 3 batches. I have a doubt that the transferred amount in advance to Pyramid is much smaller.

 Immunotech Laboratories BG LLC ( European Union) is not a subsidiary of the American company Immunotech Laboratories Inc., as I am a majority owner with 51% ownership in Immunotech Laboratories BG LLC ( European union ) as an individual.The American company Immunotech Laboratories, Inc. owns 49% and is a minority owner.

 I am ready to pay the remaining 50% to receive both the documentation and the produced drugs from you, but this will happen once you answer me the following questions:


  - Are the batches produced?**[Medhat Gorgy]**  we produced One (1) batch.

  - Is the method validation ready?**[Medhat Gorgy]**  Yes.

- What is the remaining amount that I have to pay?*[Medhat Gorgy]* $157,350

- How many injections do 3 batches contain?*[Medhat Gorgy]* Approximately 7,500 vials were produced for one lot only.

- What is the concentration of the active substance in each vial?*[Medhat Gorgy]* See attached.

- What is the amount that have been transferred to you in advance?*[Medhat Gorgy]* $129,000

- What is the amount, which we have to transfer to finalize the manufacturing?*[Medhat Gorgy]* See above.

- Please send me your bank account to wire the remaining amount.*[Medhat Gorgy]* to follow


  After we receive the 3 batches and the Method Validation, we will get permission for mass use in Bulgaria ( European union ). We will continue to manufacture the drug ITV-1-ImmunH in Pyramid, if you want.

We would like to contact you directly for more professional approach to the project.


Best regards

Dimitar Savov

President

Immunotech Laboratories BG LLC ( European union )


---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

---

**3 attachments**

 **IMMILI100616-CO1 Batch reduction, Beckman visit and Excipient cost.pdf**
317K

**IMMIL100616-01 REV01 FE.PDF**
628K

**MergedReports_AR-18-QD-024940-01[2018220151758]-Logo-merged.pdf**
312K

---

**Dimitar Savov** <immunotechlabsbg@gmail.com>                    Thu, Apr 12, 2018 at 12:36 PM
To: Medhat Gorgy <medhat@pyramidlabs.com>

Dear Mr. Gorgy,

 Thank you for the detailed information about the production of ITV-1-ImmunH per the agreement you signed with Mr. Zhabilov in July 2017.

 Please inform us, when the production will be completely finished and documentary with all the testings: pH, potency, bioburden and  others. After that we are ready to pay the remaining amount of $ 157.350 and to receive the batch with all documentation.
 Before Mr. Zhabilov had informed us that you have QP to release the batch  in London, but then Mr.Zhabilov told us that it wasn't that. So I please you for all questions to contact directly with us, because we have  QP, who is authorized to release the batches and we can do that.

Best regards
Dimitar Savov
President
Immunotech Laboratories BG LLC ( European Union )

[Quoted text hidden]

---

**Medhat Gorgy** <medhat@pyramidlabs.com>                          Fri, Apr 13, 2018 at 1:44 AM
To: Dimitar Savov <immunotechlabsbg@gmail.com>
Cc: Harry Zhabilov <zhabilov@att.net>

Dear Mr. Savov,

Thank you for your reply.  Please note that the current contract is between ImmunoTech USA and PYRAMID
Laboratories, Inc., therefore please channel all communications regarding this project through Mr. Zhabilov.

[Quoted text hidden]

---

**Dimitar Savov** <immunotechlabsbg@gmail.com>                    Fri, Apr 13, 2018 at 3:02 PM
To: Medhat Gorgy <medhat@pyramidlabs.com>
Cc: Harry Zhabilov <zhabilov@att.net>

Dear Mr. Gorgy,

We contacted you directly, not because we want to isolate Mr. Harry Zhabilov , but because the information we
received from him was scarce, and as we found out from your emails- inaccurate as well. I will give you specific
examples:

1. We had ordered Zhabilov 3 lots of 3330 vials and 3 Methods Validation. All The time Zhabilov has informed us that
3 lots with 3 Methods Validation will be manufactured, but it appears that there is 1 lot of 7500 vials.
2. Zhabilov continues to claim that the decision ITV-1-ImmunH to be filled in 5ml vials is yours. You say that the
decision is his. Which is the truth?
3. Before the manufacturing had started, we gave Zhabilov fully information about the requirements of the European
Union for the manufacturing and the Method Validation. I don't know if he has given you this document, which we had
sent him. This was with purpose to avoid mismatches between the American and the European legislation.
4. Zhabilov had informed us before we transferred the down payment that you have QP in London, who can release
the batches. Now he tells us, that we have to pay for QP in America the amount of $ 35.000.
5. Zhabilov has informed us that the remaining amount, which we have to pay is $ 210.000, but it appears that the
amount is $ 157.350.
6.  The shareholders in Bulgaria  and I have invested personal money in shares of the American Company
Immunotech Laboratories Inc. ( Eco-Petroleum Solutions, Inc.?, Enzolytics Inc.?) -  I don't know which company is ?
We hold a controlling package of shares in this company  ( I don't know how to call it ). But as you can see the last
Company Enzolytics, Inc. is with prohibition to trade shares. Although the American Company Immunotech
Laboratories, Inc during 2015, 2016,2017 and 2018 is with a skull and crossbones and   Zhabilov was guilty about
that, we continue to invest in the project so far, for which someone else will not give even $1.

We don't mind you informing Zhabilov, but I would like each correspondence about the project to be with a copy to
us. We will also inform Zhabilov. Due the information described above and that we have lost trust in Zhabilov, the
remaining amount of the project we will pay only to Pyramid directly on the basis of the batch completion protocol
between Pyramid, Zhabilov and the Bulgarian Immunotech Laboratories BG LLC ( European Union ). We are in a
process of clarifying our relationships with Zhabilov, because our confidence in him is seriously impaired. We think
that he doesn't protect shareholders' interests, but because we have invested enough  money, labor and efforts , at
this stage we haven't yet refused to bring the project to present officially  the drug ITV-1-ImmunH on the market in the
European Union and to start the regular manufacturing in the long-term, for which we wish to cooperate with you and
in future.
We think that Zhabilov should dealing with the scientific side, because he doesn't understand from business,
economics and from  the bureaucratic side of the science too.
I think it is my fault that I agreed the agreement to be bilateral between Pyramid and Zhabilov. Each other logic says
that who gives the money i.e we, he must be a party of the agreement.
I would like to inform you that Immunotech Laboratories BG LLC ( European Union ) holds the rights for
manufacturing and distribution of ITV-1-ImmunH in the worldwide, and we have signed agreements for some
countries for the sale of millions vials of ITV-1-ImmunH. So this is a prerequisite for future long-term cooperation with
you.
In conclusion, I would like to tell you that the batch of 3000 vials , which you produced in 2013 for the clinical trial,
was made perfect, at an extremely high level.
It was the reason I chose you again as a manufacturer for our next batches and to work with you.

[Quoted text hidden]

**EXHIBIT D**

UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 75790 / August 28, 2015

ADMINISTRATIVE PROCEEDING
File No. 3-16321

In the Matter of

IMMUNOTECH LABORATORIES, INC.

OPINION OF THE COMMISSION

SECTION 12(k) PROCEEDING

**Suspension of Trading**

Issuer seeks to terminate a trading suspension that was ordered after questions arose regarding the accuracy and adequacy of publicly disseminated information, including with respect to the relationship between the company's business prospects and the Ebola crisis, and possible market manipulation. *Held*, petition to terminate the trading suspension is denied because the Commission remains of the opinion that the public interest and the protection of investors required the trading suspension.

APPEARANCES:

  *Adam S. Tracy*, of Securities Compliance Group, Ltd., for Immunotech Laboratories, Inc.

  *Deena R. Bernstein*, *Amy Gwiazda*, and *Lauchlan Wash*, for the Division of Enforcement.

Petition for termination filed:  December 1, 2014
Last brief received:  February 11, 2015

2

On November 20, 2014, we issued an order temporarily suspending trading in the securities of Immunotech Laboratories, Inc. (IMMB) pursuant to Section 12(k)(1) of the Securities Exchange Act of 1934 (the "Trading Suspension Order").[1]  The Trading Suspension Order stated that "[q]uestions have arisen concerning the accuracy and adequacy of publicly disseminated information," including information about the relationship between Immunotech's "business prospects and the current Ebola crisis."  It went on to say that the "Commission is of the opinion that the public interest and the protection of investors require the suspension of trading" for a period of ten business days.[2]  Immunotech submitted a timely petition to terminate the trading suspension pursuant to Rule of Practice 550.[3]  Because we remain of the opinion that the public interest and the protection of investors required suspension of trading in Immunotech's securities, we deny the petition.

## I.   BACKGROUND

Our recent opinion in *Bravo Enterprises* described the legal framework governing the Commission's trading-suspension authority under Section 12(k)(1) and our practice with respect to the disposition of Rule 550 petitions.[4]  We briefly summarize that discussion here.

Exchange Act Section 12(k)(1) provides that "[i]f in its opinion the public interest and the protection of investors so require, the Commission is authorized by order . . . summarily to suspend trading in any security . . . for a period not exceeding 10 business days."[5]  The text, structure, and legislative history of this provision show that Congress conferred upon us broad discretion in determining when to temporarily suspend trading in a security.[6]  The relevant inquiry is whether we are of the "opinion" that a trading suspension is required in light of "public interest" and "protection of investors" considerations.  We explained in *Bravo Enterprises* that we may suspend trading without determining that an issuer has violated the securities laws.  In particular, we are not required to find that an issuer failed to comply with periodic reporting requirements, committed an antifraud violation, or otherwise engaged in deceptive or manipulative conduct.[7]  Section 12(k)(1) gives us the flexibility to take decisive steps when

---

[1]       15 U.S.C. § 78*l*(k)(1); *Bravo Enters. Ltd.*, Securities Exchange Act Release No. 73650, 2014 WL 6480286, at *1 (Nov. 20, 2014) (press release announcing suspension of trading in securities of four issuers); *Bravo Enters. Ltd.*, 2014 WL 6480308, at *1 (Nov. 20, 2014) (Trading Suspension Order).

[2]       *Bravo Enters.*, 2014 WL 6480308, at *1.

[3]       17 C.F.R. § 201.550.

[4]       *Bravo Enters.*, Exchange Act Release No. 75775, 2015 WL 5047983, at *2-5 (Aug. 27, 2015).

[5]       15 U.S.C. § 78*l*(k)(1).

[6]       *Bravo Enters.*, 2015 WL 5047983, at *2-4.

[7]       *Id.* at *3.

3

necessary to protect investors and the public interest.  Discharging this function will at times require that we act before there has been an opportunity to fully develop information about a situation or while an investigation is ongoing.[8]

Section 12(k)(1)'s trading-suspension authority is an important tool for alerting the public about the Commission's concerns about an issuer, protecting investors against unfair or disorderly markets, and increasing the availability of information in the marketplace.  Consequently, we have found it necessary to suspend trading in a variety of circumstances, which we discussed in *Bravo Enterprises*.[9]  For example, we have suspended trading to protect the public interest and investors when there was a lack of current, adequate, and accurate information about an issuer; when an issuer did not file required periodic reports with the Commission; when we had concerns about the accuracy of publicly available information about the company; and when we had concerns about potential market manipulation or other unusual market activity occurring.[10]  The trading suspension issued by the Commission in this case implicates several of these concerns.

## II.   ANALYSIS

### A.   The Commission will decide the merits of Immunotech's timely Rule 550 petition.

We will consider Immunotech's challenge to the Trading Suspension Order because it timely sought to terminate the suspension pursuant to Rule of Practice 550.[11]  By way of procedural background, on the same day that the Trading Suspension Order was issued, staff of the Division of Enforcement (the "Division") spoke with Adam Tracy, counsel for Immunotech, to describe the Commission's concerns about the accuracy and adequacy of Immunotech's disclosures.  Immunotech timely filed a Rule 550 petition prior to the expiration of the trading suspension.  We then directed the Division to file all of the non-privileged factual information that was before the Commission at the time the Trading Suspension Order was issued.[12]  We also permitted the parties to make additional submissions, which they have done.[13]  Although the

---

[8]    *Id.* at *3-4.

[9]    *Id.* at *3 & nn.14-18, *5 & nn.30-32, 39-41.

[10]   *Id.* at *5 nn.30-32.

[11]   The Division does not dispute that Immunotech is "adversely affected" by the trading suspension within the meaning of Rule 550.

[12]   *Immunotech Labs., Inc.*, Exchange Act Release No. 73899, 2014 WL 7243176, at *1 (Dec. 19, 2014).

[13]   The Division's unopposed motion for leave to file exhibits that it inadvertently failed to attach to its answering brief is granted.  We have determined to resolve the petition without scheduling an in-person hearing.  *See* Rule of Practice 550(b), 17 C.F.R. § 201.550(b) (stating

(footnote continued . . . )

4

trading suspension is no longer in effect, we have the authority to resolve Immunotech's petition on the merits.[14]  Among other things, our decision to address the substance of Immunotech's arguments promotes the development of the record in the event Immunotech seeks judicial review.

> **B.**    **The information before the Commission at the time of the Trading Suspension Order's issuance provided grounds for our opinion that the public interest and the protection of investors required a trading suspension.**

When we issued the Trading Suspension Order, we reviewed the information before us and were of the "opinion that the public interest and the protection of investors require[d] the suspension of trading" in Immunotech's securities given that "[q]uestions ha[d] arisen concerning the accuracy and adequacy of publicly disseminated information, including information about the relationship between the company's business prospects and the current Ebola crisis."[15]

Immunotech is a purported drug company that claims to be developing proteins for therapeutic purposes.  According to Immunotech, its "inactive pepsin fraction" (also called "inactivated pepsin fragment" or "IPF") compound is a "molecule that has a strong affinity to bind with the HIV virus' peptide components."  Immunotech's president and Chief Scientific Officer, Harry Zhabilov, obtained two patents on IPF-based compositions for the prevention and treatment of HIV/AIDS.  The patents were assigned to the Zhabilov Trust, which granted licensing rights to Immunotech.  The company has developed a suspension of IPF called Immune Therapeutic Vaccine-1 ("ITV-1"); it asserts that studies have shown ITV-1 to be effective in the treatment of the HIV/AIDS virus.

Prior to its involvement in the pharmaceutical sector, Immunotech claimed to be developing media products for the marketing and entertainment industries under three different corporate names.  Immunotech, then known as EarthNetMedia, Inc., filed a registration statement with the Commission that became effective in 2001.  Its periodic reporting obligation under Exchange Act Section 15(d) was automatically suspended in January 2002 because there were fewer than 300 record holders of its stock.[16]  Thereafter, it reported on a voluntary basis; its last-filed periodic report with the Commission was a Form 10-K for the fiscal year ended

---

(. . . footnote continued)

that the Commission may schedule a hearing "in its discretion").  No party has requested a hearing and we do not believe holding one would significantly aid our decisional process.  *Bravo Enters.*, 2015 WL 5047983, at *6 & n.51.

[14]      *Id.* at *6; *Accredited Bus. Consolidators Corp.*, Exchange Release No. 73420, 2014 WL 5386875, at *2 n.21 (Oct. 23, 2014).

[15]      *Bravo Enters.*, 2014 WL 6480308, at *1.

[16]      *See* 15 U.S.C. § 78o(d).

December 31, 2009, filed on January 5, 2011.  At the time of the Trading Suspension Order's issuance, Immunotech's common stock was quoted on the OTC Pink marketplace within OTC Link under the symbol "IMMB."[17]  Immunotech posted some corporate information on OTC Link's website, including a document entitled Interim Financial Report for Quarter Ended June 30, 2014.  That report included unaudited financial statements reporting that the company had only one full-time employee (*i.e.*, Zhabilov) and was operating at a loss, had no revenues or cash, and had liabilities of almost $5 million.

At the time we issued the Trading Suspension Order, our opinion that the public interest and the protection of investors required the suspension of trading was based on our consideration of the information summarized below.

1. **Claims regarding Immunotech's negotiations and agreement with the Zimbabwean company, Uldic Investment Pvt. Ltd. ("Uldic")**

Immunotech's October 9, 2014 press release stated that the company had entered into negotiations with Uldic, a Zimbabwean company, to pursue the development of its treatments in Africa.  A subsequent October 21, 2014 press release stated that Immunotech had completed negotiations with Uldic to, among other things, pursue the development of market opportunities related to the "deadly Ebola virus" in Africa and to conduct human clinical trials there.[18]  These statements raised questions because information provided to Division staff by the Zimbabwean Securities and Exchange Commission ("ZSEC") showed that Uldic was a dormant shell company with no operations.

2. **Claims regarding Immunotech's development of market opportunities related to the Ebola virus**

Immunotech's October 21 press release also described the Ebola virus as a "new potential initiative" for Immunotech's IPF-based treatments, including ITV-1.  Immunotech noted that, although its studies had focused on its protein's potential as an HIV/AIDS vaccine, it believed that the compound also could be used as a potential immune-therapeutic drug to treat other infectious diseases.  Contrary to these representations regarding Immunotech's pursuit of Ebola-related market opportunities, it appeared that Immunotech's agreement with the Zhabilov Trust dated March 2, 2006, which was published as an attachment to Immunotech's last Form 10-K filed with the Commission, specifically limited the scope of the licensing rights to "IPF **specific**

---

[17]     OTC Pink is one of three "tiered marketplaces" within OTC Link, which is operated by OTC Markets Group, Inc.  OTC Pink "offers trading in a wide spectrum of equity securities through any broker," and "is for all types of companies that are there by reasons of default, distress or design."  *See generally Positron Corp.*, Exchange Act Release No. 74216, 2015 WL 470454, at *1 & n.1 (Feb. 5, 2015).

[18]     The parties also refer to this document as the October 19 or October 24 press release; it is not disputed that all versions of this press release are substantively the same.

6

to the HIV/AIDS treatment only." (Emphasis in original.) Furthermore, Immunotech's October 2014 press releases omitted information regarding the likelihood of success in applying IPF-based compounds specifically patented as a treatment for HIV/AIDS to the treatment of Ebola or how Immunotech could expect to fund the development given its precarious financial condition.

### 3. Other indicia of a potential market-manipulation scheme, including suspicious trading activity

During the period from August 1, 2014 through October 21, 2014, Immunotech was the subject of nineteen penny-stock touts identified by Division staff. Moreover, Immunotech's October 21 press release—which, as discussed above, announced the completion of Immunotech's negotiations with Uldic to pursue Ebola-related market opportunities in Africa—coincided with a 52% increase in Immunotech's share price from $0.0046 per share to $0.007 per share. Its trading volume rose sharply from 1.4 million shares to 28.5 million shares, an increase of more than 1,800%.

### C. Immunotech's Rule 550 petition does not establish an entitlement to relief.

Immunotech contends that the trading suspension was not in the public interest and was unnecessary for the protection of investors. Upon review of the information and arguments in the petition and briefs, we remain of the opinion that the public interest and the protection of investors required the suspension of trading pursuant to Section 12(k)(1) of the Exchange Act. We address Immunotech's factual arguments before turning to its legal ones.

### 1. Immunotech's challenges to the factual basis of the trading suspension are without merit.

According to Immunotech, its October 9 and October 21 press releases were not misleading and there was no evidence of manipulative trading. We find these contentions to be without merit and conclude, as we did when we suspended trading, that there was an absence of sufficient public information to permit informed investment decisions regarding Immunotech and that there was the appearance of possible manipulative activity in the market for its security.

#### a) *Claims regarding Immunotech's negotiations and agreement with Uldic*

Immunotech asserts that it accurately described its contractual relationship with Uldic in its October 2014 press releases. It submits a contract with Uldic dated October 1, 2014, pursuant to which Uldic was to develop market opportunities for Immunotech's "Medicine" (defined as IPF compounds for the "treatment of HIV/AIDS[] and HEPATITIS C") and negotiate with

institutions "connected with promotion, distribution[,] and . . . . sales of the Medicine."[19]
Immunotech contends that it "hasn't any reason to believe that Uldic" was a shell corporation,
although it acknowledges that it did not take any steps to "ensure [Uldic's] corporate status."  It
posits that whether or not Uldic is a shell is immaterial because Uldic is owned by an individual
named Borislav Boynov, who supposedly has decades of experience in Africa acting as a local
representative to drug companies as well as longstanding business ties with Zhabilov.[20]
Immunotech claims that it is "Boynov, not the corporate shell[,] . . . . that makes the agreement
relevant and of commercial viability."

　　　We find Immunotech's arguments unpersuasive and conclude, as we did when we issued
the Trading Suspension Order, that the company did not accurately depict its Ebola-related
business prospects in relation to its dealings with Uldic.  Notably, Immunotech does not deny
that Uldic is a shell company;[21] rather, it believes that status is irrelevant because of the supposed
relationship between Immunotech's owner and Uldic's owner.  But as the U.S. Supreme Court
has reiterated on many occasions, a "basic tenet" of corporate law is that "the corporation and its
shareholders are distinct entities."[22]  A reasonable investor would consider an agreement
between two *companies* very different from an agreement between the companies' *owners* in
terms of the duties, obligations, and liabilities of the parties.  Further, the October 1 contract is
limited to Immunotech's HIV/AIDS and/or Hepatitis C treatments and by its terms does not
embrace the *Ebola*-related market opportunities touted in Immunotech's October 21 press
release.[23]  Moreover, although the press release stated that Immunotech would work with Uldic
to conduct human clinical trials, such activities appear to be beyond the scope of the October 1
contract.  The contract requires Uldic to "contact[]" and "enter[] into" negotiations with, *inter*

---

[19]　　　The October 1 date of this contract is anomalous, given that Immunotech's later October
9 press release stated that it had entered into *negotiations* with Uldic.

[20]　　　Immunotech asserts that Uldic assisted in the negotiation of a preliminary agreement
between Immunotech and a company called Synexa Laboratories.  This purported "agreement" is
attached as an exhibit to the opening brief.  It is a one-page, unauthenticated letter dated
November 10, 2014 that is addressed "to whom it may concern" and that commits neither
Immunotech nor Synexa to any concrete steps.

[21]　　　According to the Division, documentation provided from the Zimbabwean Registrar of
Companies via the ZSEC shows that Uldic had no returns as of its last-filed report (2009).

[22]　　　*E.g.*, *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003).

[23]　　　For purposes of discussion, we have assumed that the contract is authentic and genuine.
We observe, though, that it is implausible on its face.  *See, e.g.*, *Anthony Fields*, Exchange Act
Release No. 74344, 2015 WL 728005, at *13, 15 & n.93 (Feb. 20, 2015) (discounting purported
agreements whose terms were nonsensical and absurd).  For example, Immunotech does not
explain how Uldic, a Zimbabwean shell corporation, could create a distribution network in the
regions—*e.g.*, Australia, New Zealand, a half dozen countries in Africa, and several island
nations in the Indian Ocean—that the contract defines as Uldic's exclusive territory.

8

*alia*, "clinical research centres" to "promote" Immunotech's products and "develop[e] demand"—not plan for clinical trials.

> b)     *Claims regarding Immunotech's development of market opportunities related to the Ebola virus*

Immunotech next argues that we misconstrued its October 21 press release, which it contends merely stated the company's intent to "embark upon further research concerning the applicability of [IPF] technology to the Ebola virus," not that the company had already tested IPF-based therapies on Ebola patients or that it had an effective treatment for Ebola. Immunotech also asserts that its statements about the *potential* utility of IPF-based therapies were well founded, because research supposedly indicates that such therapies can be useful in treating diseases such as HIV/AIDS and Hepatitis C.[24]  It asserts that IPF has been shown in tests to bind with "glycoproteins" located on the surface of the HIV virus, and that because the Ebola virus "also has glycoproteins on its surface," Immunotech "believes that IPF would work in the same manner."

We reject Immunotech's attempt to characterize its prior statements as merely announcing a general intent to conduct "further research" about the potential use of IPF in the Ebola crisis.  Its October 21 press release declared that the company had "completed negotiations with Uldic" to "pursue the development of *market opportunities* related to the deadly Ebola virus."  The press release went on to say that "experimental *treatments* are permitted" in parts of Africa, and that, "with the Ebola outbreak, Immunotech expects that it can *market* its treatment for infectious diseases."  A potential investor reading the press release would reasonably have believed that Immunotech had an IPF-based treatment for Ebola ready to market in Africa— something that Immunotech itself concedes is not the case.

Immunotech also argues that our concerns regarding the scope of Immunotech's license to use the IPF patents were unwarranted.  Immunotech acknowledges that its March 2006 licensing agreement with the Zhabilov Trust was limited to "HIV/AIDS treatments only," whereas its October 21 press release stated that it was developing market opportunities with respect to Ebola.  It tries to explain away this discrepancy by asserting that the licensing agreement was later amended on September 22, 2014 to cover "all infectious diseases."[25]  Yet

---

[24]     Searches on the Westlaw databases ALLNEWSPLUS and JLR for the search terms ("inactiv! pepsin! fraction!" or "inactiv! pepsin! fragment!"), and similar searches on PubMed and Google Scholar, did not return any published research from outside parties.

[25]     We need not pursue evidence concerning whether the amendment is authentic. Statements by Immunotech that post-date the purported amendment do not corroborate its existence.  On November 14, 2014, Immunotech published on OTC Link's website its Quarter End Report for the Quarter and Nine Month Period Ended September 30, 2014.  That document states, under the heading "Business information," that Immunotech has "full indefinite licensing rights of the Irreversible Pepsin Fraction (IPF) peptide molecule for the *specific treatment of the*

(footnote continued . . . )

9

Immunotech does not claim that this amendment was publicly available when it issued the October 2014 press releases or when we suspended trading in November 2014. Thus, at the time of the suspension, the information available to potential investors was, at best, contradictory and confused. Even assuming *arguendo* that the press releases' representations about the scope of Immunotech's IPF license were technically true when made, our judgment that a trading suspension is necessary need not, as we detailed in *Bravo Enterprises*, rest on conclusive proof that any specific statement was in fact false or materially misleading.[26] To the contrary, we appropriately may suspend trading when we are of the opinion that the public interest and investor protection make such action necessary; that opinion may be informed by concerns regarding the accuracy and adequacy of publicly disseminated information about an issuer, which manifestly were present here.

Indeed, Immunotech's subsequent disclosure of the September 22 amendment shows how the trading suspension advanced the public interest. We considered a closely analogous situation in *Bravo Enterprises*, and what we said there is equally apt here:

> [P]artial corrective disclosures, which occurred only after the Trading Suspension Order's issuance[,] . . . further support[] our determination . . . . By promoting the public dissemination of accurate information, the trading suspension advanced the public interest and the protection of investors.[27]

In short, far from demonstrating that a trading suspension was unwarranted, Immunotech's arguments to us with respect to its October 2014 press releases reinforce and confirm our opinion that a trading suspension was necessary in the public interest and for the protection of investors.

c)   *Other indicia of a potential market-manipulation scheme, including suspicious trading activity*

Finally, Immunotech maintains that our concerns about potential market manipulation do not support the trading suspension. It advances three arguments on this front, each of which we find to be without merit.

*First*, Immunotech claims that it is unaware of the identity of the 19 penny-stock touts identified by Division staff. But it does not deny that its stock has been the subject of touting

---

( . . . footnote continued)

*HIV/AIDS indication*." *See* http://www.otcmarkets.com/financialReportViewer?symbol=IMMB&id=129099 (all websites last visited August 28, 2015 unless otherwise indicated). Nor is there any mention of the purported amendment under the heading "Subsequent Events" in that document. *Id.*

26      *Bravo Enters.*, 2015 WL 5047983, at *6, 11.

27      *Id.* at *9.

activity.  We reject Immunotech's contention that we are required to find that Immunotech itself "engaged in a scheme to manipulate the stock price" in violation of the securities laws.  As we explained in *Bravo Enterprises*, Section 12(k)(1) empowers us to suspend trading if we are of the opinion that the public interest and the protection of investors requires it.[28]  The Commission need not establish a predicate statutory or regulatory violation and in particular it need not find that the issuer or those affiliated with it engaged in, or was responsible for, market manipulation.[29]  Regardless of the culpable party, potentially manipulative or deceptive trading implicates the public interest and our objective to maintain fair and orderly markets in which investors can make informed investment decisions.

*Second*, Immunotech claims that the 52% increase in its share price and volume on October 21 is immaterial because, according to Immunotech, it issued the press release announcing its pursuit of Ebola-related market opportunities three days later, on October 24.  But contrary to Immunotech's asserted chronology, Immunotech provided the press release to OTC Link's OTC Disclosure and News Service and issued the press release in question on October 21.[30]  Moreover, Immunotech's Quarter End Report for the Quarter and Nine Month Period Ended September 30, 2014 published on OTC Link's website states that "[o]n *October 21, 2014* the Company announced it had successfully completed negotiations with Uldic."[31]  Thus, the dramatic price and volume spikes that occurred on October 21 in fact coincided with Immunotech's dissemination of information regarding how the Ebola crisis could improve its business prospects.  This is indicative of possible manipulative activity in the market for Immunotech's securities.

*Third*, Immunotech contends that its press releases were accurate, and that, as a result, it cannot be held accountable for "increased volume and share price" caused by the announcement of *truthful*, "favorable news."  This argument fails because the October 2014 press releases contained statements regarding the company's Ebola-related business prospects that, in our view, appeared to be misleading.

## 2.    Immunotech's legal arguments are without merit.

Immunotech also argues that we considered inadmissible evidence and failed to take into account the harm to its investors.  We reject these arguments as well.

---

[28]    *Id.* at *2.

[29]    *Id.* at *3 & n.16; *see also id.* at *11.

[30]    *See* http://www.otcmarkets.com/stock/IMMB/news/Immunotech-Laboratories--Inc--Enters-into-Agreement-to-Market-Potential-Ebola-Virus-Disease---ldquo-EVD-rdquo---Treatment-and-Implement-Strategy-for-Company-s-ITV-1-Infectious-Diseases-Treatment-in-Africa?id=89899&b=y.

[31]    *See* http://www.otcmarkets.com/financialReportViewer?symbol=IMMB&id=129099 (emphasis added).

11

*a)     Immunotech's evidentiary objections are meritless.*

Immunotech challenges an affidavit filed with the Division's answering brief (the "Second Affidavit").  It argues that the Second Affidavit should not be considered by the Commission for three reasons:  (i) it makes incorrect and unsound claims about the scientific validity of Immunotech's technology; (ii) it is "self-serving"; and (iii) it does not establish the basis for the affiant's knowledge of matters at issue.  The first of these contentions is beside the point, while the second and third are, in our view, unpersuasive.

*i.*     The Second Affidavit states that counsel for the Division reviewed referrals from the Financial Industry Regulatory Authority ("FINRA"), which in turn summarize conversations between Zhabilov and FINRA staff.  According to the Second Affidavit, the summary in the referral states that Zhabilov told FINRA staff about a number of deficiencies in Immunotech's human studies concerning the efficacy of IPF-based therapies for the treatment of HIV/AIDS.  Immunotech asserts that Zhabilov's remarks were misunderstood and that, in any event, the Trading Suspension Order was premised on Immunotech's "activities relating to the Ebola virus, not . . . AIDS."  It also argues that counsel for the Division lacks a "scientific basis" for challenging the "overall validity" for Immunotech's IPF-based technologies as they relate to Ebola.

We deem irrelevant Immunotech's assertion that the Division has not set forth a "scientific basis" for questioning its claims.  We did not premise the Trading Suspension Order on an assessment of the effectiveness of Immunotech's IPF-based therapies or the truth of its theories about glycoproteins, Ebola, or the like.  And our decision to deny Immunotech's Rule 550 petition likewise is not based on an evaluation of any scientific issues.[32]  Rather, even taken at face value and on their own terms, Immunotech's statements about, *inter alia*, the scope of its licensing agreement and its dealings with Uldic are and were inconsistent with Immunotech's other submissions and filings.  Standing alone, these discrepancies supported our concerns about the accuracy and adequacy of publicly disseminated information regarding Immunotech's Ebola-related business prospects and justify our continued opinion that a trading suspension was necessary in the public interest and for the protection of investors.

*ii.*     Immunotech next errs in arguing that "self-serving" affidavits categorically must be disregarded by the Commission in resolving a Rule 550 petition.  We recognize that "declarations are often self-serving, and this is properly so because the party submitting it would use the declaration to support his or her position."[33]  But the "self-serving" nature of an affidavit

---

[32]     We make explicit that we have not relied upon the third paragraph of the Second Affidavit in determining this matter.

[33]     *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015); *see, e.g.*, *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 441 n.7 (5th Cir. 2013); *Hill v. Tangherlini*, 724 F.3d 965, 967-68 & n. 1 (7th Cir. 2013).

12

will not automatically render it insufficient, so long as it relates concrete facts and not merely conclusory assertions.[34]  As in other contexts, we carefully consider the relevance, materiality, and reliability of evidence in determining the weight to be afforded it.[35]  So the identity of an affiant and the timing and circumstances of an affidavit's preparation all bear on the weight we give it.[36]  We believe that the Second Affidavit is relevant, material, and reliable and we therefore reject Immunotech's characterization of the Second Affidavit as an "artifice" or "ruse" devoid of "any evidentiary value."

   *iii.*   Lastly, Immunotech criticizes the Second Affidavit as containing averments outside of the affiant's personal knowledge.  The affidavit states that counsel for the Division reviewed corporate documents provided by the ZSEC supporting the conclusion that Uldic was a shell company without annual returns.  It also states that Division counsel was unable to locate any public references to Immunotech's purported amendment of its licensing agreement with the Zhabilov Trust.[37]  We see no merit in Immunotech's objection to these statements.  As we held in *Bravo Enterprises*, Rule of Practice 550(b) provides that we may resolve such petitions "'on the facts presented in the petition and *any other relevant facts known to the Commission*.'"[38]  This provision authorizes us to consider information relayed through another person, such as a regulatory authority, subject again to the proviso that we consider the relevance, materiality, and reliability of evidence in determining what weight to give it.[39]  Here, no reason has been provided to doubt the relevance, materiality, or reliability of the Second Affidavit's statements regarding Uldic's status as a shell company or how the license amendment was not publicly

---

[34]      *See, e.g.*, *Nigro*, 184 F.3d at 497-98; *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 459-60 & n.1 (7th Cir. 2014).

[35]      *See, e.g.*, *Bravo Enters.*, 2015 WL 5047983, at *12.

[36]      *E.g.*, *Nigro*, 784 F.3d at 497; *Continental Cas. Co. v. Sycamore Springs Homeowners Ass'n, Inc.*, 652 F.3d 804, 806 (7th Cir. 2011); *Nelson v. City of Davis*, 571 F.3d 924, 929 n.2 (9th Cir. 2009); *cf. Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (self-serving affidavit that seeks to contradict prior, sworn testimony without explaining the disparity may be disregarded); *SEC v. Silverman*, 328 F. App'x 601, 605 (11th Cir. 2009) (ordering disgorgement where defendant submitted "no documentary evidence supporting their conclusory and self-serving affidavits" stating that their ill-gotten gains were lost); *Zheng v. Mukasey*, 546 U.S. 70, 72 (1st Cir. 2008) (similar).

[37]      Immunotech also challenges on hearsay grounds the Second Affidavit's statements regarding the FINRA referrals and Immunotech's HIV/AIDS trials.  Because we have not considered these portions of the affidavit, we do not address this challenge.  *See supra* note 32.

[38]      *Bravo Enters.*, 2015 WL 5047983, at *11 (quoting 17 C.F.R. § 201.550(b) (emphasis added)).

[39]      *Id.* at *11-12.

available.[40]  Immunotech did not dispute the correctness of these statements, even though any evidence to the contrary—assuming it existed—readily would have been available to Immunotech.  Thus, we are justified in inferring, consistently with Second Affidavit's averments, that such evidence does not exist.[41]  In short, we are satisfied that consideration of the Second Affidavit is fair and proper under the circumstances.

> b)      *The public interest does not require vacating the suspension.*

Immunotech also contends that the "harm the Commission alleges the public was facing upon entering the trading suspension has now been far outweighed by the suspension itself and the ongoing repercussions therefore."  We do not agree.  Trading suspensions serve a valuable purpose by drawing attention to potential inadequacies or inaccuracies in the publicly available information about a company.  We have a compelling interest in alerting the investing public about concerns that we may have regarding an issuer or about potential manipulation in the market for its securities.  And as we have discussed in detail above, our concerns about Immunotech were warranted when we suspended trading and remain largely unresolved.  Any potential, continuing harm to Immunotech's shareholders caused by the Trading Suspension Order, which is no longer in effect, does not alter our overall public-interest assessment.[42]  Specifically, even though a trading suspension potentially could be to the detriment of current shareholders prevented from selling their holdings while the suspension was in effect, we also must consider the interests of prospective or potential investors who might be harmed if they purchase shares in reliance on potentially inaccurate or inadequate information about the issuer.[43]

---

[40]      Counsel for the Division acquired the information in the normal course of his responsibilities and no irregularity is apparent.

[41]      *Bravo Enters.*, 2015 WL 5047983, at *12 n.66 (noting permissibility of "inference that missing or unsupplied information peculiarly available to corporate insiders would have been unfavorable to an issuer seeking relief from a trading suspension"); *see also Community Hospitals of Cent. Cal. v. NLRB*, 335 F.3d 1079, 1086 (D.C. Cir. 2003); *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983); *UAW v. NLRB*, 459 F.2d 1329, 1336-38 (D.C. Cir. 1972); *James E. Welch*, Exchange Act Release No. 31648, 1992 WL 394574, at *2 & n.6 (Dec. 23, 1992) (drawing adverse inference from unexplained failure to clarify or deny suspicious circumstances).

[42]      Because the trading suspension expired ten business days after the Trading Suspension Order's issuance, on December 4, 2014, Immunotech's existing shareholders now may sell their shares on the "grey market" (*i.e.*, through brokers on an unsolicited basis).  *See Bravo Enters.*, 2015 WL 5047983, at *12.  The fact that a broker-dealer has not so far chosen to take the steps necessary to resume publishing quotations for Immunotech's securities does not prevent an investor from engaging in transactions in that security, including by having a broker-dealer submit unsolicited quotations on his or her behalf.  *See id.* at *12 & n.72; Exchange Act Rule 15c2-11(f)(2), 17 C.F.R. § 240.15c2-11(f)(2).

[43]      *Bravo Enters.*, 2015 WL 5047983, at *13.

14

After weighing these interests, our opinion is unchanged from when we issued the Trading Suspension Order.

* * *

It was and remains our opinion that the public interest and the protection of investors required suspension of trading in Immunotech's securities for the full period specified in the Trading Suspension Order.[44]

By the Commission (Chair WHITE and Commissioners AGUILAR, GALLAGHER, STEIN, and PIWOWAR).

Brent J. Fields
Secretary

---

[44]    We have considered all of the parties' contentions.  We have rejected or accepted them to the extent that they are inconsistent or in accord with the views expressed in this opinion.

UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 75790 / August 28, 2015

ADMINISTRATIVE PROCEEDING
File No. 3-16321

In the Matter of

IMMUNOTECH LABORATORIES, INC.

ORDER DENYING PETITION FOR TERMINATION OF TRADING SUSPENSION

On the basis of the Commission's opinion issued this day, it is

ORDERED that the petition filed by Immunotech Laboratories, Inc. requesting termination of the November 20, 2014 order suspending trading in its securities for a period of 10 days be denied.

By the Commission.


Brent J. Fields
Secretary



# Immunotech Laboratories, Inc. Enters into Agreement to Market Potential Ebola Virus Disease ("EVD") Treatment and Implement Strategy for Company's ITV-1 Infectious Diseases Treatment in Africa

*Company Begins Research of Potential EVD Application of the Patented Proteins*

October 21, 2014 08:00 AM Eastern Daylight Time

MONROVIA, Calif.--(BUSINESS WIRE)--Immunotech Laboratories, Inc. (OTC PINK: IMMB) ("Immunotech" or the "Company") and wholly-owned subsidiary Immunotech Laboratories, BG (IMMB-BG) today announced that they have successfully completed negotiations with Uldic Investment Pvt. Ltd. (Uldic), located in Zimbabwe, to pursue the development of market opportunities related to the deadly Ebola virus, and to conduct human clinical trials using the Company's HIV/AIDS and Hepatitis C virus treatment, Immune Therapeutic Vaccine-1 (ITV-1), in Sub-Saharan West Africa.

With the establishment of an African operation, Immunotech hopes to fulfill the Company's vision of bringing a therapy based on the patented Inactivated Pepsin Fraction (IPF) protein developed by Immunotech for infectious diseases such as HIV/AIDS, Hepatitis C and a new potential initiative, the Ebola virus. In parts of Africa, approved experimental treatments are permitted, and with the Ebola outbreak, Immunotech expects that it can market its treatment for infectious diseases through the Company's new agreement with Uldic.

ITV-1 is a suspension of Inactivated Pepsin Fraction (IPF), which studies have shown is promising in combination with protease inhibitors in the treatment of the HIV/AIDS virus. IPF is a platform technology that can be used to facilitate a broad range of applications. It is free from neurological, gastrointestinal and hematological side effects seen in the anti-retrovirals in use today. IPF has not shown itself to be subject to viral resistance, and it is cost effective.

The Company says that the immune system has components that bind and present antigens to cells that are capable of initiating a response to those antigens. CD1d CD 56 molecules are a family of highly conserved antigen-presenting proteins that bind lipids and glycolipids, resulting in activation of natural killer T-cells (NKT cells) to elicit protective immunity against the immunogen.

Immunotech has isolated IPF which is the most extensively studied CD 56 ligand to date. The compounds has their ability to stimulate human NKT-cell lines, secretion of key cytokines such as IFN- IL 2 and IL-12, and activate autologous dendritic cells, as well as binding to CD1d and the invariant T-cell receptor. A lead compound, IPF, emerged from these studies and this protein exhibits a stronger adjuvant effect in various HIV vaccine platforms in mice. IPF also provides a protective adjuvant effect with a candidate HIV and HCV vaccine.

While the majority of the Company's studies have focused on the potential of the IPF as a vaccine adjuvant, it is foreseeable that the compounds could also be used as a potential immuno-therapeutic to treat infectious diseases.

**About Immunotech Laboratories, Inc.**
Headquartered in Monrovia, CA, Immunotech Laboratories is a drug development company committed to the commercialization of its proprietary proteins for the treatment of debilitating infectious diseases. The Company strives to become a leader in immuno-therapeutic treatment and the prevention of HIV/AIDS, Cancer and other immuno-related disorders.

**Safe Harbor Statement**

This news release contains forward-looking statements that involve risks and uncertainties associated with financial projections, budgets, milestone timelines, clinical development, regulatory approvals, and other risks described by Immunotech Laboratories, Inc. from time to time in its periodic reports filed with the SEC. IPF is not approved by the US Food and Drug Administration or by any comparable regulatory agencies elsewhere in the world. While Immunotech Laboratories believes that the forward-looking statements and underlying assumptions contained therein are reasonable, any of the assumptions could be inaccurate, including, but not limited to, the ability of Immunotech Laboratories to establish the efficacy of IPF in the treatment of any disease or health condition, the development of studies and strategies leading to commercialization of IPF in the United States, the obtaining of funding required to carry out the development plan, the completion of studies and tests on time or at all, and the successful outcome of such studies or tests. Therefore, there can be no assurance that the forward-looking statements included in this release will prove to be accurate. In light of the significant uncertainties inherent in the forward-looking statements included herein, Immunotech Laboratories or any other person that the objectives and plans of Immunotech Laboratories will be achieved should not regard the forward-looking statements as a representation.

Contact:
Billy Ray: 770-910-5380
Immunotech Laboratories, Inc.
Phone: 818-409-8988
Email: ir@immunotechlab.com

# Contacts

Immunotech Laboratories, Inc.

Billy Ray, 770-910-5380

818-409-8988

ir@immunotechlab.com

# United States District Court
## Southern District of Florida
### FT. LAUDERDALE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | **Case Number - 0:14-60109-CR-ZLOCH-1** |
| **BILLY V. RAY, JR.** | **USM Number: 05491-104** |

Counsel For Defendant: Jerome Froelich, Jr., Esq. and Benjamin Daniel, Esq.
Counsel For The United States: H. Ron Davidson, Esq., AUSA
Court Reporter: Tammy Nestor

The defendant pleaded guilty to the One Count Information.
The defendant is adjudicated guilty of the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1348 | Securities fraud | August, 2013 | One |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
October 17, 2014

WILLIAM J. ZLOCH
United States District Judge

October __17__, 2014

ALL PENDING MOTIONS ARE HEREBY DENIED AS MOOT.

DEFENDANT: BILLY V. RAY, JR.
CASE NUMBER: 0:14-60109-CR-ZLOCH-1

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **8 months** as to the One Count Information.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **before Noon on January 9, 2015.**

The Court recommends a Federal facility in Atlanta, Georgia.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By:_____
Deputy U.S. Marshal

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: BILLY V. RAY, JR.
CASE NUMBER: 0:14-60109-CR-ZLOCH-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. Within 72 hours of release, the defendant shall report in person to the probation office in the district where released.

While on supervised release, the defendant shall not commit any crimes, shall be prohibited from possessing a firearm or other dangerous devices, shall not possess a controlled substance, shall cooperate in the collection of DNA, and shall comply with the standard conditions of supervised release and with the special conditions listed on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  The defendant shall support his or her dependents and meet other family responsibilities;
5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: BILLY V. RAY, JR.
CASE NUMBER: 0:14-60109-CR-ZLOCH-1

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Cooperation with the IRS -** The defendant shall cooperate fully with the Internal Revenue Service in determining and paying any tax liabilities. The defendant shall provide to the Internal Revenue Service all requested documents and information for purposes of any civil audits, examinations, collections, or other proceedings. It is further ordered that the defendant file accurate income tax returns and pay all taxes, interest, and penalties due and owing by him to the Internal Revenue Service.

**Employment Solicitation Restriction -** The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the written permission of the Court.

**Financial Disclosure Requirement -** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Permissible Search -** The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Related Concern Restriction -** The defendant shall not violate Section 10(b) of the Securities Exchange Act of 1934 or Section 17(a) of the Securities Act of 1933 in the offer or sale of any security by the use of any means or instrumentality of interstate commerce or the mails (a) to employ any scheme to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact; or (c) to engage in any transaction or course of business, which would operate as a fraud or deceit upon the purchaser during the period of supervision. Further, the defendant shall not serve as a corporate officer, chief executive officer, or consultant for any company that is publicly traded during the period of supervision.

**Self-Employment Restriction -** The defendant shall obtain prior written approval from the Court before entering into any self-employment.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: BILLY V. RAY, JR.
CASE NUMBER: 0:14-60109-CR-ZLOCH-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BILLY V. RAY, JR.
CASE NUMBER: 0:14-60109-CR-ZLOCH-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

      A.  Lump sum payment of **$100.00** due immediately.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

      **U.S. CLERK'S OFFICE**
      **ATTN: FINANCIAL SECTION**
      **400 NORTH MIAMI AVENUE, ROOM 8N09**
      **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately.  The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**



      Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement of forfeiture.  The United States shall submit a proposed order of forfeiture within three days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.

**EXHIBIT E**

## CLAIM PURCHASE AGREEMENT

This Claim Purchase Agreement ("Agreement") is entered into effective as of the date of full execution ("Effective Date"), by and between Livingston Asset Management LLC ("Purchaser"), and the Creditor identified below ("Creditor"). Purchaser and Creditor (each, a "Party" and, together, the "Parties") agree as follows with respect to the outstanding debt owed to Creditor by the Company named below ("Company"):

Company Name:          Enzolytics, Inc.

Creditor Name:         Camelot Nevada Trust

Claim Amount:          $525,000.00

Purchase Price:        $100,000.00 payable $10,000.00 at execution and three $30,000.00
                       tranches on the periods ending thirty, sixty and ninety
                       day following the entry and full effectuation of a
                       court order approving the settlement of the claim.

Documentation of Claim (complete copies of all documentation attached): [X] Written contract(s)/ Promissory Notes attached as Exhibit A [X] Invoice(s) attached as Exhibit B

1.    **Purchase and Sale.**    Purchaser hereby purchases from Creditor, and Creditor hereby sells, transfers, conveys and assigns to Purchaser, for the consideration set forth herein, all right, title and interest of Creditor in and to one or more claims of Creditor against Company described herein and attached hereto (the "Claim").  Creditor hereby sells, transfers and assigns all right, title and interest of Creditor in the Claim to Purchaser.

2.    **Settlement Approval.** No later than the tenth (10th ) business day after the Effective Date, Purchaser shall file an action against Company in the United States District Court or state court of trial jurisdiction in the State of _Maryland_____ (the "Action") seeking payment of the Claim. Purchaser shall seek to resolve the Action on terms acceptable to Purchaser in its sole discretion and, by appropriate motion or other pleading, shall seek approval from the Court of such settlement.

3.    **Payment of Purchase Price.** The Purchase Price will be paid to Creditor by Purchaser in up to three (3) monthly installments, the first installment to be made following entry and full effectuation of a Court order approving settlement of the Claim in form and substance acceptable to Purchaser ("Approval Date"), and subsequent installments to be made each calendar month thereafter until paid in full; *provided however,* that Purchaser shall not be obligated to pay any

1

portion of such Purchase Price in the event of a Default by the Company under any settlement agreement entered into between the Company and Purchaser in respect of the settlement of the Claim that is the subject of this Agreement, of if any settlement shares issued by Company pursuant to such settlement agreement cannot be cleared for sale by Purchaser for any reason whatsoever. If such event of default occurs and is not cured within the prescribed time period, the Purchaser shall cause to be transferred to Creditor any portion of the Claim not already paid for pursuant to this Section 3, and this Agreement shall be null and void, unless otherwise agreed by written agreement of the parties.

4.    Cooperation. Creditor will furnish Purchaser with all documentation and evidence supporting the Claim, and reasonably cooperate in providing any other information and taking any other action that Purchaser deems necessary or appropriate to prosecute the action to collect the Claim. Upon Purchaser's reasonable request, Creditor will duly execute and deliver, or cause to be duly executed and delivered to Purchaser such further instruments and do and cause to be done such further acts as may be necessary or proper in the reasonable opinion of Purchaser to effectuate the provisions and purposes of this Agreement.

5.    Termination. If the Approval Date has not occurred within ninety (90) days after the date hereof, either Party shall have the right to terminate and cancel this Agreement by providing written notice of termination to the other Party at any time after such date and prior to Court Approval. If termination is so effected, this Agreement shall be deemed void *ab initio* and of no further force and effect, no sale or assignment of the Claim shall have occurred, and Purchaser shall dismiss the Action. In the event of termination, the Purchase Price shall not be payable.

6.    Representations, Warranties and Covenants. Creditor hereby represents, warrants and covenants to Purchaser as follows:

(a)    (i) The Claim is a bona fide outstanding claim against Company, and is an enforceable obligation arising in the ordinary course of business, for goods and/or services rendered to Company by Creditor in good faith. The Claim is currently due and owing and is payable in full.

(ii) The Claim [___] is, [x] is not secured by any security interest in any property of the Company or an affiliate of the Company or by a guarantee of the Company or of an affiliate of The Company .

(b)    Creditor did not enter into the transaction giving rise to the Claim in contemplation of any sale or distribution of Company's common stock or other securities.

(c)    The Claim Amount is the total amount due to Creditor with respect to the Claim, net of any applicable discounts, allowances or other deductions to which Company is

2

lawfully entitled. The documents attached hereto are true, correct and complete copies of all documentation underlying the Claim.

(d)     The Claim is not reasonably subject to dispute and Company is unconditionally obligated to pay the full Claim Amount without defense, counterclaim or offset. To the knowledge of Creditor, the Company's failure to pay is due solely and exclusively to financial inability.

(e)     Creditor is the sole owner of the Claim, free and clear of all liens, encumbrances and rights of third parties. Creditor has not previously sold, transferred, encumbered or released any part of the Claim.

(f)     There has been no modification, compromise, forbearance, or waiver (written or oral) entered into or given with respect to the Claim. There is no action based on the Claim that is currently pending in any court or other legal venue, and no judgments based upon the Claim have been previously entered in any legal proceeding.

(g)     There are no taxes due, payable or withholdable as an incident of Creditor's Claim; no taxes will be due, payable or withholdable as a result of settlement of the Claim; and Creditor may at all times promptly withhold (if applicable) and pay when due any federal, state, local and/or foreign taxes due as a result of payment of the Purchase Price. Creditor has all necessary power and authority to (i) execute, deliver and perform all of its obligations under this Agreement, and (ii) sell, convey, transfer and assign the Claim to Purchaser. Creditor has such knowledge and experience in business and financial matters that it is able to protect its own interests and evaluate the risks and benefits of entering into this Agreement. Credit acknowledges and agrees that it has had an opportunity to conduct its own due diligence and consult with its own legal counsel, and tax, financial and other advisors, and that Creditor is not relying in that regard on Purchaser. Creditor acknowledges that Purchaser is not making any representations or warranties whatsoever, including, without limitation, about the Company.

(h)     The execution, delivery and performance of this Agreement by Creditor has been duly authorized by all requisite action on the part of Creditor. This Agreement has been duly executed and delivered by Creditor and constitute the legal, valid and binding obligation of Creditor, enforceable against Creditor in accordance with its terms, except as may be limited by applicable bankruptcy, insolvency or similar laws affecting creditors' rights generally or the availability of equitable remedies.

(i)     Within the past ninety (90) days, Creditor [__] has, [x] has not been, directly or indirectly through one or more intermediaries in control, controlled by, or under common control

3

with, the Company and is an affiliate of the Company as defined in Rule 144 promulgated under the Act. Creditor is not a broker or dealer in securities.

(j)   The execution and delivery of this Agreement by Creditor and the performance of all of its obligations hereunder (i) do not and will not violate, conflict with, breach, or constitute a default under, any material contract, agreement or commitment binding upon such Creditor, and (ii) do not and will not conflict with or violate any applicable law, rule, regulation, judgment, order or decree of any court or other government authority having jurisdiction over such Creditor or the Claim.

(k)   There is no action, suit, inquiry, notice of violation, proceeding or investigation pending or, to the knowledge of Creditor, threatened against or affecting Creditor or any of its assets before or by any court, arbitrator, governmental or administrative agency, or regulatory authority that adversely affects or challenges the legality, validity or enforceability of, or that could have or reasonably be expected to result in a material adverse effect on this Agreement.

(l)   Creditor has no present intention to utilize any of the proceeds to be received from Purchaser to directly or indirectly, provide any consideration to or invest in any manner in the Company or any affiliate of the Company.

(m)   Creditor will not, directly or indirectly, receive any consideration from or be compensated in any manner by the Company, or any affiliate of the Company, in exchange for or in consideration for selling the Claim.

(n)   Creditor will immediately advise Purchaser if any of the foregoing cease to be fully true and accurate at any time up to and including the Approval Date.

(o)   Creditor acknowledges that Purchaser may submit other Claims Purchaser has against the Company in the Action.

7.   **Fees and Expenses.** Each party shall pay the fees and expenses of its advisers, counsel, accountants and other experts, if any, and all other expenses incurred by such party incident to the negotiation, preparation, execution, delivery and performance of this Agreement. Creditor understands that Purchaser shall not be liable for any commissions, selling expenses, orders, purchases, contracts, taxes, withholding, or obligations of any kind resulting from any or arising out of settlement of the Claim.

**8.**   **Choice of Law.** This Agreement shall be governed by and construed according to the laws of the State of _Maryland_____, without giving effect to its choice of law principles.

4

Any actions and proceedings arising out of or relating directly or indirectly to this Agreement or any ancillary agreement or any other related obligations shall be litigated solely and exclusively in the state or federal courts located in Baltimore, Maryland _____, and that such courts are convenient forums. Each Party hereby submits to the personal jurisdiction of such courts for purposes of any such actions or proceedings.

     9.    <u>Limitation of Damages.</u> Each of the Parties hereby waives any rights which it may have to claim or recover any incidental, special, exemplary, punitive or consequential damages or any damage other than, or in addition to, actual damages. Purchaser shall have the right, in Purchaser's sole discretion, to determine which rights, liens, security interests or remedies Purchaser may at any time pursue, relinquish, subordinate, or modify or to take any other action and incur any costs or expenses with respect thereto and such determination will not in any way modify or affect any of Purchaser's rights hereunder. Purchaser shall have no liability hereunder for any delay in or failure to obtain Approval, or for any other causes beyond Purchaser's control. Any liability of Purchaser for any default hereunder, including default in any payment to Creditor pursuant to Section 3 above, shall be limited solely to a return of the Claim to Creditor.

     10.    <u>Notices.</u> All notices and other communications shall be in writing and shall be provided to the recipient Party to the addresses set forth on the page following the signature page hereof. All notices and communications shall be deemed made and effective as follows: (a) if transmitted for overnight delivery via a nationally recognized delivery service, the first business day after being delivered by the transmitting Party to such overnight delivery service, (b) if faxed, when transmitted in legible form by facsimile machine to the recipient Party's correct facsimile machine number, (c) if by e-mail, when transmitted by e-mail, or (d) if mailed via regular U.S. mail, upon delivery. Any Party may designate a superseding notice contact name, street address, e-mail address or fax number by providing the other Parties with written notice pursuant to the provisions hereof.

     11.    <u>Amendments and Waivers.</u> No provision of this Agreement may be waived or amended except in a written instrument signed, in the case of an amendment, by the Parties, or, in the case of a waiver, by the Party against whom enforcement of such waiver is sought. No waiver of any default shall be deemed to be a continuing or a waiver of any subsequent default or a waiver of any other provision, condition or requirement hereof, nor shall any delay or omission of any Party to exercise any right hereunder in any manner impair the exercise of any such right.

     12.    <u>Construction; Survival.</u> The headings herein are for convenience only, do not constitute a part of this Agreement and shall not be deemed to limit or affect any of the provisions hereof. The language used in this Agreement will be deemed to be the language chosen by the Parties to express their mutual intent, and no rules of strict construction will be applied against

any party. The representations and warranties contained herein shall survive the closing of the transactions contemplated herein and the assignment of the Claim.

13.     **No Third Party Beneficiaries.** This Agreement is intended for the benefit of Creditor and Purchaser and their respective successors and permitted assigns and is not for the benefit of, nor may any provision hereof be enforced by any other person.

14.     **Entire Agreement.** This Agreement, together with the exhibits hereto, contains the entire agreement and understanding of the Parties, and supersedes all prior and contemporaneous agreements, letters, discussions, communications and understandings, both oral and written, concerning the sale, transfer, conveyance and assignment of the Claim, which the Parties acknowledge have been merged into this Agreement.

15.     **Signature.** This Agreement may be executed in counterparts and by facsimile, portable document format or other electronic means, each of which shall constitute an original and all of which when taken together shall constitute one document.

16.     **Payment of Purchase Price.** Purchaser may pay the Purchase Price to Creditor by check or wire transfer.  Wire instructions for the Purchase Price are as follows:

_____

_____

_____

ABA No_____

_____

Account _____

**[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties hereto have caused this Claim Purchase Agreement to be duly executed, to be effective as of the Effective Date set forth above.

CREDITOR:

Camelot Nevada Trust

May 3, 2018
Date

By: _____

Name: Laura Imbach

Title: Trustee

ADDRESS: 3302 Bluff Road
CITY: Marietta, Ga 30062
Telephone No. 470-343-6110
Fax No.
E-mail: justin_laura@hotmail.com

PURCHASER:

Livingston Asset Management LLC

By: _____

Name: Stephen Hicks

Title: Mgr

ADDRESS: 2338 Immokalee Road, Ste. 324
CITY: Naples, Florida 34110
Telephone No. 203 431 8300
Fax No. 203 431 8301
E-mail: _____

7

## AMENDMENT TO CONTRACT FOR SERVICES

This **Amendment** pertains to the **AGREEMENT** originally entered into on July 14, 2014 is hereby amended as of July 1, 2017 between **The Camelot Nevada Trust**, with its principal place of business located at 2851 South Valley View, Las Vegas Nevada 89102 (hereinafter "**CONSULTANT**"), and **Immunotech Laboratories, Inc. a Nevada Corporation** with it principal place of business located at 120 W. Pomona Ave, Monrovia CA, 91016 by Harry H. Zhabilov, its President (hereinafter "**IMMB**" and or the "Company") and **Eco-Petroleum Solutions, Inc. a Delaware Corporation and Parent of IMMB** located at 120 W. Pomona Ave, Monrovia CA, 91016 also represented by Harry Zhabilov for the legal and business consulting services of **CONSULTANT** and its independent contractors.

## 1. NATURE OF CONTRACT SERVICES:

     **a.** The parties agree that **IMMB** will continue to retain the general business consulting services of **CONSULTANT** which will generally include transactional work (negotiating and drafting contracts) and advising on the following matters: intellectual property (including trademark and copyright filings); business development; the formation or maintenance of business entities; labor issues; coordination and general supervision or engagement of professionals, consultants or experts; and other related services involving the development and furtherance of your intellectual property and treatment in the pharmaceutical industry;

     **b.** The parties agree that **IMMB** may retain through **CONSULTANT** one or more representatives as an independent contractor (the "Independent Contractor" or "Contractor") to provide the services described above. market, promote and develop business opportunities as directed by **IMMB**. The **Company** may request specific Independent Contractors and **CONSULTANT** will cause such request to be honored on an as available basis. The primary Independent Contractor ("Contractor") initially selected by **IMMB** to provide such services will be made available on a priority basis to **IMMB** by **CONSULTANT** for the term of this agreement;

     **c. CONSULTANT** shall be directly accountable to **IMMB.**

## 2. RESPONSIBILITIES OF THE PARTIES ARE AS FOLLOWS:

**IMMB Responsibilities:**

     **a. IMMB** agrees to supply the **CONSULTANT** with the necessary information and support from management necessary to perform the Services as directed by the **IMMB. IMMB** agrees to remit the Contract payment for such services in full on the first of every month of the term of this contract. The first Contract payment will be due upon shipment of the first order of the **Company's** immunotherapy product.

     **b.** If the **Company** fails to remit payment in cash or stock within 30 days of demand by **Consultant** the agreement will be in default and the Company will have a 60 day cure period from the date of default.

**Consultant's Responsibilities:**

     **a. CONSULTANT** and any Independent Contractor selected by **IMMB** under this Agreement will treat all information as confidential. The Independent Contractor selected by **IMMB** and will for all intents and purposes be considered an insider during the term of the Agreement.

**CONSULTANT** will not be considered an insider until and unless non-public information is disclosed to **CONSULTANT** inadvertently or as part of the performance of duties by the Independent Contractor.

c. **CONSULTANT** agrees to assist **IMMB** in compiling the information and assist in filing the necessary documents to maintain a current status with all regulatory agencies.

d. **CONSULTANT** agrees to provide additional services including but not limited to the following;

   1. Analysis of capital structure of the company; debt/equity. Monitoring the issuance of shares into the market and analysis of shares outstanding
   2. Filing for listing on the National Markets.
   3. Communicating publicly available information to potential specialty groups of investors.
   4. Recommendation for infrastructure additions, including Directors, SEC attorney and GAAP Auditors.
   5. Merger/Acquisition/Divestitures

e. Other potential services determined and mutually-agreed upon during the performance of the contract.

## 3. FORM OF PAYMENT:

a. **Fees.** For Services rendered since the original contract date or services rendered in the future for the matters set forth in paragraph 1 IMMB shall pay to **CONSULTANT as "Fees"**, at the Company's sole discretion, a quarterly rate of Twenty-Seven Thousand Five Hundred US Dollars ($27,500.00) or the equivalent value in Restricted Shares of Eco-Petroleum Solutions, Inc. ("ECPO") issued at $.005 per share to **CONSULTANT**. Fees for services are subject to change based upon thirty-day written notice. The per share price of the stock will be reset upon the occurrence of a lower conversion rate being exercised or shares being issued at a rate lower than $.005 to any other.

## 4. NONDISCLOSURE, CONFIDENTIALITY AND NON-COMPETITION:

a. At all times while this Agreement is in force and after its expiration or termination, **CONSULTANT** agrees to keep secret and refrain from disclosing or making personal use of any confidential information concerning **IMMB** business which may have become known to **CONSULTANT** during the course of its engagement with **IMMB** to any other persons, firms, organizations or entities of any type or nature. "Confidential Information" is defined as the personal, financial or other affairs of **IMMB** including and not limited to its customer lists, trade secrets or any of the Client Companies provided to **CONSULTANT** by **IMMB**. **CONSULTANT** acknowledges that the foregoing is and shall remain the exclusive property of **IMMB**, and is confidential and of great value to **IMMB**. **CONSULTANT** agrees to take reasonable security measures to prevent accidental disclosure and industrial espionage.

b. Nothing contained in this Agreement shall be construed as granting to or conferring upon **CONSULTANT** any rights by license or otherwise in any information disclosed, except for the limited right to use the information for the purposes set forth in this Agreement.

## 5. INDEMNIFICATION:

a. **CONSULTANT** shall indemnify, defend and hold **IMMB** harmless against any claims brought against **IMMB** or its client to the extent of **IMMB's** use of **CONSULTANT** work product generated in accordance with this Contract.

### Conditions to Indemnification:

b. The foregoing obligations are conditioned upon: (a) prompt written notice by the indemnified party to the indemnifying party of any claim, action or demand for which indemnity is claimed; (b) complete control of the defense and settlement of thereof by the indemnifying party, provided that no settlement of an indemnified claim shall be made without the consent of the indemnified party, such consent not to be unreasonably withheld or delayed; and (c) reasonable cooperation by the indemnified party in the defense as the indemnifying party may request. The indemnified party shall have the right to participate in the defense against the indemnified claims with counsel of tis choice at its own expense.

### Definition of "Claims":

c. **For** the purposes of indemnification above, "Claims" means losses, actions, liabilities, damages, expenses and reasonable attorneys' fees and court costs.

### 6. ARBITRATION:

a. In the event a dispute, any controversy or claim arising out of or relating to this Contract shall arise between the parties, it is hereby agreed that the dispute shall be referred to an Arbitrator to be designated by the American Arbitration Association for Arbitration in accordance with the applicable Commercial Finance Arbitration Rules. The Arbitrator's Decision shall be final and legally binding on all parties and Judgment may be entered thereon. Each party shall be responsible for its share of the Arbitration fees in accordance with the applicable Rules of Arbitration. In the even a party fails to proceed with Arbitration, unsuccessfully challenges the Arbitrator's Award, or fails to comply with the Arbitrator's Award, the other party is entitled to cost of suit, including any reasonable attorney's fee for having to compel Arbitration or defend or enforce the Award. **THIS CONTACT CONTAINS A BINDING ARBITRATION PROVISION THAT AFFECTS YOUR LEGAL RIGHTS AND MAY BE ENFORCED BY ALL PARTIES.** However, in the event of noncompliance or violation or breach or threatened breach, as the case may be, of the Contract and, in particular, Paragraphs 1, 2, 3 and/or 4 of this Contract relating to either the nature of this Agreement and/or of the Parties hereto responsibilities, nondisclosure, confidentiality, non-competition and indemnification and any other restrictive stipulations contained in this Agreement and the irreparable injury and incalculable harm that has or can result therefrom, each of the parties to this Contract alternatively shall be entitled to apply to any court of competent jurisdiction for a Temporary Restraining Order, injunction, specific performance and/or such other legal and equitable remedies as may be appropriate, since the aggravated Party would have no adequate remedy at law for such violation on non-compliance, breach or threatened breach. Any resort to such equitable relief shall not be deemed to be a waiver or limit in anyway or respect by any other right or remedy that any such aggrieved party may have for a breach of this provision.

### 7. TERM:

a. This Agreement shall become effective on the date set forth above ("Commencement Date") and shall continue until terminated in writing by either **IMMB** or by **CONSULTANT** subject to continuing payment for Services rendered under paragraph 3 (as defined in paragraph 1.c).

CONSULTANT acknowledges the obligation to protect the confidential nature of the information received prior to such termination and that it shall survive the termination of this Agreement.

## 8. CHOICE OF LAW:

a. This Agreement in all matters and issues collateral thereto shall be governed by laws of the State of California applicable to this Contract with respect to the determination of any claim, dispute or disagreement, which may arise out of the interpretation, performance or breach of this Agreement, and will be subject to enforcement and interpretation solely in the appropriate Courts of the State of California.

## 9. CHANGES, ADDITIONS, DELETIONS OR AMENDMENTS:

a. No change, addition, deletion or amendment of this Agreement shall be valid or binding upon either Party unless in writing and signed by the Parties hereto. Both Parties acknowledge that there are no oral or other agreements or understandings between the Parties affecting this Agreement.

## 10. SEVERABILITY, WAIVER AND ASSIGNMENT:

a. If any portion of this Contract shall be deemed invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a Court finds that any provision of this Contract is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed and enforced as so limited. CONSULTANT shall not construe the waiver by IMMB of a breach of any of the provisions of this Contract by CONSULTANT as a waiver of any subsequent breach. The Parties agree that the rights, duties and obligations contained in this Agreement are not assignable by either Party.

## 11. NOTICES:

a. All notices required or permitted to be given hereunder shall be in writing and shall be deemed to have been given when mailed by certified or registered mail, return receipt requested, addressed to the intended recipient at the addresses set forth above or at such other address as is provided by either party to the other.

## 12. HEADINGS:

a. The Paragraph headings are not a substantive part of this Agreement, are used for convenience only and are not intended to expand or restrict the scope of substance of the provisions of this Agreement in any way.

## 13. MISCELLANEOUS:

a. Whenever used herein, the singular shall include the plural, the plural shall include the singular, and pronouns shall be read as masculine, feminine or neuter as the context requires.

b. The contract is assignable as well as any amounts due to Consultant for current or past due amounts without approval of the Company.

c. This agreement supersedes all other agreements written or oral between the parties.

## 14. CONFLICTS OF INTEREST. If a conflict arises of which CONSULTANT becomes aware they shall promptly advise IMMB and try to assist in revolving such conflicts. If such conflict cannot be

resolved CONSULTANT will have the right to represent you, to represent others, or to withdraw completely. In any case it maybe necessary to engage separate counsel.

IN WITNESS WHEREOF, the Parties have executed this Contract.

The Camelot Nevada Trust

Immunotech Laboratories, Inc.

By:_____
Kelli Austin, Trustee

By:_____
Harry H. Zhabilov, Chairman

Date: July 1, 2017

Date: July 1, 2017

ECO-PETROLEUM SOLUTIONS, INC.

By:_____

Harry H. Zhabilov, Chairman

Date: July 1, 2017

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

01/01/2015

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 3/31/2015.

Contract Payment due 1/01/2015 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for First Quarter of 2015 contractual payment due as of 01/01/2015:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.


Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 4110 Azurite St. Cumming GA, 30040

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

Statement of Account as of January 31, 2018                                    Page 1 of 2

| Invoice for Period: | Amount | Paid in Stock | Cert # | Paid in Cash | Balance due |
|---|---|---|---|---|---|
| 9/30/2014 | $ 17,000.00 | 3,766,120 | 3093 | $ 0 | $    0 |
| 12/30/2014 | $25,500.00 | 6,000,000 | 3106 | $ 0 | $    0 |
| 1/01/2015 | $37,500.00 | 0   *, ** | | $ 0 | $37,500.00 |
| 4/01/2015 | $37,500.00 | 0   ** | | $ 0 | $37,500.00 |
| 7/01/2015 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 10/01/2015 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 1/01/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 4/01/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 7/011/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 10/31/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 1/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 4/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 7/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 10/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| Subtotal for Page 1 | | | | | $450,000.00 |

Page 2 of 2

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

**Federal ID # 47-1314979**

Statement of Account as of January 31, 2018                    Page 1 of 2

| Invoice for Period Ended: | Amount | Paid in Stock | Cert # | Paid in Cash | Balance due |
|---|---|---|---|---|---|
| Balance Forward from Page #1 | | | | | $450,000.00 |
| 1/01/2018 | $37,500.00 | 0 | | $ 0 | $ 37,500.00 |
| Total Due as of 1-31-2018 | | | | | $487,500.00 |

*Board Resolution was approved for 6 million shares but stock was never issued due to Skull and Crossbones symbol

**Contract was amended to have a fixed conversion price of .004 subject to a reset if a lower conversion price is granted on other debt

## The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

**Federal ID # 47-1314979**

Statement of Account as of April 30, 2018                     Page 1 of 2

| Invoice for Period: | Amount | Paid in Stock | Cert # | Paid in Cash | Balance due |
|---|---|---|---|---|---|
| 9/30/2014 | $ 17,000.00 | 3,766,120 | 3093 | $ 0 | $     0 |
| 12/30/2014 | $25,500.00 | 6,000,000 | 3106 | $ 0 | $     0 |
| 1/01/2015 | $37,500.00 | 0   *, ** | | $ 0 | $37,500.00 |
| 4/01/2015 | $37,500.00 | 0   ** | | $ 0 | $37,500.00 |
| 7/01/2015 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 10/01/2015 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 1/01/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 4/01/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 7/011/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 10/31/2016 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 1/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 4/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 7/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| 10/01/2017 | $37,500.00 | 0 | | $ 0 | $37,500.00 |
| Subtotal for Page 1 | | | | | $450,000.00 |

Page 2 of 2

## Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

**Federal ID # 47-1314979**

Statement of Account as of April 30, 2018                               Page 1 of 2

| Invoice for Period Ended: | Amount | Paid in Stock | Cert # | Paid in Cash | Balance due |
|---|---|---|---|---|---|
| Balance Forward from Page #1 | | | | | $450,000.00 |
| 1/01/2018 | $37,500.00 | 0 | | $ 0 | $ 37,500.00 |
| 4/01/2018 | $37,500.00 | 0 | | $ 0 | $ 37,500.00 |
| Total Due as of 4-30-2018 | | | | | $525,000.00 |

*Board Resolution was approved for 6 million shares but stock was never issued due to Skull and Crossbones symbol

**Contract was amended to have a fixed conversion price of .004 subject to a reset if a lower conversion price is granted on other debt

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

04/01/2015

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 6/30/2015.

Contract Payment due 4/01/2015 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for Second Quarter of 2015 contractual payment due as of 04/01/2015:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.


Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 4110 Azurite St. Cumming GA, 30040

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

07/01/2015

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 9/30/2015.

Contract Payment due 7/01/2015 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for Third Quarter of 2015 contractual payment due as of 07/01/2015:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.


Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 2340 His Way, Lawrenceville GA, 30042

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

10/01/2015

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 12/31/2015.

Contract Payment due 10/01/2015 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for Fourth Quarter of 2015 contractual payment due as of 10/01/2015:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00

Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.

Please make cash payments to The Camelot Nevada Trust  at the above address, if stock option is elected please deliver shares to 2340 His Way, Lawrenceville Ga 30042

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

01/01/2016

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 3/31/2016.

Contract Payment due 1/01/2016 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for First Quarter of 2016 contractual payment due as of 01/01/2016:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.


Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 2340 His Way, Lawrenceville GA, 30042

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

04/01/2016

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 6/30/2016.

Contract Payment due 4/01/2016 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for Second Quarter of 2016 contractual payment due as of 04/01/2016:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.


Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 2340 His Way, Lawrenceville GA, 30042

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

07/01/2016

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 9/30/2016.

Contract Payment due 7/01/2016 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for Third Quarter of 2016 contractual payment due as of 07/01/2016:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00

Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.

Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 2340 His Way, Lawrenceville GA, 30042

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

10/01/2016

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 12/31/2016.

Contract Payment due 10/01/2016 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for Fourth Quarter of 2016 contractual payment due as of 10/01/2016:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.


Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 2340 His Way, Lawrenceville Ga 30042

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

01/01/2017

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 3/31/2017.

Contract Payment due 1/01/2017 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for First Quarter of 2017 contractual payment due as of 01/01/2017:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.


Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 3597 Bluff Ct, Marietta GA, 30066

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

04/01/2017

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for accounting services in accordance with description of item c under Consultants Responsibilities in the consulting agreement dated July 14, 2014 for the Quarter Ended 6/30/2017.

Contract Payment due 4/01/2017 - $12,500.00 per month or 2,000,000 restricted shares of Immunotech Laboratories, Inc. common stock per month. As discussed between the parties, the lowest bid price of .0001 was due to the temporary suspension issue and parties agreed that the stock is not fairly valued so until the Temporary suspension has been resolved the payment option for stock will be 2,000,000 shares per month and the cash option will increase to $12,500.00.

Payment options for Second Quarter of 2017 contractual payment due as of 04/01/2017:

Total Compensation paid in Shares 6,000,000

Or

Cash $37,500.00

Shares are to be issued as Tenants in entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished. For this billing period the designee will be furnished at time of issuance.

Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 3597 Bluff Ct, Marietta GA, 30066

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

### Federal ID # 47-1314979

7/01/2017

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for services in accordance with consulting agreement dated July 14, 2014 for the Quarter Ended 9/30/2017.

Contract Payment due 7/01/2017 - $37,500.00 or restricted shares calculated at .004 per share or 9,375,000 shares of Eco-Petroleum Solutions, Inc. (ECPO) the parent of IMMB. This calculation is retroactive for all outstanding invoices.  As previously agreed to between IMMB and Camelot,  because the lowest bid price  of .0001 was due to the temporary suspension issue and parties agreed that the stock was not fairly valued, the payment option for stock was set at 2,000,000 shares per month and the cash payment option increased to $12,500.00. As of July 1st based on the acquisition of IMMB by ECPO Camelot, ECPO and IMMB have amended the contract to set a conversion price of .004 for stock payments made at the election of IMMB and to include a payment default provision with a 60 day cure period. The default provision is to take effect after the shipping of the first order of its IPF treatment.

Payment options at the election of ECPO for the Quarter ending September 30, 2017 contractual payment due as of 07/01:

Total Compensation paid in Shares of ECPO  9,375,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in <u>entirety</u> with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished at time of issuance.

Please make cash payments to The Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 3597 Bluff Ct. Marietta, GA 30062

# Camelot Financial Group, LLC

## 2851 South Valley View Las Vegas Nevada 89102

**Federal ID # 47-1314979**

10/01/2017

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for services in accordance with consulting agreement dated July 14, 2014 for the Quarter Ended 12/31/2017.

Contract Payment due 10/01/2017 - $37,500.00 or restricted shares calculated at .004 per share or 9,375,000 shares of Eco-Petroleum Solutions, Inc. (ECPO) the parent of IMMB. This calculation is retroactive for all outstanding invoices.  As previously agreed to between IMMB and Camelot,  because the lowest bid price  of .0001 was due to the temporary suspension issue and parties agreed that the stock was not fairly valued, the payment option for stock was set at 2,000,000 shares per month and the cash option increased to $12,500.00. As of July 1st based on the acquisition of IMMB by ECPO Camelot, ECPO and IMMB have amended the contract to set a conversion price of .004 for stock payments made at the election of IMMB and to include a payment default provision with a 60 day cure period. The default provision is to take effect after the shipping of the first order of its IPF treatment.

Payment options at the election of ECPO for the quarter ending December 31, 2017 contractual payment due as of 10/01:

Total Compensation paid in Shares of ECPO  9,375,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in <u>entirety</u> with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust be furnished at time of issuance.

Please make cash payments to The Camelot Nevada Trust the above address, if stock option is elected please deliver shares to 3597 Bluff Ct. Marietta, GA 30062

# The Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

**Federal ID # 47-1314979**

1/01/2018

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for services in accordance with consulting agreement dated July 14, 2014 for the Quarter Ended 3/31/2018.

Contract Payment due 1/01/2018 - $37,500.00 or restricted shares calculated at .004 per share or 9,375,000 shares of Eco-Petroleum Solutions, Inc. (ECPO) the parent of IMMB. This calculation is retroactive for all outstanding invoices.  As previously agreed to between IMMB and Camelot,  because the lowest bid price  of .0001 was due to the temporary suspension issue and parties agreed that the stock was not fairly valued, the payment option for stock was set at 2,000,000 shares per month and the cash option increased to $12,500.00. As of July 1st based on the acquisition of IMMB by ECPO Camelot, ECPO and IMMB have amended the contract to set a conversion price of .004 for stock payments made at the election of IMMB and to include a payment default provision with a 60 day cure period. The default provision is to take effect after the shipping of the first order of its IPF treatment.

Payment options at the election of ECPO for December 31, 2017 contractual payment due as of 01/01/18:

Total Compensation paid in Shares of ECPO  9,375,000

Or

Cash $37,500.00


Shares are to be issued as Tenants in underline entirety with right of survivorship to The Camelot Nevada Trust and a designee of The Camelot Nevada Trust to be furnished at time of issuance.

Please make cash payments to Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 3597 Bluff Ct. Marietta, GA 30062

# Camelot Nevada Trust

## 2851 South Valley View Las Vegas Nevada 89102

**Federal ID # 47-1314979**

4/01/2018

Immunotech Laboratories, Inc.

120 W Pomona Ave

Monrovia, CA 91016

Phone: (818) 409-9091

Attn: Harry H. Zhabilov

Invoice for compensation for services in accordance with consulting agreement dated July 14, 2014 for the Quarter Ended 6/30/2018.

Contract Payment due 4/01/2018 - $37,500.00 or restricted shares calculated at .004 per share or 9,375,000 shares of Enzolytics, Inc.. This calculation is retroactive for all outstanding invoices.  As previously agreed to between IMMB and Camelot, because the lowest bid price  of .0001 was due to the temporary suspension issue and parties agreed that the stock was not fairly valued, the payment option for stock was set at 2,000,000 shares per month and the cash option increased to $12,500.00. As of July 1st based on the acquisition of IMMB by ECPO Camelot, ECPO and IMMB have amended the contract to set a conversion price of .004 for stock payments made at the election of IMMB and to include a payment default provision with a 60 day cure period. The default provision is to take effect after the shipping of the first order of its IPF treatment. The Debt was assumed by Enzolytics, Inc. as part of the Asset Purchase dated March 26, 2018.

Payment options at the election of ENZC for December 31, 2017 contractual payment due as of 01/01/18:

Total Compensation paid in Shares of ENZC  9,375,000

Or

Cash $37,500.00

Shares are to be issued as Tenants in <u>entirety</u> with right of survivorship to Camelot Nevada Trust and a designee of Camelot Nevada Trust to be furnished at time of issuance.

Please make cash payments to Camelot Nevada Trust at the above address, if stock option is elected please deliver shares to 3597 Bluff Ct. Marietta, GA 30062

Attn. B. Ray

# Trust Agreement
# of the
# Camelot Nevada Trust
**(Federal ID # 47-1314979)**

# (A Nevada Spendthrift Trust)

# TABLE OF CONTENTS

**ARTICLE I**
**ADDITIONS TO TRUST** ................................................................................... 1

**ARTICLE II**
**BENEFICIARIES AND TRUST NAME** ........................................................... 1

**ARTICLE III**
**DISTRIBUTION OF INCOME AND PRINCIPAL**
**DURING THE LIFE OF THE TRUSTORS** ..................................................... 2

**ARTICLE IV**
**DISTRIBUTION AND ADMINISTRATION**
**AFTER THE DEATH OF A TRUSTOR** ........................................................... 5

**ARTICLE V**
**DISTRIBUTION AND ADMINISTRATION**
**AFTER THE DEATH OF BOTH TRUSTORS** .................................................. 9

**ARTICLE VI**
**TRUSTEE'S DISCRETION ON DISTRIBUTION**
**TO PRIMARY BENEFICIARIES** ................................................................... 10

**ARTICLE VII**
**DISTRIBUTIONS IN KIND** ............................................................................ 12

**ARTICLE VIII**
**IRREVOCABLE TRUST** .................................................................................. 12

**ARTICLE IX**
**ADDITIONAL PROPERTIES** ........................................................................ 12

**ARTICLE X**
**INCOMPETENCY OF BENEFICIARIES** ...................................................... 12

**ARTICLE XI**
**PROVISIONS RELATING TO TRUSTEESHIP** ............................................. 13

**ARTICLE XII**
**TRUST CONSULTANT'S LIMITED POWER OF AMENDMENT** ................. 16

**ARTICLE XIII**
**TRUSTEE POWERS AND LIMITATIONS** ..................................................... 17

**ARTICLE XIV**
**MERGER OF TRUSTS** ................................................................................... 28

**ARTICLE XV**
**GENERAL PROVISIONS** ............................................................................... 29

# TRUST AGREEMENT
## OF THE

THIS TRUST AGREEMENT made this 15th day of October, 2011, by and between Mary Lou Ray (hereinafter sometimes referred to as "Trustors" or "Grantors"), Kelli Austin (hereinafter referred to as "Investment Trustee"); Laura Imbach (hereinafter referred to as "Distribution Trustee").  For purposes of this Trust Agreement the Investment Trustees may also sometimes hereinafter collectively be referred to as "Trustee";

*Witnesseth*:

WHEREAS, the Trustors desire by this Trust Agreement to establish an **Irrevocable** Trust upon the conditions and for the purposes set forth in this instrument.

NOW, THEREFORE, the Trustors hereby give, grant and deliver **Irrevocably**, IN TRUST, unto the Investment Trustees, the properties described in the Asset Inventory, TO HAVE AND TO HOLD THE SAME IN TRUST, and to manage, invest, and reinvest the same, and any later additions thereto, subject to the terms and conditions thereto.

## ARTICLE 1
## ADDITIONS TO TRUST

Additional property may be accepted by the Investment Trustees at a later time.  The Trust shall be on a calendar year, ending December 31st of each year, for Trust tax and accounting purposes.  Property subject to this instrument is referred to as the "Trust estate."

## ARTICLE 2
## BENEFICIARIES AND TRUST NAME

a)      **Beneficiaries**.  The Trust shall be for the benefit of Annabelle Grace Aislyn Kelly-Ray (distributions may be a maximum of 100% and a minimum of 45%), Aidan Williams (distributions may be a maximum of 25% and a minimum of 0%), David Ray (distributions may be a maximum of 5% and a minimum of 0%), Brandon Ray (distributions may be a maximum of 5% and a minimum of 0%), Rebecca Ray (distributions may be a maximum of 5% and a minimum of 0%), Jonathan Ray (distributions may be a maximum of 15% and a minimum of 0%), Alanna Coker (distributions may be a maximum of 5% and a minimum of 0%) and Alex Edwards (distributions may be a maximum of 5% and a minimum of 0%) and for other beneficiaries named herein.  This

Page 1

Trust may also be for the benefit of any tax-exempt charities, which qualify as such under the laws of the United States of America by the Internal Revenue Service or other agency of the government of the United States of America for which contributions to such qualified charity may qualify for the charitable income tax deduction under Code Section 170, or any successor legislation thereto.

b)   **Name**.  The Trust created in this instrument may be referred to as the CAMELOT NEVADA TRUST.

## ARTICLE 3
## DISTRIBUTION OF INCOME AND PRINCIPAL
## DURING THE LIFE OF THE TRUSTORS

a)   **Distribution of Income and Principal**.  During the lifetime of the Trustors, and until the death of both Trustors, any property which is directed to be held in accordance with the terms and conditions set forth in this Article shall be held, by the Trustees, IN TRUST, for the following use and purposes:  To manage, invest and reinvest the same, to collect the income thereof, and to pay over or apply the net income and/or principal thereof, and in such amounts and proportions, including all to one to the exclusion of the others, and at such time or times as the Trustees, in their sole and absolute discretion, shall determine, to or for the benefit of such one or more members of the class consisting of both Trustors and the Trustors' issue, and other beneficiaries named herein or as described in Section 2.1 above, until the death of the Trustors.  Any net income (which may be the whole of such income) not so paid over or applied shall be accumulated and added to the principal of the trust at least annually and thereafter shall be held, administered and disposed of as part thereof.

b)   **Trustor's Veto Right**.  During the lives of the Trustors, at least ten (10) days prior to making any payment or application of income or principal to any beneficiary other than a Trustor, the Distribution Trustees shall advise the Trustors of the Investment Trustees' intention to pay over or apply income or principal to a beneficiary other than the Trustors and the Trustors may veto any such intended payment or application by directing the Distribution Trustees in writing not to make and/or authorize the payment or application, and, if such veto is exercised by the Trustors, the Distribution Trustees shall not make and/or authorize the intended payment or application to the intended beneficiary.  The Trustors retain the right to renounce the veto power granted to the Trustors in this Article III by delivery of an acknowledged written instrument to the Trustees renouncing such veto power.  Upon the death or incapacity of either Trustor, the surviving Trustor or the Trustor who is not incapacitated, as the case may be, shall have the sole right to exercise the veto power described herein.

c)　　**Distributions to a Trustor**. Notwithstanding anything in this Trust Agreement to the contrary, any decision to make a distribution to a Trustor may not be made by a Trustor, even though a Trustor may be serving as a Trustee hereunder.  Prior to any distribution to either Trustor of either income or principal of the Trust estate, a meeting of a majority of the Trustees, which majority must also include a majority of the Distribution Trustees, shall be held.  At such meeting, the Trustees shall discuss the advisability of making a distribution of the Trust estate to the Trustors.  Upon the vote of the Distribution Trustees and a majority of the Investment Trustees, which vote must in all events include the affirmative vote of a majority of the Distribution Trustees, the Trustees may authorize and carry out the distribution of Trust income and/or principal to the Trustors.

Notwithstanding the foregoing, a meeting of the Investment Trustees and the Distribution Trustees shall be effective whether held in person, by telephone or by other electronic means.  In addition, the Trustees may also affect a valid meeting hereunder by execution of a written consent in lieu of the Trustees' meeting, which shall specifically state the amount of the Trust estate to be distributed to Trustors.  However, for any written consent to be effective, it must be by written consent, subscribed to by a majority of the Investment Trustees and by all Distribution Trustees.

d)　　**Unauthorized Distributions to a Trustor**.  In the event any distribution of any of the Trust estate shall be made to either or both Trustors, and if such distribution is not previously authorized pursuant to Section 3.3 above, then such distribution made to the Trustors or either of them shall be void and the Distribution Trustees shall have a lien against the Trust estate distributed to the Trustors and such lien shall also extend, if necessary to make the Trust estate whole, to any or all other assets of the Trustors.  For as long as any portion of the Trust estate has passed without proper authorization out of Trust to either Trustor, upon return of the unauthorized distribution, the Trustors shall return to the Trust estate the value of the unauthorized distribution plus interest on the value of such unauthorized distribution, at a rate of One Percent (1%) per month, compounded monthly.  In the event of any such unauthorized distribution, the Distribution Trustees shall give notice of the unauthorized distribution to the other named non-charitable beneficiaries hereunder as set forth in Section 2.1 above.  Furthermore, the Distribution Trustees shall have all other rights and powers as shall be necessary to recover from the Trustors the unauthorized distributions and to make the Trust estate whole.

e)　　**Power of Appointment**. While both Trustors are living, they shall have the testamentary power to direct the Trustee to pay over and distribute trust principal from the Trust estate in the manner provided in a special testamentary power of appointment signed by the Trustors and delivered to the Trustee.  The Trustors' power to appoint beneficiaries of the Trust shall be unlimited; provided, however, that the Trustors may not appoint the Trust estate, or any part thereof,

to the Trustors, the estates of the Trustors, the Trustors' creditors, or to creditors of the Trustors' estates. The power of appointment shall not be limited with regard to the shares or proportions to be allocated or with regard to whether a distribution shall be outright or held in trust. If the Trustors have failed to appoint beneficiaries as provided above, then the remaining assets of the Trust shall be distributed as provided for in Article IV below. Upon the death of one Trustor, the other then surviving Trustor, with respect to the Nevada Survivor's Trust only, shall retain the right to exercise the special testamentary power of appointment, signed by the surviving Trustor and delivered to the Trustee. The surviving Trustor's power to appoint beneficiaries of the Nevada Survivor's Trust shall be unlimited; provided, however, that the Trustor may not appoint the Trust estate, or any part thereof, to the surviving Trustor, the estate of the surviving Trustor, the surviving Trustor's creditors, or to the creditors of the surviving Trustor's estate. The power of appointment shall not be limited with regard to the shares or proportions to be allocated or with regard to whether a distribution shall be outright or held in trust. If the surviving Trustor has failed to appoint beneficiaries as provided above, then the remaining assets of the Nevada Survivor's Trust shall be distributed as provided for in Article V below.

f)  **Trustors' Retained Powers of Administration**. Notwithstanding any provisions contained herein to the contrary, either Trustor, whether or not acting in capacity as an Investment Trustee hereunder, shall have the power to reacquire the Trust corpus by substituting therefore other property of an equivalent value. This power may be exercised by a Trustor in a nonfiduciary capacity without the approval or consent of any Trustee, Co-Trustee or other person acting in a fiduciary capacity with respect to the Trusts created hereunder other than the right in the Trustee(s) to require fair appraisals of property received from Trustors or transferred to Trustors in such substitution. This power of substitution shall apply only to a Trustor, and shall not override N.R.S. 163.050 with respect to a trustee's acts of buying from or selling to an affiliate other than as specifically provided herein with respect to transfers between the Trustees and Trustors for fair value. Trustors understand that retention of such powers shall cause the Trust income to be taxable to them under Subchapter J, Subpart E of the Internal Revenue Code of 1986, as amended, and agree to pay all income taxes attributable to such Trust income. A Trustor may irrevocably relinquish this power of substitution at any time by a writing given to the Trustee.

g)  **Applicability of N.R.S. Chapter 166 on Death of First Trustor to Die**. Upon the death of the first Trustor to die, the Nevada Exemption Trust(s) shall be established solely with the Decedent's separate property and/or with the Decedent's one-half (1/2) share of the community property. N.R.S. Chapter 166 provides that the settlor of a Nevada trust may not make distributions of any of the trust estate to the settlor. Because the Survivor is not the settlor of the Nevada Exemption Trust, the N.R.S. Chapter 166 prohibitions against a settlor (Trustor) making distributions of any of the Trust estate to himself or herself is not applicable. Therefore, with

Page 4

respect to the appointment of Trustees hereunder, following the death of the first Trustor to die (i.e. the "Decedent"), the Distribution Trustees shall not act as Trustee of any of the Trusts created pursuant to Subsection 4.3(b)(2), and the powers of the Distribution Trustees shall only be applicable to the Nevada Survivor's Trust, as created pursuant to Subsection 4.3(b)(1) and as to be administered pursuant to Section 4.4.

# ARTICLE 4
## DISTRIBUTION AND ADMINISTRATION
## AFTER THE DEATH OF A TRUSTOR

a) **Decedent and Survivor Defined**.  Reference to the "Decedent" shall refer to either of the Trustors whose death shall first occur and reference to the "Survivor" shall refer to the surviving Trustor.

b) **Simultaneous Death**.  If the Trustors' deaths occur simultaneously or in unknown order, then Laura Imbach shall be deemed to have died first and Kelli Austin shall be deemed to be the Survivor.

c) **Division of Trust Assets**.  After the death of the Decedent, the Investment Trustee shall administer and divide the Trust estate, including all property received by the Trustee by reason of Decedent's death as follows:

i) The Investment Trustee may, in the Investment Trustee's sole discretion, pay from the income and/or principal of Decedent's one-half of the community property, which is a part of this Trust estate, the administrative expenses for the Decedent's estate.  The Investment Trustee may also pay the expenses of the funeral of the Decedent.

ii) The remainder of the Trust estate and the property received by the Investment Trustee by reason of Decedent's death shall be divided into two separate trusts and administered as hereinafter provided:

(1) **The Nevada Survivor's Trust**.  The Investment Trustee shall allocate to the Nevada Survivor's Trust (i) the Survivor's separate property interest in the Trust estate and (ii) the Survivor's one-half interest in the community property of the Trust estate.

(2) **The Nevada Exemption Trust**.  The Investment Trustee shall next allocate to the Nevada Exemption Trust, from (i) the Decedent's separate property interest in the Trust estate and (ii) the Decedent's interest in the community property of the Trust estate, a sum not to exceed the maximum amount that can pass to the Trust free of Federal Estate Tax, after taking into account all available deductions, the unified credit and the state death tax credit (provided use of this credit does not result in an increase in the state death taxes paid) allowable to the Decedent's estate, and after also taking account

of property disposed of by previous articles in this Trust and property passing outside of this Trust which is includible in the Decedent's gross estate and which does not qualify for the marital or charitable deduction, and after taking account of charges to principal that are not allowed as deductions in computing the deceased spouse's Federal Estate Tax.  This allocation may be satisfied in cash or in kind, including undivided interests in property.  In allocating assets to this Trust, the Investment Trustee shall first allocate to it any separate property of the Decedent.

(3)   **Residue**.  If the Survivor survives the Decedent by a period of 180 days, all other property of the Decedent shall be allocated to the Nevada Survivor's Trust.  If the Survivor does not so survive, then all other property of the Decedent shall be distributed to the Nevada Exemption Trust.

iii)   The values to be used in computing the property to be allocated to the Nevada Exemption Trust shall be those finally used in determining the federal estate tax.  The property to be allocated by the Investment Trustee to the Nevada Exemption Trust shall be selected by the Investment Trustee and, subject to the limitation set out hereinbelow, the values of the assets so allocated shall be those above directed to be used in computing the amount of the exemption equivalent.  In selecting property for allocation to the Nevada Exemption Trust, the Investment Trustee shall comply with the following rule:  The value of the property, including cash, so allocated shall be selected in such a manner as to have an aggregate fair market value fairly representative of appreciation or depreciation in value, to the date or dates of each allocation, of all property then available for such allocation in satisfaction of this devise and bequest to the Investment Trustee of the Nevada Exemption Trust.  In selecting assets to comply with the above rule, the Investment Trustee is authorized to allocate property in appropriate undivided interests.  It is not intended that the Nevada Exemption Trust shall qualify for the marital deduction under federal revenue laws then in force at the Decedent's death.

iv)   In the event the Investment Trustee receives property by inter vivos or testamentary transfer and directions are contained in the instrument of transfer for allocation to or among the respective trusts contained herein, the Investment Trustee shall make allocations in accordance with such directions, anything to the contrary herein notwithstanding.

v)   Any property which the Investment Trustee receives by reason of the Survivor's death shall be allocated directly to the Trusts created by Article V and shall be treated as if received through the Nevada Survivor's Trust.

d)   **Nevada Survivor's Trust**.  The Investment Trustee shall hold, manage, invest and reinvest the Nevada Survivor's Trust and shall collect the income thereof and dispose of the net income and principal in the same manner as provided for in ARTICLE III above, for the same beneficiaries as named in Section 2.1 above.  Upon the death of the Survivor, the Investment

Trustee may, in the Investment Trustee's sole discretion, pay from the income and/or principal of the Nevada Survivor's Trust, the administrative expenses and the expenses of the last illness and funeral of the Survivor.  Following such payments, the principal and undistributed income of the Nevada Survivor's Trust shall be administered as provided in Article V.

e) **Nevada Exemption Trust**.  The Investment Trustees shall hold, manage, invest and reinvest the Nevada Exemption Trust estate and shall collect the income therefrom and dispose of the net income and principal as follows:

i) During the lifetime of the Survivor, the Investment Trustees, in his or her absolute discretion, shall pay to the Survivor such amounts of the net income of the Nevada Exemption Trust estate as shall be necessary for the health, education, maintenance, and support of the Survivor.

ii) The Survivor shall have the discretionary power during the Survivor's lifetime or upon the Survivor's death to direct the Trustee to pay over and distribute trust principal from the Nevada Exemption Trust in the manner provided in a power of appointment signed by the Survivor and delivered to the Investment Trustees.  The Survivor's power to appoint beneficiaries of the Nevada Exemption Trust shall be limited to the issue of children of the beneficiaries originally listed above in Article 2 a) and any charitable organization designated by the majority of the beneficiaries eligible to receive distributions and the Biological Mothers of any Beneficiary approved by the Survivor and shall exclude the Survivor, the Survivor's estate, creditors of the Survivor, and creditors of the Survivor's estate.  The power of appointment shall not be limited with regard to the shares or proportions to be allocated or with regard to whether a distribution shall be outright or held in trust.  If the Survivor has failed to appoint beneficiaries as provided above, then the remaining assets of the Nevada Exemption Trust shall be distributed as provided for below.

iii) If, in the opinion of the Investment Trustee, the income from all sources of which the Investment Trustee has knowledge shall not be sufficient for the health, education, support and maintenance of the Survivor, the Investment Trustee is authorized to use and expend such part of the Trust principal as is necessary to meet such needs.

iv) If some or all of the Decedent's generation-skipping exemption is allocated to the property (or exempt portion of the property) that is otherwise to constitute the Nevada Exemption Trust and if that Trust would thereby have an inclusion ratio greater than zero, the Investment Trustee shall instead establish two separate trusts so that each has a generation-skipping inclusion ratio of either zero (the "Exempt Nevada Exemption Trust") or one (the "Nonexempt Nevada Exemption Trust"), and the Investment Trustee shall accomplish this by allocating to the Nonexempt Nevada Exemption Trust the maximum fractional portion of the property (described in paragraph (2) above) that is necessary to establish that trust with an inclusion ratio of one, while leaving the Exempt Nevada Exemption Trust with an inclusion ratio of zero.

v) The Investment Trustees' duty to report information or account to the beneficiaries of the Nevada Exemption Trust, other than the Survivor, is hereby waived.

vi)   Upon the death of the Survivor, the Investment Trustees shall administer the entire remaining income and principal of this Trust in accordance with Article V.

f)   **Payment of Taxes**.  The Investment Trustee of the Nevada Exemption Trust shall respect and comply with any directions given and provisions made by the Decedent's Will for the payment of debts of the Decedent and the expenses and other obligations of his or her estate, and for the payment and allocation of any death taxes resulting from his or her death.  To the extent these matters are not covered by the Decedent's Will, the Investment Trustee of the Nevada Exemption Trust shall (without charge to any beneficiary) pay all federal, state and foreign death taxes payable on or with respect to any property which passes or has passed under this agreement, under the Decedent's Will or otherwise and which qualifies for the federal estate tax marital deduction;  in all other respects the liability for and burden of federal, state and foreign death taxes imposed by reason of the Decedent's death, shall be paid by the person or from the property upon which an inheritance tax is specifically imposed or, in the case of estate or other taxes, shall be allocated or apportioned in accordance with federal and Nevada law; and the Trustee of the Nevada Exemption Trust may, in the Trustee's discretion, pay debts, last illness and funeral expenses of the Decedent and the administrative expenses and other obligations of his or her estate.  If, however, what would otherwise have been the Nevada Exemption Trust is instead established as two separate trusts under paragraph 4.5(d) above, the payments to be made from the Nevada Exemption Trust under this paragraph (a) shall be made first from the Nonexempt Nevada Exemption Trust.

## ARTICLE 5
## DISTRIBUTION AND ADMINISTRATION
## AFTER THE DEATH OF BOTH TRUSTORS

a)   **Distribution of Trust Assets**.  Upon the death of both Trustors, any remaining unappointed property, both income and principal of this Trust estate, shall be distributed to Annabelle Grace Aislyn Kelly-Ray (50%), Adian Williams (20%), David Ray (5%), Brandon Ray (5%), Rebecca Ray (5%), Jonathan Ray (5%), Alanna Coker (5%) and Alex Edwards (5%) if they are then living.  If Annabelle Grace Aislyn Kelly-Ray, Adian Williams, David Ray, Brandon Ray, Rebecca Ray, and Jonathan Ray are not then living, the remaining Trust estate, allocable as described, in the previous sentence, shall be divided into as many equal Trust shares as there are children of Annabelle Grace Aislyn Kelly-Ray, Adian Williams, David Ray, Brandon Ray, Rebecca Ray, and Jonathan Ray who are then living, (hereinafter referred to as "grandchildren of the Trustors" or "great-grandchild of the Trustors") and great-grandchildren of the Trustors who are deceased leaving issue then living, and these shares shall be distributed or retained as follows:

(1)     If any great-grandchild of the Trustors is then over the age of Thirty (30) years, his or her share shall be distributed to him or her, outright and free of Trust.

ii)     For each great-grandchild of the Trustors who is then under the age of Thirty (30) years, his or her share shall be retained in a separate Trust and, until the great-grandchild attains the age of Thirty (30) years, the net income and principal from each Trust share shall be distributed to the great-grandchild as is necessary, in the discretion of the Trustee, for the support, maintenance, education or health needs of the great-grandchild. Any excess income that is not distributed for these purposes shall be accumulated and added to principal.

iii)     Upon attaining the age of Thirty (30) years, the entire remaining balance of the great-grandchild's Trust share shall be distributed to the great-grandchild, outright and free of Trust.

iv)     If prior to full distribution a great-grandchild becomes deceased, his or her remaining share shall be distributed outright equally to his or her issue who are then living under the same terms and conditions as set forth in this section or, if there are no then living issue of the great-grandchild, his or her remaining share shall be distributed to the issue of any living descendant of Annabelle Grace Aislyn Kelly-Ray, Adian Williams, David Ray, Brandon Ray, Rebecca Ray, and Jonathan Ray by right of representation. However, if any such distributee is one for whom a Trust is then being administered under this Article V, the share of such distributee shall, instead of being distributed outright, be added to that Trust and administered and distributed in accordance with its terms.

b)     **<u>Last Resort Clause</u>**. In the event that the principal of the Trust administered under this Article V is not disposed of under the foregoing provisions, the remainder, if any, shall be distributed, outright and free of Trust, equally to the heirs at law of Mary Lou Ray and any subsequent Grantor and one-half their identities and shares to be determined according to the laws of the State of Nevada then in effect relating to the intestate succession of separate property.

## <u>ARTICLE 6</u>
## <u>TRUSTEE'S DISCRETION ON DISTRIBUTION</u>
## <u>TO PRIMARY BENEFICIARIES</u>

Notwithstanding the distribution provisions of this Trust Agreement, with respect to the distributions provided for above, the following powers and directions are given to the Distribution Trustees:

i)     If, upon any of the dates described herein, the Trustee for any reason described below determines, in the Trustee's sole discretion, that it would not be in the best interest of the beneficiary that a distribution take place, then in that event the said distribution shall be totally or partially postponed until the reason for the

postponement has been eliminated.  During the period of postponement, the Trustee shall have the absolute discretion to distribute income or principal to the beneficiary as the Trustee deems advisable for the beneficiary's welfare.

ii)    If said causes for delayed distribution are never removed, then the Trust share of that beneficiary shall continue until the death of the beneficiary and then be distributed as provided in this Trust Instrument.  The cases of such delay in the distribution shall be limited to any of the following:

(1)    The current involvement of the beneficiary in a divorce proceeding or a bankruptcy or other insolvency proceedings.

(2)    The existence of a large judgment against the beneficiary.

(3)    Chemical abuse or dependency, or the conviction of the beneficiary of a felony, involving drugs or narcotics, unless a five-year period has followed said conviction.

(4)    The existence of any event that would deprive the beneficiary of complete freedom to expend the distribution from the Trust estate according to his or her own desires.

(5)    In the event that a beneficiary is not residing in the United States of America at any given time, then the Trustee may decline to transmit to him or her any part or all of the income and shall not be required to transmit to him or her any of the principal if, in the Trustee's sole and uncontrolled judgment, the political and/or economic conditions of such place of residence of the beneficiary are such that it is likely the money would not reach him or her, or upon reaching him or her, would be unduly taxed, seized, confiscated, appropriated, or in any way taken from him or her in such a manner as to prevent his or her use and enjoyment of the same.

(6)    The judicially declared incompetency of the beneficiary.

iii)    The Trustee shall not be responsible unless the Trustee has knowledge of the happening of any event set forth above.

iv)    To safeguard the rights of the beneficiary, if any distribution from his or her Trust share has been delayed for more than one (1) year, he or she may apply to the District Court in Las Vegas, Nevada, for a judicial determination as to whether the Trustee has reasonably adhered to the standards set forth herein.  The Trustee shall not have any liability in the event the Court determines the Trustee made a good faith attempt to reasonably follow the standards set forth above.

## ARTICLE 7
## DISTRIBUTIONS IN KIND

The Trustee is authorized and empowered, in the Trustee's sole discretion, to make distributions in kind, or partly in cash and partly in kind, or by granting, transferring or assigning an undivided interest.  The judgment of the Trustee concerning the valuation for the purposes of such distribution of the property or security shall be binding and conclusive on all parties interested herein.

## ARTICLE 8
## IRREVOCABLE TRUST

The Trust is irrevocable and may not be altered, amended or revoked.  Should any power or interest be held, retained or hereafter acquired by the Trustors or Trustee which would cause or appear to cause the Trust estate for any reason to be subject to the claims of any creditors, then the Trustors and Trustee shall be permitted to abandon or release any such powers or interests.

## ARTICLE 9
## ADDITIONAL PROPERTIES

It is agreed by and between the parties hereto that the Trustors shall have the right, at any time, to devise, bequeath, grant, convey, give or transfer additional real, personal or mixed properties to the Trust by inter vivos act or by will, subject to the same terms and conditions as the original provisions of this Trust Agreement, and said additions shall be evidenced by receipt therefore signed by the Trustee.

## ARTICLE 10
## INCOMPETENCY OF BENEFICIARIES

During any period in which a beneficiary may be declared judicially incompetent, or if in the sole judgment of the Trustees the beneficiary is unable to care for himself or herself, the Trustees may pay over to, or use for the benefit of such beneficiary the net income or any part or all of the principal of the Trust estate which has been set aside for that beneficiary, in such manner as the Trustees shall deem necessary or desirable for such beneficiary's best interests.

## ARTICLE 11
## PROVISIONS RELATING TO TRUSTEESHIP

a)      **Trustee Defined**.  Except where specific powers are given to the Distribution Trustees as provided herein, wherever the term "Trustee" is used, it shall be deemed to mean the Investment Trustee.

b)      **Successor Investment Trustee**.  Upon the death or resignation of Laura Imbach then Kelli Ausitn shall serve as the Successor Investment Trustee hereunder.

c)      **Successor Distribution Trustees**.  Upon the death, resignation or removal of Kelli Austin then Laura Imbach shall serve as the Successor Distribution Trustees hereunder; provided, however, that in the event of the death of both Trustors, the Distribution Trustees shall cease to serve as Trustee hereunder, and the administration and distribution of the Trust estate shall

thereupon be under the exclusive control of the Investment Trustee(s).  In no event shall a Trustor serve as a Distribution Trustees.

d)    **Trust Consultant**. BVR, Inc. (herein known as the "Consultant" to the Trust), shall have the right and power by giving ten (10) days written notice to the Trustee to remove any Trustee named herein (except the Trust Consultant may not remove the Trustor as a Trustee hereunder), and/or any Successor Trustee, and to appoint any persons to serve as Trustee(s) or as Co-Trustees of the Trusts created hereunder.  In the event of the death, resignation, incompetency, dissolution or failure to serve of any Trustee, then the Trust Consultant shall have the power to appoint a Successor Trustee as provided above.  In the event he shall fail to appoint a Successor Trustee, then a majority of the Adult Beneficiaries may appoint any person to so serve.  At all times at least one Trustee serving shall be a Nevada Trustee, as defined below, unless the Trustees shall choose to administer the Trust under a jurisdiction outside the State of Nevada.

e)    **Resignation Of Trustee and Accounting**.  Any Trustee named herein, and any Successor Trustees, shall have the right to resign at any time by giving five (5) days written notice to the Trustors, during their lifetimes, or to the Beneficiaries after the death of both Trustors.

f)    **Liability Of Successor Trustee**.  No Successor Trustee shall be liable for the acts, omissions, or default of the prior Trustees.  Unless requested in writing by an adult beneficiary of a Trust hereunder within sixty (60) days of appointment, no Successor Trustee shall have any duty to audit or investigate the accounts or administration of any such Trustee, and may accept the accounting records of the predecessor Trustee showing assets on hand without further investigation and without incurring any liability to any person claiming or having an interest in the Trust.

g)    **Acceptance By Trustee**.  A Trustee shall become Trustee or Co-Trustee jointly with any remaining or surviving Co-Trustees, and assume the duties thereof, immediately upon delivery of written acceptance to the Trustors, during their lifetimes and thereafter to any Trustees hereunder, or to any beneficiary hereunder, if for any reason there shall be no Trustee then serving, without the necessity of any other act, conveyance, or transfer.

h)    **Majority**.  Subject to any limitations stated elsewhere in this Trust Indenture, all decisions affecting any of the Trust estate shall be made in the following manner: While three or more Investment Trustees are in office, the determination of a majority shall be binding.  If only one or two Investment Trustees are in office, they must act unanimously.  While three or more Distribution Trustees are in office, the determination of a majority shall be binding.  If only one or two Distributions Trustees are in office, they must act unanimously.

i)    **Expenses and Fees**.  Any Trustee, while serving hereunder, shall be entitled to be reimbursed for expenses incurred on behalf of the Trust and to reasonable compensation for services

rendered on behalf of the Trust.  In no event, however, shall the fees exceed those fees that would have been charged by state or federal banks in the jurisdiction in which the Trust is being governed.

j)      **Acknowledgment By Trustee of Trust Property**.  The Investment Trustees hereby acknowledge receipt of, and accept the property and the Trusts created hereunder on the terms and conditions stated and agree to care for, manage and control the same in accordance with directions herein specified; to furnish the Trustors and the Distribution Trustees no more frequently than annually if requested to do so, in writing, a statement showing the condition of their respective Trust properties, the character and amounts of the investments and liabilities and the receipts, expenses and disbursements since the last previous statement.  The books of account of the Investment Trustees in connection with the investment and the books of account of the Distribution Trustees shall at all times be open to the reasonable inspection of the Trustors while living and to the other beneficiaries after the death of both Trustors, or their duly qualified representatives and such person or persons as they may designate for that purpose.

k)      **Trustee Actions**.  Any Trustee may freely act under all or any of the powers of this agreement given to the Trustee in all matters concerning the Trust, after forming judgment based upon all the circumstances of any particular situation as to the wisest and best course to pursue in the interest of the Trust and the beneficiaries hereunder, without the necessity of obtaining the consent or permission of any person interested herein (subject to the Trustors' veto power granted pursuant to Section 3.2 above and subject to the distribution authorizations as provided for in Section 3.3 above), or the consent or approval of any court, and notwithstanding that the Trustee may also be acting individually, or as Trustee of other Trusts, or as agents of other persons or corporations interested in the same matters, or may be interested in connection with the same matters as stockholders, directors or otherwise; provided, however, that the Trustee shall exercise such powers at all times in a fiduciary capacity, primarily in the interest of the beneficiaries hereunder.

l)      **Bond**.  No bond shall ever be required of any Trustee hereunder, unless requested by either or both Trustors or, following the death or incapacity of both Trustors, a majority of the beneficiaries hereunder, in which event the Trust estate shall pay for such bond or shall reimburse the Trustee for any payment made by the Trustee for a bond.

m)      **Nevada Trustee**.  A Nevada Trustee is a person who/which is either (a) a natural person who resides in or is domiciled in the State of Nevada, **or** (b) a bank or trust company organized under federal law or under the laws of the State of Nevada or another state which maintains an office in the State of Nevada for the transactions of business.  "Nevada Trustee" is also defined to include any person which qualifies as a Nevada Trustee pursuant to Nevada Revised Statutes Chapter 166.

n)    **Distribution Trustees**.  Any Trustee designated as a Distribution Trustees shall only be allowed to exercise discretion over distributions of the Trust estate as explicitly provided for herein.  Said Trustee shall not be responsible for investment decisions for the Trust.  However, any provision in the Trust Agreement to the contrary notwithstanding, the Distribution Trustees shall also have primary authority and responsibility to maintain the records of the Trust, prepare all necessary accountings and prepare all tax returns of the Trust.  The Investment Trustees, by accepting the Investment Trusteeship, agree to indemnify and hold harmless the Distribution Trustees for all actions made by the Distribution Trustees in the capacity as Distribution Trustees, except for willful misconduct or actions of gross negligence.

o)    **Investment Trustee**.  The Investment Trustee(s) shall at all times have the exclusive custody of the entire Trust estate and shall be the legal owner(s) of the Trust estate.  The title to Trust properties need not include the name of the Distribution Trustees, and all Trustee powers, as set forth in Section 13.1 below, may be effected under the sole and exclusive control of the Investment Trustees, subject to the requirements for authorization of distributions to Trustors as set forth in Section 3.3 above, and as to the other powers vested in the Distribution Trustees as set forth in Article III, Article VI and Section 11.14 above.

## ARTICLE 12
## TRUST CONSULTANT'S LIMITED POWER OF AMENDMENT

a)    **Trust Consultant's Limited Powers**.  In the case of each separate trust at any time in existence hereunder, such trust's then Consultant, other than any (i) one who has ever made a gift transfer to such trust, or (ii) who is prohibited by the provisions of Section 12.2 below from participating in this amendment involved, from time to time may, notwithstanding any other provision of this Instrument, amend or restate this Instrument, including its dispositive, administrative and other provisions of all kinds, in order to permit such Trustees:

    i)    To cope with tax and/or other circumstantial changes that may affect such trust and/or its beneficiaries; and/or

    ii)   To remove from the governing trust instruments any provisions which have become "deadwood" (i.e., no longer operative in the ongoing administration of such trust due to changed circumstances) with respect to (i) such trust, and (ii) all trusts that are subsequently to come into existence under this Instrument to hold part or all of the assets of such trust, in whatever way or ways such Trustees, in the exercise of such Trustee's sole discretion, may deem appropriate in the best interests, as interpreted by such Trustee(s) alone, of the beneficiary(ies) of such trust(s) and of each beneficiary's family as a whole.  Such Trustees shall be guided by what, in the sole judgment of such Trustees alone, would apparently be the Trustors' original intent hereunder in the light of the changed circumstances.

b)      **Limitation of Powers**.    Notwithstanding the foregoing, however, under no circumstances (i) shall any Consultant, who is also a beneficiary of any such trust, participate in any amendment which may result in such Consultant/beneficiary receiving any direct or indirect financial benefit from any such trust, nor (ii) shall any such amendment:

i)      Extend the period of any such trust's existence beyond the already applicable rule against perpetuities limitation period specified herein;

ii)     Diminish in any way (that is not controlled by the beneficiary) any enforceable right a beneficiary may already have (under the then terms of this Instrument) to receive the income of any trust, currently or at any time in the future (but, to the extent an amendment benefits or grants a power to a current beneficiary of that trust it may diminish the rights of one or more beneficiaries to receive in the future the income of that trust or of any trust subsequently to come into existence to hold part of all of the assets of that trust);

iii)    Reduce in any way the restrictions and limitations on (i) Trustors and fiduciary actions as set forth herein (ii) the Consultant's limited powers of amendment under this Article and (iii) who (or what institutions) can qualify to fill any office of Trustee hereunder as set forth herein, unless such reduction of restrictions and/or limitations will not have any adverse tax effect on such trust or any of its beneficiaries (all of which provisions, referred to in (i), (ii) and (iii) above, however, may be amended, irrevocably and binding on successors, to increase such restrictions and limitations in any way such amending Consultant's may deem appropriate);

iv)     Give (i) any Trustee any powers or discretion that are either granted exclusively to a Co-Trustee or from the exercise of which such Trustee is excluded for any reason, nor (ii) anyone acting in a nonfiduciary capacity any powers granted herein to fiduciaries unless, in either case, such amendment will not have any adverse tax effect on such trust or any of its beneficiaries;

v)      Make any change that would have the effect of disqualifying any such trust insofar as such trust, prior to such amendment, otherwise qualified for and was in fact already taking advantage of, while such advantage otherwise will continue, (i) any exemption from a surviving spouse's elective right or from any creditor's right to levy on any beneficiary's interest in any such trust, or (ii) protection provided pursuant to the spendthrift provisions as set forth herein; and

vi)     Any such amendment shall be by written instrument, executed by such amending Consultant, setting forth the trust or trusts hereunder to which the amendment applies and the effective date of such amendment.

## ARTICLE 13
## TRUSTEE POWERS AND LIMITATIONS

a) **Trustee's Powers**.  No Trustee shall be liable to any beneficiary or heir of the Trustors for the Trustee's acts or failure to act, except for willful misconduct or gross negligence.

The Investment Trustees shall have the following powers, all of which are to be exercised in a fiduciary capacity:

i)   With respect to real property: to sell and to buy real property; to mortgage and/or convey by deed of trust or otherwise encumber any real property now or hereafter owned by this Trust (including, but not limited to any real property, the Trustee may hereafter acquire or receive) to lease, sublease, release; to eject, remove and relieve tenants or other persons from, and recover possession of by all lawful means; to accept real property as a gift or as security for a loan; to collect, sue for, receive and receipt for rents and profits and to conserve, invest or utilize any and all of such rents, profits and receipts for the purposes described in this paragraph; to do any act of management and conservation, to pay, compromise, or to contest tax assessments and to apply for refunds in connection therewith; to employ laborers; to subdivide, develop, dedicate to public use without consideration, and/or dedicate easements over; to maintain, protect, repair, preserve, insure, build upon, demolish, alter or improve all or any part thereof; to obtain or vacate plats and adjust boundaries; to adjust differences in valuation on exchange or partition by giving or receiving consideration; to release or partially release real property from a lien.

ii)  To register any securities or other property held hereunder in the names of Trustees or in the name of a nominee, with or without the addition of words indicating that such securities or other property are held in a fiduciary capacity, and to hold in bearer form any securities or other property held hereunder so that title thereto will pass by delivery, but the books and records of Trustees shall show that all such investments are part of their respective funds.

iii) To hold, manage, invest and account for the separate Trusts in one or more consolidated funds, in whole or in part, as they may determine.  As to each consolidated fund, the division into the various shares comprising such fund need be made only upon Trustees' books of account.

iv)  To lease Trust property for terms within or beyond the term of the Trust and for any purpose, including exploration for and removal of gas, oil, and other minerals; and to enter into community oil leases, pooling and unitization agreements.

v)   To borrow money, mortgage, pledge or lease Trust assets for whatever period of time Trustee shall determine, even beyond the expected term of the respective Trust.

vi)  To hold and retain any property, real or personal, in the form in which the same may be at the time of the receipt thereof, as long as in the exercise of their discretion it

may be advisable so to do, notwithstanding same may not be of a character authorized by law for investment of Trust funds.

vii)    To invest and reinvest in their absolute discretion, and they shall not be restricted in their choice of investments to such investments as are permissible for fiduciaries under any present or future applicable law, notwithstanding that the same may constitute an interest in a partnership.

viii)   To advance funds to any of the Trusts for any Trust purpose.  The interest rate imposed for such advances shall not exceed the current rates.

ix)     To institute, compromise, and defend any actions and proceedings.

x)      To vote, in person or by proxy, at corporate meetings any shares of stock in any Trust created herein, and to participate in or consent to any voting Trust, reorganization, dissolution, liquidation, merger, or other action affecting any such shares of stock or any corporation which has issued such shares of stock.

xi)     Except as limited in Section 3.3 above, to partition, allot, and distribute, in undivided interest or in kind, or partly in money and partly in kind, and to sell such property as the Trustees may deem necessary to make division or partial or final distribution of any of the Trusts.

xii)    To determine what is principal or income of the Trusts and apportion and allocate receipts and expenses as between these accounts.

xiii)   Except as limited by Section 3.3 above, to make payments hereunder directly to any beneficiary under disability, to the guardian of his or her person or estate, to any other person deemed suitable by the Trustees, or by direct payment of such beneficiary's expenses.

xiv)    To employ agents, attorneys, brokers, and other employees, individual or corporate, and to pay them reasonable compensation, which shall be deemed part of the expenses of the Trusts and powers hereunder.

xv)     To accept additions of property to the Trusts, whether made by the Trustors, a member of the Trustors' family, by any beneficiaries hereunder, or by any one interested in such beneficiaries.

xvi)    To hold on deposit or to deposit any funds of any Trust created herein, whether part of the original Trust fund or received thereafter, in one or more savings and loan associations, bank or other financial institution and in such form of account, whether or not interest bearing, as Trustees may determine, without regard to the amount of any such deposit or to whether or not it would otherwise be a suitable investment for funds of a trust.

xvii)   To open and maintain safety deposit boxes in the name of this Trust.

xviii)  Except as limited to by Section 3.3 above, to make distributions to any Trust or beneficiary hereunder in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, and to do so without regard to the income tax basis of specific property so distributed.   The Trustors request but do not direct, that the Trustees make distributions in a manner which will result in maximizing the aggregate increase in income tax basis of assets of the estate on account of federal and state estate, inheritance and succession taxes attributable to appreciation of such assets.

xix)    Except as limited by Section 3.3 above, the powers enumerated in NRS 163.265 to NRS 163.410, inclusive, are hereby incorporated herein to the extent they do not conflict with any other provisions of this instrument.

xx)     The enumeration of certain powers of the Trustees shall not limit their general powers, subject always to the discharge of their fiduciary obligations, and being vested with and having all the rights, powers, and privileges which an absolute owner of the same property would have.

xxi)    To invest Trust assets in securities of every kind, including debt and equity securities, to buy and sell securities, to write covered securities options on recognized options exchanges, to buy-back covered securities options listed on such exchanges, to buy and sell listed securities options, individually and in combination, employing recognized investment techniques such as, but not limited to, spreads, straddles, and other documents, including margin and option agreements which may be required by securities brokerage firms in connection with the opening of accounts in which such option transactions will be effected.

xxii)   To sell any property in the Trust estate, with or without notice, at public or private sale and upon such terms as the Trustee deems best, without appraisement or approval of court.

xxiii)  To invest and reinvest principal and income in such securities and properties as the Trustees shall determine.   The Trustees are authorized to acquire, for cash or on credit (including margin accounts), every kind of property, real, personal or mixed, and every kind of investment (whether or not unproductive, speculative, or unusual in size of concentration), specifically including, but not by way of limitation, corporate or governmental obligations of every kind and stocks, preferred or common, of both domestic and foreign corporations, shares or interests in any unincorporated association, Trust, or investment company, including property in which the Trustees are personally interested or in which the Trustees own an undivided interest in any other Trust capacity.

xxiv)   To deposit Trust funds in commercial savings or savings bank accounts in unlimited amounts for an unlimited period of time, with or without interest and subject to such

Page 18

restrictions upon withdrawal as the Trustees shall agree; any Trustee may sign on such account without any Trustee co-signature unless the signature card shall provide otherwise.

xxv) To borrow money for any Trust purpose upon such terms and conditions as may be determined by the Trustees, and to obligate the Trust estate for the repayment thereof; to encumber the Trust estate or any part thereof by mortgage, deed of trust, pledge or otherwise, for a term within or extending beyond the term of the Trust.

xxvi) To grant options and rights of first refusal involving the sale or lease of any Trust asset and to sell upon deferred payments, or to acquire options and rights of first refusal for the purchase or lease of any asset, to purchase notes or accounts receivable whether secured or unsecured.

xxvii) To employ and compensate, out of the principal or income or both, as the Trustees shall determine, such agents, persons, corporations or associations, including accountants, brokers, attorneys, tax specialists, certified financial planners, realtors, and other assistants and advisors deemed needful by the Trustees even if they are associated with a Trustee, for the proper settlement, investment and overall financial planning and administration of the trusts; and to do so without liability for any neglect, omission, misconduct, or default of any such person or professional representative provided such person was selected and retained with reasonable care.

(bb) To invest and reinvest all or any part of the assets of any trust in any money management or registered investment advisory service which would provide for professional management of any such assets.  In this regard, the Trustors specifically allow the Trustees to authorize the advisory service to have the discretionary authority to invest and reinvest the assets transferred to such advisor by the Trustees without the requirement of prior approval of the Trustees on any transactions.

(cc) Notwithstanding the prohibitions under N.R.S.  163.050 and any such Successor provisions, or notwithstanding any prohibitions against "self-dealing" as are provided under the laws of any other jurisdiction pursuant to which laws this Trust may be administered, any Trustees shall not be prohibited from engaging in acts of self-dealing with Trust property, either directly or indirectly, so long as such act of self-dealing is disclosed to the Distribution Trustees and so long as the Trustees, in selling his, her or their own property or selling other properties in an agency or other fiduciary capacity to the Trust or in purchasing Trust assets for his or her personal account or in purchasing Trust assets in an agency or other fiduciary capacity, gives fair consideration in exchange for all Trust properties received.  Where Trustees have engaged in acts of self-dealing for fair and adequate consideration, and has/have given notice to the Distribution Trustees and to the guardians of any minor beneficiaries, Trustees shall be relieved of any liability, sanction, and allegation of wrongdoing for such acts by any Court or other legal authority.

(dd)   To retain for any period of time any property which may be received or acquired, even though its retention by reason of its character or otherwise would not be appropriate apart from this provision.

(ee)   In the event the purchase, use or disposition of any trust property gives rise to either threatened or actual liability such that, in the sole opinion of the Trustees, the remaining assets of the Trust are thereby placed at risk of exposure to such liability, the Trustees shall be empowered to take such further and necessary steps as they deem prudent to protect and preserve the remaining assets of the trust, including but not limited to transferring such property giving rise to the threatened or actual liability to a separate trust formed to hold said property.  The Trustees shall be further empowered to appoint an independent third party to act as Trustee over the newly-formed trust, and such trust shall be administered according to, and governed by the terms of, this Trust Agreement.  The Beneficiaries of the new trust shall be the same beneficiaries as herein, and their interests in the new trust shall be in the same proportion as indicated herein.  The Trustees of the new trust shall maintain records and books of accounts which are independent of and separate from the records and accounts maintained hereunder.

(ff)   The Trustees shall have the power to deal with matters involving the actual, threatened or alleged contamination of property held in the Trust estate (including any interests in partnerships or corporations and any assets owned by such business enterprises) by hazardous substances, or involving compliance with environmental laws.  In particular, the Trustees may:

(1)   Inspect and monitor trust property periodically, as necessary, to determine compliance with any environmental law affecting such property, with all expenses of such inspection and monitoring to be paid from the income or principal of the trust;

(2)   Respond (or take any other action necessary to prevent, abate or "clean up") as it shall deem necessary, prior to or after the initiation of enforcement action by any governmental body, to any actual or threatened violation of any environmental law affecting any of such property, the cost of which shall be payable from trust assets;

(3)   Settle or compromise at any time any claim against the Trust related to any such matter asserted by any governmental body or private party;

(4)   Disclaim any power which the Trustees determine may cause it to incur liability as a result of any such matter, whether such power is set forth herein, or granted or implied by any statute or rule of law.

(gg)   The Trustees shall not be personally liable to any beneficiary or other party interested in the Trust, or to any third parties, for any claim against the Trust for the diminution in value of Trust property resulting from such matters, including any

Page 20

reporting of or response to (1) the contamination of Trust property by hazardous substances; or (2) violations of any environmental laws related to the Trust; provided that the Trustees shall not be excused from liability for its or their own negligence or wrongful willful act.

(hh)   When used in this document the term "hazardous substance(s)" shall mean any substance defined as hazardous or toxic or otherwise regulated by any federal, state or local law(s) or regulation(s) relating to the protection of the environmental or human health ("environmental law(s)").

(ii)   Notwithstanding any contrary provision of this instrument, the Trustees may withhold a distribution to a beneficiary until receiving from the beneficiary an indemnification agreement in which the beneficiary agrees to indemnify the Trustees against any claims filed against the Trustees pursuant to any federal, state or local statue or regulation relating to clean up or management of hazardous substances.

b)   **"Prudent Person" Rule**.  In addition to the investment powers conferred above, the Trustees are authorized (but are not directed) to acquire and retain investments not regarded as traditional for trusts, including investments that would be forbidden by the "prudent person" rule. The Trustee may, in his or her sole discretion, invest in any type of property, wherever located, including any type of security or option, improved or unimproved real property, and tangible or intangible personal property, and in any manner, including direct purchase, joint ventures, partnerships, limited partnerships, corporations, mutual funds, or any other form of participation or ownership whatsoever.  In making investments, the Trustees may disregard all of the following factors:

i)   Whether a particular investment, or the trust investments collectively, will produce a reasonable rate of return or result in the preservation of principal.

ii)   Whether the acquisition or retention of a particular investment, or the trust investments collectively, is consistent with any duty or impartiality as to the different beneficiaries.  The Trustors intend no such duty shall exist.

iii)   Whether the trust is diversified.  The Trustors intend no duty to diversity shall exist.

iv)   Whether any or all of the trust investments would traditionally be classified as too risky or speculative for trusts.  The entire trust may be so invested.  The Trustors intend the Trustees to have sole discretion in determining what constitutes acceptable risk and what constitutes proper investment strategy.

The Trustors' purpose in granting the foregoing authority is to modify the prudent person rule insofar as the rule would prohibit an investment or investments because of one or more factors listed above, or any other factor relating to the nature of the investment itself.  Accordingly, the Trustees shall not be liable for any loss in value of an investment merely because of the nature of the investment or the degree of risk presented by the investment, but shall be liable if the Trustees' procedures in selecting and monitoring the investment are proven by affirmative evidence to have been negligent, and such negligence was the proximate cause of the loss.

c)   **Permitted Methods of Distribution**.  Distributions will be permitted by using the following methods:

i)   With respect to any sum or property, whether income or principal, which is required or permitted to be distributed out of any trust hereunder to or for the benefit of any person, whether or not such person is, at the time, a minor and whether or not the Trustees of such trust determine such person to be under any  disability preventing such person from acting properly on such person's own behalf (irrespective of whether legally so adjudicated), such Trustees may make distribution or the same in any one or more of the following ways as such Trustee, from time to time, in his or her sole discretion, shall deem to be most expedient in the best interests of such person; namely, by paying, distributing or applying the same to:

(1)   Such person directly;

(2)   The duly appointed conservator, guardian or committee for such person, if any;

(3)   An apparently qualified individual (other than any donor to such trust) or bank who, in taking the same "as custodian for" such person under the appropriate state's Uniform Transfers to Minors Act, indicates that such sum or property will be treated in all respects as "custodial property" for the benefit of such person in accordance with the provisions of such act of such state (whether or not such act permits custodial property of such an origin) or other uniform gifts to minors or similar act in that state;

(4)   The parent, spouse or other individual having the care and custody of such person (other than any donor to such trust) who, as such person's natural guardian, shall agree to preserve the same for the immediate or ultimate benefit of such person (or such person's estate), but who shall not be obligated to qualify as a legal guardian or account to any probate court therefore;

(5)   The Trustee or Trustees of any trust, all of the assets of which are then fully and unqualifiedly withdrawable by such person;

(6)     The direct payment of any educational, medical or other property expense of such person (or any person to whose support or education such person would, in such Trustee's reasonable judgment, normally be expected to contribute), including expenses, such as taxes, repairs, etc., reasonably appropriate to preserving any assets belonging to such person, as long as such expense is not the legal obligation of any other person;

(7)     The purchase of stocks, bonds, insurance (the term "purchase" shall include any premium payment), or other properties of any kind, the ownership of which is registered in the sole name of such person; or

(8)     The making of a deposit into a bank, savings and loan association, brokerage or other similar account in the sole name of such person, provided that distribution shall be made in the manner described in subparagraphs (3) and (4) above only if legally enforceable indemnification in favor of such person is received against anyone other than such person (or such person's estate) benefiting thereby (even through the discharge of an obligation to support such person).  The receipt of or evidence of any such payment, distribution or application shall be a complete discharge and acquittance of such Trustee to the extent of such payment, distribution or application and, except for enforcement of any above described indemnification, such Trustee shall have no duty to see to the actual application of amounts so paid or distributed to others.

ii)     Notwithstanding the foregoing, however, where distributions are required to be made to or for the "direct" benefit of a person, only distributions made in the manner described in subparagraphs (1), (5), (6) (except for its parenthetical provision), (7) or (8) above shall be considered to have been made for the "direct" benefit of such person.

d)     **Use and Enjoyment of Trust Owned Personally and Realty**.  From time to time, the Trust estate may include residential real estate and/or tangible personal property.   The Distribution Trustees shall have the sole and absolute discretion to determine the possession, use and enjoyment of (i) all of the tangible personal property at any time held by such trust and (ii) all real property that may at any time constitute an asset of the trust and that could be occupied or used by a beneficiary (or beneficiaries) for residential purposes, whether as a primary residence, seasonal residence or otherwise.  Such use, possession and enjoyment may be without rent or other financial obligation and the Trustee of the Trust, to the extent of the Trust assets and except as they may be relieved of such obligation by such beneficiary (or beneficiaries), shall see to the timely payment of all taxes, insurance, maintenance, and repairs, safeguarding and other charges related to the preservation and maintenance of each and every such property.

e)   **Compensation of Trustees**.   All Trustees may receive reasonable compensation for services rendered hereunder, plus extraordinary fees, if applicable, determined annually.   Each separate Trust hereunder shall be chargeable with and may pay without application to any court:

i)       The reasonable expenses of its Trustee(s) in the administration of such Trust, including the fees and expenses of such agents, attorneys, accountants and advisors as such Trustee(s) may employ in the administration of such Trust.

ii)      Compensation for a Corporate Trustee's services in the amount and at the time specified in its Schedule of Fees and Charges established from time to time for the administration of trusts of a character similar to the trust being administered and in effect when such compensation is payable.

iii)     Reasonable compensation for the services rendered and responsibilities assumed by each of such Trustee(s) in the administration of such Trust to be paid at reasonable intervals as incurred, with commencement and termination fees permitted only if agreed to by all of the Trustee(s) of such Trust in a written instrument approved by the Beneficiary of such Trust.

iv)      The employment of a person or firm and the payment of fees under Paragraph (a) above is specifically authorized notwithstanding the fact the person or firm so employed may be a Trustee or affiliated in business with any Trustee hereunder, provided the fees for the services rendered and responsibilities assumed in each capacity are reasonable and not duplicative.

f)       **Power to Appoint Agent**.   The Trustee is authorized to employ attorneys, accountants, investment managers, specialists, and such other agents as the Trustee shall deem necessary or desirable.   The Trustee shall have the authority to appoint an investment manager or managers to manage all or any part of the assets of the Trust, and to delegate to said investment manager the discretionary power to acquire and dispose of assets of the Trust.   The Trustee may charge the compensation of such attorneys, accountants, investment managers, specialists, and other agents against the Trust, including any other related expenses.

g)       **Broad Powers Of Distribution**.   After the death of either Trustors and both Trustors, upon any division or partial or final distribution of the Trust estate, the successor Trustee shall have the power to partition, allot and distribute the Trust estate in undivided interest or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee, in the Trustee's discretion, considers necessary to make such division or distribution.   In making any division or partial or final distribution of the Trust estate, the Trustee shall be under no obligation to make a pro rata division or to distribute the same assets to beneficiaries similarly situated.   Rather, the Trustee may, in the Trustee's discretion, make non pro rata divisions between Trusts or shares and non pro rata distributions to beneficiaries as long as the respective assets allocated to separate trusts or shares or the distributions to beneficiaries have

equivalent or proportionate fair market value. The income tax basis of assets allocated or distributed non pro rata need not be equivalent and may vary to a greater or lesser amount, as determined by the Trustee, in his or her discretion, and no adjustment need be made to compensate for any difference in basis.

h) **Trustees' Liability**. Except for the Trustees' own intentional and malicious breach of trust, bad faith, or gross negligence, the Trustees shall not be liable for any act, omission, loss, damage, or expense arising from the performance of the Trustees' duties under this Trust Agreement. The Trustees shall not be liable for making any investments or purchases on behalf of the Trust, nor shall the Trustees be required in any way to diversify investments nor shall the Trustees in any way be required to sell or otherwise dispose of speculative or non-productive property or assets owned or acquired by the Trust.

i) **Indemnity**. The Trustees (including the Distribution Trustees) shall, from the Trust assets, both principal and income, be indemnified and held harmless from and against any and all loss, cost, expense, and damage (including any attorney's fees) incurred by the Trustees arising out of or in any way connected with this Trust, the administration thereof, or related to any assets contained herein or for any other reason whatsoever.

j) **Corporate Trustee**. While there is a corporate Trustee acting, it shall have custody of all assets, books of account and records.

k) **Nondisclosure**. Trustees shall be under no obligation to disclose the contents of the Trust estate to anyone other than as may be required by law or lawful court order or as required pursuant to Section 11.9 above. Additionally, the Trustees shall be under no obligation to disclose the assets, investments, business, or affairs of this Trust. Furthermore, Trustees, when convenient or necessary, may give an abbreviated version of the Trust Agreement and/or a written memorandum of the pertinent provisions of this Trust to those persons needing such, so as to, for instance, open bank accounts, stock brokerage accounts, etc. or to title companies to show authority for Trustees to sell or purchase real estate.

l) **Undivided Interests**. The principal of the trusts created by this Trust Agreement may consist of undivided interests in the same property, and the Trustees may administer such trusts as one fund. The Trustees shall make a separate account for each of the separate trusts created under this Trust Agreement, but all of such trusts may be administered as a single fund. Joint investments or interests in investments may be assigned to such trusts, with each trust being credited with an undivided interest in all joint investments in the proportion which is assigned to it or in the proportion which its contribution to such investment bears to the whole.

*Remainder of Page intentionally left blank*

m)  **Separate Property**. Any property held in trust and any income earned by the trusts created hereunder shall be the separate property (in distinction with community property, joint tenancy property, tenancy in common, marital property, quasi-community property or tenancy by the entirety) of the beneficiaries of such trusts.  Additionally, any distribution to or for the benefit of any beneficiary shall be and remain the sole and separate property and estate of the beneficiaries.

## ARTICLE 14
## MERGER OF TRUSTS

If at any time a Trustee of any Trust created pursuant to this Trust Agreement shall also be acting as Trustee of any other trust for the benefit of the same beneficiary or beneficiaries and upon substantially the same terms and conditions, the Trustee is authorized and empowered, if in the Trustee's discretion such action is in the best interest of the beneficiary or beneficiaries of the Trust created hereunder, to transfer and merge any part or all of the assets then held under such trust created pursuant to this instrument to and with such other trust.  The Trustee's power of merger shall include the power to change the situs of the Trust, including the power to move the Trust situs outside the jurisdiction of the United States of America.  The Trustee is further authorized to accept the assets of other trusts which may be transferred to the Trustee of the Trust created hereunder and to administer and distribute such assets and properties so transferred in accordance with the provisions of this instrument.

## ARTICLE 15
## GENERAL PROVISIONS

a)  **Controlling Law**.  This Trust Indenture is executed under the laws of the State of Nevada and shall in all respects be administered by the laws of the State of Nevada; provided, however, the Trust Consultant shall have the discretion, exercisable at any later time and from time to time, to change the governing law under which any trust created hereunder is administered to the laws of any domestic or foreign jurisdiction as the Trust Consultant sees fit, by executing a written instrument acknowledged before a notary public to that effect, and delivered to the then income beneficiaries.  If the Trust Consultant exercises the discretion, as above provided, this Trust Indenture shall be administered from that time forth by the laws of the other state or jurisdiction.

b)  **Spendthrift Provision**.  No property (income or principal) distributable under this Trust Agreement, whether pursuant to Articles III, IV and V or otherwise, shall be subject to anticipation or assignment by any beneficiary, or to attachment by or of the interference or control of any creditor or assignee of any beneficiary, or be taken or reached by any legal or equitable process in satisfaction of any debt or liability of any beneficiary, and any attempted transfer or

encumbrance of any interest in such property by any beneficiary hereunder shall be absolutely and wholly void. No beneficiary or remainderman of any Trust shall have any right or power to sell, transfer, assign, pledge, mortgage, alienate, or hypothecate his or her interest in the principal or income of the Trust estate in any manner whatsoever. To the fullest extent of the law, the interest of each beneficiary and remainderman shall not be subject to the claims of any of his or her creditors or liable to attachment, execution, bankruptcy proceedings, or any other legal process. No beneficiary of any Trust created hereunder shall have any right or power to anticipate, pledge, assign, sell, transfer, alienate or encumber his or her interest in the Trust, in any way; nor shall any such interest in any manner be liable for or subject to the debts, liabilities, taxes or obligations of such beneficiary or claims of any sort against such beneficiary. The Trustee shall pay, disburse, and distribute principal and income of any trust only in the manner provided for in this Trust Agreement and will not make any attempted transfer or assignment, whether oral or written, to any appointee beneficiary or remainderman other than as herein provided. All Trusts created by this Trust Agreement shall be spendthrift Trusts as provided by the laws of the State of Nevada and shall be interpreted and operated so as to maintain such trusts as spendthrift trusts. Any beneficiary of any Trust created under this Trust Agreement may renounce or disclaim his or her interest in any Trust created under this Trust Agreement or any special or general power of appointment, in whole or in part, at any time; provided, however, such beneficiary shall not be treated as having died for the purpose of fiduciary appointments made in this Trust Agreement by reason of such disclaimer.

c) **Perpetuities Savings Clause**. Unless terminated earlier in accordance with other provisions of this trust, any trust hereby created or created by the exercise of any power hereunder shall terminate Twenty-one (21) years after the death of the last survivor of the Trustors all named beneficiaries who are living at the death of the first Trustor to die, or, if later, upon the expiration of the maximum period authorized by the laws of the State of Nevada or the state by which the trust is then being governed. Upon such termination, the Trust estate, and any accumulations thereon, shall be distributed to those persons and in the same proportions as the income of the trust is then being paid. Notwithstanding the foregoing, it is the intent of the Trustors that this Trust last for the longest period possible by law. Therefore, the Trustees, pursuant to, and to the extent allowed by, N.R.S. Chapter 111, elect out of the Rule Against Perpetuities. Such Rule shall not apply to this Trust. If this election is not valid, then the preceding paragraph of this Section 15.3 shall apply.

d) **No-Contest Provision**. The Trustors specifically desire that this Trust Indenture and these Trusts created herein be administered and distributed without litigation or dispute of any kind. If any beneficiary of these Trusts or any other person, whether stranger, relative or heir, or any legatee or devisee under the Last Will and Testament of either of the Trustors or the successors-in-interest of any such persons, including Trustors' estates under the intestate laws of the

Page 28

State of Nevada or any other state lawfully or indirectly, singly or in conjunction with another person, seek or establish to assert any claim or claims to the assets of these Trusts established herein, or attack, oppose or seek to set aside the administration and distribution of the Trusts, or to invalidate, impair or set aside its provisions, or to have the same or any part thereof declared null and void or diminished, or to defeat or change any part of the provisions of the Trusts established herein, then in any and all of the abovementioned cases and events, such person or persons shall receive One Dollar ($1.00), and no more, in lieu of any interest in the assets of the Trusts or interest in income or principal.

e)      **Provision For Others**.  The Trustors have, except as otherwise expressly provided in this Trust Indenture, intentionally and with full knowledge declined to provide for any and all of their heirs or other persons who may claim an interest in their respective estates or in these Trusts.

f)      **Severability**.  In the event any clause, provision or provisions of this Trust Indenture prove to be or be adjudged invalid or void for any reason, then such invalid or void clause, provision or provisions shall not affect the whole of this instrument, but the balance of the provisions hereof shall remain operative and shall be carried into effect insofar as legally possible.

g)      **Distribution Of Small Trust**.  If the Trustee, in the Trustee's absolute discretion, determines that the amount held in Trust is not large enough to be administered in Trust on an economical basis, then the Trustee may distribute the Trust assets free of Trust to those persons then entitled to receive the same.

h)      **Headings**.  The various clause headings used herein are for convenience of reference only and constitute no part of this Trust Indenture.

i)      **More Than One Original**.  This Trust Indenture may be executed in any number of copies and each shall constitute an original of one and the same instrument.

j)      **Interpretation**.  Whenever it shall be necessary to interpret this Trust, the masculine, feminine and neuter personal pronouns shall be construed interchangeably, and the singular shall include the plural and the singular.

k)      **Definitions**.  The following words are defined as follows:

i)      **"Principal" and "Income"**.  Except as otherwise specifically provided in this Trust Indenture, the determination of all matters with respect to what is principal and income of the Trust estate and the apportionment and allocation of receipts and expenses thereon shall be governed by the provisions of Nevada's Revised Uniform Principal and Income Act, as it may be amended from time to time and so long as such Act does not conflict with any provision of this instrument; provided, however, that as used herein, the term "Trust income" for any taxable year shall also include the net amount received in such taxable year for the sale or exchange of capital assets.  Notwithstanding such Act, no allowance for depreciation shall be charged against income or net income payable to any beneficiary.

ii)   **"Education"**. Whenever provision is made in this Trust Indenture for payment for the "education" of a beneficiary, the term "education" shall be construed to include technical or trade schooling, college or postgraduate study, so long as pursued to advantage by the beneficiary at an institution of the beneficiary's choice and in determining payments to be made for such college or post-graduate education, the Trustees shall take into consideration the beneficiary's related living and travelling expenses to the extent that they are reasonable.

iii)   **"Child, Children, Descendants or Issue"**. As used in this instrument, the term "descendants" or "issue" of a person means all of that person's lineal descendants of all generations. The terms "child, children, descendants or issue" include adopted persons, but do not include a step-child or step-grandchild, unless that person is entitled to inherit as a legally adopted person.

l)   **Court Instructions**. The Trustee may seek the assistance of the Courts in all matters affecting the administration of this Trust or its properties, including advice on the interpretation of the Trust or for settlement of any account by invoking the jurisdiction of any District Court with jurisdiction (including quasi-in-rem jurisdiction) over the Trust, the Trustee, or the Trust res, in a non-adversary ex parte proceeding. The decision of the Court shall be binding upon all interested parties who were given written mailing notice of the proceedings to their last known address.

SIGNED AND WITNESSED by the Trustors and Trustee on the day and year first above written.

WITNESSED BY:                                        TRUSTORS:

_Kelli Austin_                                          _Mary L Ray_
_Laura Ambach_                                    Mary Lou Ray

WITNESSED BY:                                        INVESTMENT TRUSTEE:

_Mary L Ray_                                          _Kelli Austin_
_Laura Ambach_                                    Kelli Austin

Page 30

**WITNESSED BY:**

**DISTRIBUTION TRUSTEE:**

Laura Imbach

**<u>EXHIBIT F</u>**

 

# Immunotech
# LABORATORIES

Dear Stockholders of Immunotech Laboratories Inc. (IMMB),

My name is Dimitar Savov and I am a main stockholder in Immunotech Laboratories Inc. (IMMB), as I own a control package in the company. I am the founder of Immunotech Laboratories BG, in which I own 51% and the other 49% are owned by Immunotech Laboratories Inc. (IMMB). Immunotech Laboratories BG owns the rights for IPF-ITV-1, ITV-2, and all patents by Harry Zhabilov, as well as all other future patents, which are made by him. I conducted a clinical trial for IPF-ITV-1 on 31 patients suffering from AIDS in Sofia, Bulgaria (European Union). The results are very good and you can find details on the website of Immunotech Laboratories BG – www.immunh.com. At the moment, our company is working to receive a permission for mass production of ITV-1. At the same time, I have acquired a nearly-completed factory for production of the medicine ITV-1 and am building it to meet the world standards for good medicinal practices. The factory should be ready by 30th of March 2021. In the way the project is developing in Bulgaria (European Union), the Immunotech Laboratories Inc. (IMMB) stocks must be at least 10 dollars each. Unfortunately, Harry Zhabilov who is the CEO of Immunotech Laboratories Inc. (IMMB) has been purposefully leading the company towards bankruptcy since 2017 instead of developing the project. He has joined a group of con-artists and has acquired a nearly-bankrupt company named Enzolytics Inc. (ENZC), and is releasing false press releases, which claim to have transferred the 49% share of Immunotech Laboratories Inc. (IMMB) in Immunotech Laboratrories BG to Enzolytics Inc. (ENZC). These actions by Zhabilov have only one goal – to raise the price of the stocks of Enzolytics Inc. (ENZC) and to sell more stocks for his own benefit. Enzolytics Inc. (ENZC) is a hollow company! The 49% ownership that

+359 2 917 03 11; +359 885 379 404
www.immunh.com; dimitar.savov@ymail.com

Immunotech Laboratories Inc. (IMMB) has in Immunotech Laboratories BG can be transferred and sold only with mine and Your agreement; further, it can be easily verified on https://portal.registryagency.bg/ that Immunotech Laboratories Inc. (IMMB) is the owner of the 49%. We have put a formal complaint to FINRA and the SEC about the fraudulent activities of Zhabilov and his accomplices, and we are waiting for them to weigh in on the issue. Our suggestion is that You also alert the regulatory agencies on the matter on either https://www.sec.gov/tcr and/or on the FINRA website.

Dear Stockholders of Immunotech Laboratories Inc. (IMMB),

I ask for Your active participation in this issue and cooperation in order to save Immunotech Laboratories Inc. (IMMB). We must change the management of the company and bring it to current status on the OTC Market. Instead of developing the company, Harry Zhabilov stole hundred and ninety thousand US dollars (190,000 $), which I had wired to him for the validation of the production process of ITV-1! Immunotech Laboratories BG has signed contracts with Ukraine for export of two million sets of the medicine ITV-1. Just from this contract, the profit for the company will be in hundreds of million of US dollars. With such profits, the dividends for Immunotech Laboratories Inc. (IMMB) and You, the stockholders, will be big, and the price of the stocks of Immunotech Laboratories Inc. (IMMB) will increase drastically up to 50 US dollars per share! You can contact us if You have any questions on +359 88 99 88 313 or on immunotechlabsbg@gmail.com. I am looking forward to Your cooperation and engagement so we may protect our investment and to restore justice.

With respect,

Dimitar Savov

President of Immunotech Laboratories BG

Main Stockholder in Immunotech Laboratories Inc. (IMMB)



Dimitar Savov
Immunotech Laboratories BG
61 Niskova Str. ent. A
Sofia, 1680
Bulgaria

ROGER PAWSON

RETURN TO SENDER
☐ Moved left no address
☐ No such number
☐ Moved not forwardable
☑ Addressee unknown

prioritaire

NIXIE        911  4C 1      7212/25/20
              RETURN TO SENDER
                UNCLAIMED
            UNABLE TO FORWARD
CC:  00147:00100   *2252-02552-25-22

UNC
0001147>0001

**EXHIBIT G**



BARBARA K. CEGAVSKE
Secretary of State
202 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website:  www.nvsos.gov
www.nvsilverflume.gov

| | |
|---|---|
| Barbara K. Cegavske | C9904-2000 |
| Secretary of State<br>State Of Nevada | **Filing Number**<br>20211673269 |
| | **Filed On**<br>08/11/2021 11:44:10 AM |
| | **Number of Pages**<br>4 |

# Certificate of Reinstatement/Revival
## NRS 78, 78A, 80, 81, 82, 84, 86, 87, 87A, 88, 88A and 89
☑ Reinstatement          ☐ Revival

| | |
|---|---|
| **1. Entity information:** | Name of entity as on file with the Nevada Secretary of State:<br><br>**IMMUNOTECH LABORATORIES, INC.**<br><br>Entity or Nevada Business Identification Number (NVID):  **NV20001269307** |

| | |
|---|---|
| **2. Registered Agent for Service of Process:** (check only one box)<br><br>**2a. Certificate of Acceptance of Appointment of Registered Agent:**<br>(Include "Registered Agent Acceptance/ Statement of Change" form if needed for signature) | ☑ Commercial Registered Agent (name only below)     ☐ Noncommercial Registered Agent (name and address below)     ☐ Office or position with Entity (title and address below)<br><br>LEGAL SELF HELP<br>Name of Registered Agent  OR Title of Office or Position with Entity<br><br>**3907 KOHLER WY**  /  **N Las Vegas**  / Nevada / **89032**<br>Street Address / City / Zip Code<br><br>Mailing Address (If different from street address) / City / Nevada / Zip Code<br><br>*I hereby accept appointment as Registered Agent for the above named Entity. If the registered agent is unable to sign the Articles of Incorporation, submit a separate signed Registered Agent Acceptance form.*<br><br>X<br>Authorized Signature of Registered Agent or On Behalf of Registered Agent Entity        Date |

| | |
|---|---|
| **3. Date When Revival is to Commence:** | Date when revival of charter is to commence or be effective, which may be before the date of the certificate: |

| | |
|---|---|
| **4. Duration of Revival:**<br>(A date is required for entities under NRS 88) | Indicate whether or not the revival is to be perpetual, and, if not perpetual, the time for which the revival is to continue. Limited Partnership under NRS 88 must indicate a date.<br>The corporation's existence shall be: PERPETUAL or |

| | |
|---|---|
| **5.Current List :**<br><br>Reinstatements:<br>List of Officers, Managers, Managing Members, General Partners, Managing Partners,Trustee or Subscribers<br><br>Revivals:<br>List of Officers, Managers, Managing Members, General Partners, Managing Partners or Trustee | CORPORATION, INDICATE THE <u>TREASURER,</u> OR EQUIVALENT OF:     Title: **TREASURER**<br>**HARRY ZHABILOV**  /  **USA**<br>Name / Country<br>**6108 sumter ct**  /  **Frisco**  / **TX** / **75035**<br>Address / City / State / Zip/Postal Code<br><br>CORPORATION, INDICATE THE <u>PRESIDENT,</u> OR EQUIVALENT OF:     Title: **PRESIDENT**<br>**HARRY ZHABILOV**  /  **USA**<br>Name / Country<br>**6108 sumter ct**  /  **Frisco**  / **TX** / **75035**<br>Address / City / State / Zip/Postal Code<br><br>CORPORATION, INDICATE THE <u>SECRETARY,</u> OR EQUIVALENT OF:     Title: **SECRETARY**<br>**HARRY ZHABILOV**  /  **USA**<br>Name / Country<br>**6108 sumter ct**  /  **Frisco**  / **TX** / **75035**<br>Address / City / State / Zip/Postal Code |

*This form must be accompanied by appropriate fees.*

**BARBARA K. CEGAVSKE**
**Secretary of State**
**202 North Carson Street**
**Carson City, Nevada 89701-4201**
**(775) 684-5708**
**Website:  www.nvsos.gov**
          **www.nvsilverflume.gov**

# Certificate of Reinstatement/Revival
## NRS 78, 78A, 80, 81, 82, 84, 86, 87, 87A, 88, 88A and 89

☑ Reinstatement          ☐ Revival

| CORPORATION, INDICATE THE <u>DIRECTOR,</u> OR EQUIVALENT OF: | Title: **DIRECTOR** |
|---|---|
| **HARRY ZHABILOV** | **USA** |
| Name | Country |
| **6108 sumter ct** | **Frisco** | **TX** | **75035** |
| Address | City | State | Zip/Postal Code |

*This form must be accompanied by appropriate fees.*



**BARBARA K. CEGAVSKE**
**Secretary of State**
**202 North Carson Street**
**Carson City, Nevada 89701-4201**
**(775) 684-5708**
**Website:  www.nvsos.gov**
**www.nvsilverflume.gov**

# Certificate of Reinstatement/Revival
## NRS 78, 78A, 80, 81, 82, 84, 86, 87, 87A, 88, 88A and 89

☑ Reinstatement          ☐ Revival

| **6. Statement of Fact:** (Revivals only, select one. Entities under NRS 84 cannot revive) | ☐ Revival pursuant to 78.730 or 81.010: (check one)<br><br>The undersigned declare that the corporation desires to revive its corporate charter and is, or has been, organized and carrying on the business authorized by its existing or original charter and amendments thereto, and desires to continue through revival its existence pursuant to and subject to the provisions of Chapters 78 and/or 81.<br><br>   ☐ The undersigned declare that they have obtained written consent of the stockholders of the corporation holding at least a majority of the voting power and that this consent was secured; furthermore, that they are the person(s) designated or appointed by the stockholders of the corporation to revive the corporation.<br><br>   ☐ The undersigned declare that they are the person(s) who have been designated by a majority of the directors in office to sign this certificate and that no stock has been issued. Membership approval not required under NRS 81.010(2). |
| | ☐ Revival pursuant to 80:<br><br>The undersigned declare that the corporation desires to revive its qualification to do business and is, or has been, organized and carrying on the business authorized by its existing or original qualification and amendments thereto, and desires to continue through revival its existence pursuant to and subject to the provisions of Chapter 80.<br><br>   ☐ The undersigned declare that they have obtained written consent of the stockholders of the corporation holding at least a majority of the voting power and that this consent was secured; furthermore, that they are the person(s) designated or appointed by the stockholders of the corporation to revive the qualification.<br><br>   ☐ The undersigned declare that they are the person(s) who have been designated by a majority of the directors in office to sign this certificate and that no stock has been issued. |
| | ☐ Revival pursuant to 82:<br><br>The undersigned declare that the corporation desires to revive its corporate charter and is, or has been, organized and carrying on the business authorized by its existing or original charter and amendments thereto, and desires to continue through revival its existence pursuant to and subject to the provisions of Chapters 81 and 82.<br><br>This certificate must be executed by the President or Vice President **AND** Secretary or Assistant Secretary.<br><br>The undersigned declare that the execution and filing of this certificate has been approved unanimously by the last-appointed surviving directors of the corporation and the unanimous consent has been secured: |

*This form must be accompanied by appropriate fees.*

**BARBARA K. CEGAVSKE**
**Secretary of State**
**202 North Carson Street**
**Carson City, Nevada 89701-4201**
**(775) 684-5708**
**Website:  www.nvsos.gov**
**www.nvsilverflume.gov**

# Certificate of Reinstatement/Revival
## NRS 78, 78A, 80, 81, 82, 84, 86, 87, 87A, 88, 88A and 89

☑ Reinstatement                    ☐ Revival

| **6. Statement of Fact:** (Revivals only, select one. Entities under NRS 84 cannot revive) | ☐ | **Revival pursuant to 86.580:** The undersigned declare that the limited-liability company desires to revive its charter and is, or has been, organized and carrying on the business authorized by its existing or original charter and amendments thereto, and desires to continue through revival its existence pursuant to and subject to the provisions of Chapter 86. The undersigned declares that he has been designated or appointed by the members to sign this certificate. Furthermore, the execution and filing of this certificate has been approved and secured by the written consent of a majority of the members. |
|---|---|---|
| | ☐ | **Revival pursuant to 86:** The undersigned declare that the foreign limited-liability company desires to revive its registration and is, or has been, organized and carrying on the business authorized by its existing or original registration and amendments thereto, and desires to continue through revival its existence pursuant to and subject to the provisions of NRS 86.5467. The undersigned declares that he/she has obtained approval by written consent of the majority in interest and that this consent was secured. |
| | ☐ | **Revival pursuant to 87, 87A, 88 or 88A:** The undersigned declare that the limited partnership, limited-liability partnership, limited-liability limited partnership or business trust desires to revive its certificate and is, or has been, organized and carrying on the business authorized by its existing or original certificate and amendments thereto, and desires to continue through revival its existence pursuant to and subject to the provisions of Chapter 87, 87A, 88 or 88A The undersigned declares that he/she has been designated or appointed by the general partners, managing partners or trustees to sign this certificate. Furthermore, the execution and filing of this certificate has been approved and secured by the written consent of the general partners or managing partners holding at least a majority of the voting powers. |
| | ☐ | **Revival pursuant to 89:** The undersigned declare that the professional association desires to revive its articles of association and is, or has been, organized and carrying on the business authorized by its existing or original articles of association and amendments thereto, and desires to continue through revival its existence pursuant to and subject to the provisions of Chapter 89. The undersigned declares that he/she has been designated or appointed by the members to sign this certificate. Furthermore, the execution and filing of this certificate has been approved and secured by the written consent of the holders of a membership interest in the professional association holding at least a majority of voting power. |

**7. Signatures:**
(Required)

**I declare under the penalty of perjury that the reinstatement/revival has been authorized by a court of competent jurisdiction or by the duly selected manager or managers of the entity or if the entity has no managers, its managing members.**

**I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.**

X  **Harry Zhabilov**
Signature of Officer, Manager, Managing Member,
General Partner, Managing Partner, Trustee, or
Authorized Signer

| **President** | **08/11/2021** |
|---|---|
| Title | Date |

*FORM WILL BE RETURNED IF UNSIGNED.*

*This form must be accompanied by appropriate fees.*

# **<u>EXHIBIT H</u>**

To the CEO and President of

Immunotech Laboratories Inc. (IMMB)

An OTC Market Public Company

LET IT BE CONSIDERED THAT I, Dimitar S. Savov, resident of Bulgaria with current address 61 Nishava str. Ent. A, Sofia 1680, am hereby presenting this written demand to Mr. Harry H. Zhabilov in his capacity as CEO and President of Immunotech Laboratories Inc. (IMMB), an OTC Market public company incorporated in the state of Nevada.

Pursuant to NRS 78.257 of the Nevada Code and due to the fact that I am the owner of 73 000 000 common shares, 120 000 000 Series B Preferred Shares, and 4 000 000 Series A Preferred Shares in Immunotech Laboratories Inc. (IMMB), which represent 23.6 percent of all outstanding shares in the company, I am exercising my right to obtain, make a copy and conduct an audit of the books of account and all financial records of the company in 5 days of this written demand. For this purpose, I have appointed an attorney-in-fact who will inspect and make a copy of the aforementioned documents in normal business hours, at which time he will present a notary signed Power of Attorney.

I demand that You may honor my rights as a shareholder with more than 15 percent in Immunotech Laboratories Inc. (IMMB) granted to me by the laws of the State of Nevada and the United States.

Dimitar Savov

Date: December 11th 2021

# AFFIDAVIT

13th of December 2021

My legal name is Dimitar Slavchev Savov ("Affiant") and acknowledge I am:

- Age: 63
- Address: 61 Nishava str. Ent. A fl. 3 apt. 6, Sofia 1680, Bulgaria
- Residency: Sofia, Bulgaria

Being duly sworn, hereby swear under oath that: The inspection, copies and audit of the books of account and all financial records of Immunotech Laboratories Inc. (IMMB) pursuant to NRS 78.257 of the Nevada Code is not desired by me for any purpose not related to my interest in the corporation as a stockholder.

Under penalty of perjury, I hereby declare and affirm that the above-mentioned statement is, to the best of my knowledge, true and correct.

Affiant's Signature: _____ Date: 12.13.2021

This Affidavit was signed in the presence of:

By: _____

Name: LYUBOMIR R. GLAVEV

Address: 15. HAN KRUM, SOFIA

Phone Number: +359 88 5535256

By: _____

Name: TODOR M. PETROV

Address: 9K. KRASNO Selo N. 2

Phone Number: +359 899 111 950

### Nevada Limited Power of Attorney

BE IT ACKNOWLEDGED that I, Dimitar S. Savov, of 61 Nishava str. Ent. A, 1680 Sofia, Bulgaria, Phone +359-88-99-88-313, the undersigned, do hereby grant a limited and specific power of attorney to Clifford Redekop, of 2269 Merrimack Valley Avenue, Henderson, Nevada 89044, Phone 702-326-3615 as my attorney-in-fact.

Said attorney-in-fact shall have full power and authority to undertake and perform only the following acts on my behalf:

I.  Collect and send a copy to me pursuant to NRS 78.257 of the Nevada Code of all corporate records of Immunotech Laboratories Inc. (IMMB), an OTC Markets public company incorporated in Nevada.  Said corporate records include, but are not limited to the following:

   (A) **Corporate Documents of the Company and Subsidiaries**

       (1)  Articles of Incorporation and all amendments thereto.

       (2)  Bylaws and all amendments thereto.

       (3)  Minutes of all Board of Directors, committee and shareholders meetings and all consents to actions without meeting from 2016 to the present.

       (4)  List of states and jurisdictions in which qualified to do business and in which the Company has offices, holds property or conducts business.

       (5)  Material information or documents furnished to shareholders and to directors during the last four years.

       (6)  Most recently obtained good standing certificates for all states and jurisdictions where the Company is qualified to do business.

   (B) **Previous Issuances of Securities**

       (1)  All applications and permits for issuance/transfer of securities.

       (2)  Company copy of stock certificates or control, warrants and options.

       (3)  Stockholder information, indicating number of shares held, dates of issuance, and consideration paid. (Issuance history and control log)

       (4)  All stock options, stock purchase and other employee benefits and forms of agreements.

       (5)  List of any outstanding stock options and warrants.

    (6)   Any voting trust agreements, buy/sell agreements, stockholder agreements, warrant agreements, proxies, or right of first refusal agreements.

    (7)   Any registration rights or pre-emptive rights agreements.

    (8)   Powers of attorney on any matter.

    (9)   Convertible debt instruments.

(10)  Other contracts, arrangements, or public or private documents or commitments relating to the stock of the Company.

(11) Any debt arrangements, guarantees or indemnification between officers, directors or the shareholders and the Company.

**(C)  <u>Material</u> <u>Contracts</u> <u>and</u> <u>Agreements</u>**

    (1)   List of banks, books, or other lenders with whom Company has a financial relationship (briefly describe nature of relationship – lines of credit, equipment lessor, etc.).

    (2)   Credit agreements, debt instruments, security agreement mortgages, financial or performance guaranties, indemnifications, liens, equipment leases or other agreements evidencing outstanding loans to which the Company is a party or was a party within the past four years.

    (3)   All material correspondence with lenders during the last four years, including all compliance reports submitted by the Company or its accountants.

    (4)   List of major clients and their locations.

    (5)   Any other material contracts.

**(D) <u>Litigation</u>**

    (1)   Copies of <u>**any**</u> pleadings or correspondence for pending or prior lawsuits involving the Company or the Founders.

    (2)   Summary of disputes with suppliers, competitors, or customers.

    (3)   Correspondence with the Securities Exchange Commission, the Financial Industry Regulatory Authority, any federal or state police or regulatory authority, auditor or accountant regarding threatened or pending litigation, assessment, claims, or law or regulatory violations.

(4)   Decrees, orders or judgments of courts or governmental agencies.

(5)   Settlement documentation.

**(E) Employees and Related Parties**

(1) A management organization chart and biographical information.

(2) Summary of any labor disputes.

(3) Correspondence, memoranda or notes concerning pending or threatened labor stoppage.

(4) List of negotiations with any group seeking to become the bargaining unit for any employees.

(5) All employment and consulting agreements, loan agreements and documents relating to other transactions with officers, directors, key employees and related parties.

(6) Schedule of all compensation paid to officers, directors and key employees for most recent four fiscal years showing separately salary, bonuses and non-cash compensation (i.e., use of cars, property, etc.)

(7) Summary of employee benefits and copies of any pension, profit sharing, deferred compensation and retirement plans.

(8) Summary of management incentive or bonus plans not included in (7) above, as well as other non-cash forms of compensation.

(9) Confidentiality agreements with employees.

(10) Description of all related party transactions which have occurred during the last four years (and any currently proposed transaction) and all agreements relating thereto.

**(F) Financial Information**

(1) Audited financial statements since inception (unaudited if audited financials are unavailable.)

(2) Quarterly income statements for the last four years and the current year (to date).

(3) Financial or operating budgets or projections.

(4) Business plan and other documents describing the current and/or expected business of the Company including all material marketing studies, consulting studies or reports   prepared by the Company.

(5) A description of all changes in accounting methods or principles during the last four fiscal years.

(6) Any documents relating to material write-downs or write-offs other than in the ordinary course.

(7) Revenue, gross margin and average selling price by product or service.

(8) Management letters or special reports by auditors and any responses thereto for the last four fiscal years.

(9) Letters of counsel to the Company delivered to auditors for the last four fiscal years.

(10) Aging schedules for accounts receivable for the last two years.

(11) Breakdown of G&A expenses for the last two years.

(12) Copies of any valuations of the Company's stock.

(13) Description of all contingent liabilities.

(14) bank account statements with cancelled checks from 2016 to the present.

II.     The authority herein shall include such incidental acts as are reasonably required to carry out and perform the specific authorities granted herein.

III.    My attorney-in-fact agrees to accept this appointment subject to its terms, and agrees to act and perform in said fiduciary capacity consistent with my best interest, as my attorney-in-fact in its discretion deems advisable.

This power of attorney is effective upon execution. This power of attorney may be revoked by me at any time, and shall automatically be revoked upon my death, provided any person relying on this power of attorney shall have full rights to accept and reply upon the authority of my attorney-in-fact until in receipt of actual notice of revocation.

Signed this _13_ of December, 2021 at _11:20 Sofia_

By: _____

Name: Dimitar S. Savov

This Power of Attorney was signed in the presence of:

By: _____

Name: _LYUBOMIR R. GLAVEV_

Address: _HAN KRUM, SOFIA_

Phone Number: _+359 885535256_

By: _____

Name: _TODOR M. PETROV_

Address: _KRASNO SELO N. 2. Sofia_

Phone Number: _+359899111950_

PURSUANT TO NEVADA POWER OF ATTORNEY (UNIFORM ACT)

## **EXHIBIT I**

## RE: Questions regarding Immunotech Laboratories Inc. (IMMB)

From:   J Claiborne (jclaiborne@pacificstocktransfer.com)

To:     dimitar.savov@ymail.com

Cc:     info@pacificstocktransfer.com; luke@pacificstocktransfer.com

Date:   Thursday, January 6, 2022, 07:11 PM GMT+2

Good Morning Sir,

Apologies for my delayed response to your inquiry.  Attached is a statement of your holdings.

1.      Who are the officers of IMMB? The Company has not been in touch to update the Officers.  **Our records indicate that Harry Zhabilov resigned in November of 2019 from all positions.**

2.      Who is in the board of directors of IMMB and how many directors does the company have? **We have no information regarding a Board of Directors.**

3.      Do I have the right as an owner of 23.6% of the outstanding shares to have my own representative in the board of directors? **You may find the answer to this question in the Company's by-laws or filings.  For your convenience, I have attached the latest and what appears to be the last filing the Company submitted to OTC MARKETS.  The website is** https://www.otcmarkets.com/

If you have any additional questions, please feel free to contact me.

Sincerely,

**Joslyn Claiborne**

Managing Director

Pacific Stock Transfer Company

Direct:  702.323.0033

Mobile:  702.401.5083

6725 Via Austi Pkwy, Suite 300

Las Vegas, Nevada 89119



**From:** Dimitar Savov <dimitar.savov@ymail.com>
**Sent:** Sunday, January 2, 2022 2:51 AM
**To:** J Claiborne <jclaiborne@pacificstocktransfer.com>
**Cc:** info <info@pacificstocktransfer.com>
**Subject:** Questions regarding Immunotech Laboratories Inc. (IMMB)


Dear Joslyn Claiborne from Pacific Stock Transfer,

I, Dimitar Savov, own 73 000 000 common shares, 4 000 000 Series A preferred shares, and 120 000 000 Series B preferred shares, which together are almost twenty-four percent (23.6%) of all outstanding shares in Immunotech Laboratories Inc. (IMMB). From 2012 until 2020 I have invested around two million US dollars in the company for the development of the project for the medicine IPF – ITV-1, for the purpose of which I completed Phase III, comprised of a clinical trial in Bulgaria, European Union. I am preparing the construction of a factory in Bulgaria for the production of the medicine ITV-1 and have signed distribution agreement with partners for the territories of Ukraine, Turkey, Greece, Romania, and other countries. All of this outlines a good business perspective for IMMB and its shareholders.

Despite all reason, for more than three years Harry Zhabilov has not assisted the project in any way and in the last year is simply hiding and there is no communication with him. For this reason, I am turning towards You with a request to provide an answer to the following questions:

1.     Who are the officers of IMMB?

2.     Who is in the board of directors of IMMB and how many directors does the company have?

3.     Do I have the right as an owner of 23.6% of the outstanding shares to have my own representative in the board of directors?

I hope that I may receive a specific answer to my question. I wish You a successful and healthy new year!

Best regards,

Dimitar Savov



R0095138.pdf
132kB


immunotech 2017.pdf
43.1kB

**<u>EXHIBIT J</u>**

## RE: Questions regarding Immunotech Laboratories Inc. (IMMB)

From:   J Claiborne (jclaiborne@pacificstocktransfer.com)

To:     dimitar.savov@ymail.com

Cc:     info@pacificstocktransfer.com; luke@pacificstocktransfer.com

Date:   Thursday, January 6, 2022, 07:11 PM GMT+2

Good Morning Sir,

Apologies for my delayed response to your inquiry.  Attached is a statement of your holdings.

1.      Who are the officers of IMMB? The Company has not been in touch to update the Officers.  **Our records indicate that Harry Zhabilov resigned in November of 2019 from all positions.**

2.      Who is in the board of directors of IMMB and how many directors does the company have? **We have no information regarding a Board of Directors.**

3.      Do I have the right as an owner of 23.6% of the outstanding shares to have my own representative in the board of directors? **You may find the answer to this question in the Company's by-laws or filings.  For your convenience, I have attached the latest and what appears to be the last filing the Company submitted to OTC MARKETS.  The website is** https://www.otcmarkets.com/

If you have any additional questions, please feel free to contact me.

Sincerely,

**Joslyn Claiborne**

Managing Director

Pacific Stock Transfer Company

Direct:  702.323.0033

Mobile:  702.401.5083

6725 Via Austi Pkwy, Suite 300

Las Vegas, Nevada 89119



**From:** Dimitar Savov <dimitar.savov@ymail.com>
**Sent:** Sunday, January 2, 2022 2:51 AM
**To:** J Claiborne <jclaiborne@pacificstocktransfer.com>
**Cc:** info <info@pacificstocktransfer.com>
**Subject:** Questions regarding Immunotech Laboratories Inc. (IMMB)

Dear Joslyn Claiborne from Pacific Stock Transfer,

I, Dimitar Savov, own 73 000 000 common shares, 4 000 000 Series A preferred shares, and 120 000 000 Series B preferred shares, which together are almost twenty-four percent (23.6%) of all outstanding shares in Immunotech Laboratories Inc. (IMMB). From 2012 until 2020 I have invested around two million US dollars in the company for the development of the project for the medicine IPF – ITV-1, for the purpose of which I completed Phase III, comprised of a clinical trial in Bulgaria, European Union. I am preparing the construction of a factory in Bulgaria for the production of the medicine ITV-1 and have signed distribution agreement with partners for the territories of Ukraine, Turkey, Greece, Romania, and other countries. All of this outlines a good business perspective for IMMB and its shareholders.

Despite all reason, for more than three years Harry Zhabilov has not assisted the project in any way and in the last year is simply hiding and there is no communication with him. For this reason, I am turning towards You with a request to provide an answer to the following questions:

1.     Who are the officers of IMMB?

2.     Who is in the board of directors of IMMB and how many directors does the company have?

3.     Do I have the right as an owner of 23.6% of the outstanding shares to have my own representative in the board of directors?

I hope that I may receive a specific answer to my question. I wish You a successful and healthy new year!

Best regards,

Dimitar Savov


R0095138.pdf
132kB


immunotech 2017.pdf
43.1kB

**BARBARA K. CEGAVSKE**
**Nevada Secretary of State**
**Commercial Recordings Division**



## Forged or Fraudulent Filing Complaint Form Pursuant to NRS 225.084

This form may be downloaded or completed online before printing. If you are unable to do so, please contact Customer Service at (775) 684-5708 for guidance.

**Instructions:** (read General Information sheet **before** submitting complaint)

1) Complete and print this form
2) Attach/Include necessary information (see section 4)
3) Mail or email to:

**Secretary of State**
**Commercial Recordings Division**
**Attn: Fraudulent Filings**
**202 N. Carson Street**
**Carson City, NV 89701-4201**

Contact Information:

Telephone:  775-684-5708
Fax:  775-684-5725
Website:  www.nvsilverflume.gov

**Email:  sos-crfraudcomplaints@sos.nv.gov**

*The Division may begin an investigation upon receipt of this form. All information provided is deemed confidential and will not be available for public inspection except otherwise required by law.*

### SECTION 1:  Complainant Information (required)

Title:   ☒ Mr.      ☐ Mrs.      ☐ Ms.      ☐ Miss

| Savov | Dimitar | Slavchev |
|---|---|---|
| Last Name | First Name | Middle Name |

| 61 Nishava str. ent. A fl. 3 apt. 6 | Sofia | | |
|---|---|---|---|
| Street | City | State | Zip |

Contact Phone Number:  (088) 998-8313

Additional Contact Information:  dimitar.savov@ymail.com
(cell phone,email address, etc.)

Affiliation with entity or position held: (officer, director, shareholder, employee, client, partner, manager/member, etc.)

Shareholder with 23.6% of all outstanding shares

### SECTION 2:  Information About Forged or Fraudulent Filing

Name of entity that the false or forged filing affected:   (name as registered with this office)

IMMUNOTECH LABORATORIES, INC.

Entity File Number:   C9904-2000

Document you believe is forged or fraudulent:*

Name of document: | Certificate of Reinstatement/Revival | Date filed: | 08/11/2021

Reason you believe document is forged or fraudulent:

The document lists Harry Zhabilov as President, Secretary, Treasurer and Director of the Company and is signed by Harry Zhabilov as President. Harry Zhabilov resigned from all positions in November 2019.

General Information:  Please provide names, if known, of all persons involved in the alleged violation(s):*

| Zhabilov | Harry | H |
|---|---|---|
| Last Name | First Name | Middle Name |
| Enzolytics Inc. | CSO | |
| Firm Name/Doing Business As | Position/Title | Telephone |
| 6108 summer ct | Frisco | TX | 75035 |
| Street | City | State   Zip |

Web site and Email address: | zhabilov@att.net

Indicate any relationship between the complainant and all persons involved in the alleged violation(s) and the reasons you believe they are involved:  (check all boxes that apply)**

☐ Competitor    ☐ Friend/Acquaintance    ☐ Family/Relative    ☐ Spouse/Ex-Spouse

☐ Business Partner    ☐ Co-worker    ☐ None    ☒ Other (please explain below)

Complainant is a shareholder with 23.6% of all outstanding shares of Immunotech Laboratories, Inc. (IMMB). Harry Zhabilov has attempted to illegaly transfer the business of Immunotech Laboratories, Inc. to Enzolytics, Inc. (ENZC) for his own personal benefit, damaging the shareholders of Immunotech Laboratories Inc and purposefully leading Immunotech Laboratories Inc towards bankruptcy. Harry Zhabilov needs to be listed as President of Immunotech Laboratories, Inc. in the Nevada Secretary of State, as he actively hides his resignation from the company from the public.

**If a box other than "None" is checked in Section 2, the Secretary of State may not investigate the complaint because it may be considered a private matter.  The Secretary of State's Office does not have the legal staff to determine the legitimacy of a filing when the parties involved have inherent knowledge of one another as there may be agreements in place that the Secretary of State is not aware of.  The filing of a complaint is not intended for settling internal disputes between former or current business partners, spouses, family members, friends/acquaintances, co-workers, competitors, etc.  Please seek legal counsel for any legal advice you may require.

SECTION 3:  Additional Information

Please provide any additional information which the complainant believes may be helpful in the investigation of the alleged violation(s):*

Harry Zhabilov officially resigned from all positions in Immunotech Laboratories, Inc. in front of the transfer agent of the company Pacific Stock Transfer in November 2019. Immunotech Laboratories, Inc. has not conducted any shareholder meetings before or since then, and Harry Zhabilov has not been reappointed to any positions, including Secretary, Treasurer, Director, and President, since his resignation. Harry Zhabilov has filed the Certficate for Reinstatement/Revival with the Secretary of State without the statutory authority to do so and the filing contains a false statement of material fact. Further, the filing has been done in bad faith with the intent to defraud the shareholders of Immunotech Laboratories Inc.

*attach additional pages, if needed

Have you filed a complaint or report with any other regulatory entity or agency, or with an attorney?

☐ No     ☒ Yes, details are provided below

I have filed 8 TCR Reports with the SEC, but they include other illicit activities of Harry Zhabilov, which are related to the actions Harry Zhabilov described herein and these reports illustrate the motives behind the Fraudulent Filling of the Certificate of Reinstatement/Revival on 08/11/2021. TCR Reports #: 15849-260-890, 15876-297-564, 16276-165-023-757, 16298-795-764-119, 16324-399-651-906, 16359-595-112-440, 16403-899-201-012, 16437-188-799-527, 16445-372-402-005.

## SECTION 4:  Attachments

Attach photocopies of any additional information that might be useful in investigating this complaint or alleged violation(s).  Documentary evidence is especially important.  Please *do not send originals* as we cannot be responsible for their safekeeping.

**Are you willing to testify in a court of Law or administrative proceeding regarding this complaint?**

☒ YES     ☐ NO

**DECLARATION:**
**In filing this complaint, I declare under penalty of perjury under the Laws of Nevada that the information provided in this complaint is true and correct to the best of my knowledge and that the information may be used by the Secretary of State and other entities to further investigate the complaint or alleged violation(s) of NRS 225.084.**

DIMITAR SLAVCHEV SAVOV
**Printed Name of Complainant**

**X** _____     02/23/2022
**Signature of Complainant**                              **Date**

**IF THIS COMPLAINT WAS PREPARED BY SOMEONE ON BEHALF OF THE COMPLAINANT, PLEASE INDICATE WHO PREPARED THIS REPORT**

| | | |
|---|---|---|
| Last Name | First Name | Middle Name |

Name of Organization

Contact Phone Number:

| | | | |
|---|---|---|---|
| Street | City | State | Zip |

**X** _____     _____
**Signature of Person Who Prepared Report**          **Date**

| **Please make sure your response:** | - is complete, printed and legible<br>- is signed by the Complainant<br>- includes all photocopied attachments |
|---|---|

RE: Forged or Fradulent Complaint Form Pursuant to NRS 225.084 affecting Immunotech Laboratories, Inc. (NV20001269307)

From:  Sandra A. Edwards (sedwards@sos.nv.gov)

To:  dimitar.savov@ymail.com

Date:  Wednesday, February 23, 2022, 09:56 PM GMT+2

Good Morning,

Thank you for contacting the Nevada Secretary of State's office Compliance Division, Our office has received  your complaint.

Should you have any questions please contact our office at blcompliance@sos.nv.gov

Thank you,

*Sandra Edwards*

Compliance Investigator

Office of Secretary of State Barbara K. Cegavske

202 North Carson Street

Carson City, Nevada 89701

775-684-7172

sedwards@sos.nv.gov

---

**From:** Dimitar Savov <dimitar.savov@ymail.com>
**Sent:** Wednesday, February 23, 2022 9:40 AM
**To:** SOS - CRFraudComplaints <SOS-CRFraudComplaints@sos.nv.gov>
**Subject:** Forged or Fradulent Complaint Form Pursuant to NRS 225.084 affecting Immunotech Laboratories, Inc. (NV20001269307)

**WARNING** - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Dear Secretary of State,

Attached is a Forged or Fraudulent Filing Complaint Form Pursuant to NRS 225.084 along with the correspondence (see PDF file titled "RE_ Questions regarding Immunotech Laboratories Inc. (IMMB)") between Joslyn Claiborne, Managing Director of Pacific Stock Transfer, and I that is evidence to the official resignation in writing by Harry Zhabilov to Pacific Stock Transfer.

Best regards,

Dimitar Savov