UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dimitar Savov,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Immunotech Laboratories, Inc.,<br><br>　　　　　　　Defendant. | Case No. 2:22-cv-00401-GMN-DJA<br><br>**Report and Recommendation** |

　　　　Before the Court is *pro se* Plaintiff Dimitar Savov's motion for default judgment against Defendant Immunotech Laboratories, Inc. (ECF No. 11). Defendant responds and countermoves to set aside the clerk's entry of default, arguing that it never received the summons and complaint because its registered agent never delivered it. (ECF Nos. 12, 13). Plaintiff replies that certain of Defendant's statements in its motion are false and that default is warranted. (ECF Nos. 14, 15). Defendant replies that Plaintiff's arguments about the merits of his underlying claims and the veracity of Defendant's statements and affidavits are premature at this stage. (ECF No. 18). Because the Court finds good cause to set aside the clerk's entry of default, it recommends denying Plaintiff's motion for default and granting Defendant's motion to set aside the clerk's entry of default.

**I.   Background.**

　　　　Plaintiff initiated this action by filing a "petition for appointment of custodianship" under Nevada Revised Statue (NRS) 78.347(1)(b). (ECF No. 1-1). That statute allows a stockholder to "apply to the district court to appoint one or more persons to be custodians of the corporation…when…[t]he corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets…" NRS 78.347(1)(b). Plaintiff alleges that he is a stockholder of Defendant's and that Defendant has abandoned its business. (ECF No. 1-1 at 2, 9).

After Defendant did not appear, Plaintiff moved for the entry of default, explaining that he served Defendant through a process server named Clifford Redekop on March 11, 2022. (ECF Nos. 9, 9-1). The clerk entered default. (ECF No. 10). Plaintiff now moves for default judgment. (ECF No. 11).

Defendant responds and countermoves to set aside the clerk's entry of default. (ECF Nos. 12, 13) (the response and countermotion appear identical). It explains that it failed to respond to Plaintiff's petition because its registered agent failed to send it the documents. (*Id.* at 1-2). But when it learned of the case through an internet chat board, it immediately engaged counsel to respond. (*Id.*). Defendant adds that there was a discrepancy with Plaintiff's service and with Defendant's registered agent, but that it is currently investigating what happened.[1] (*Id.* at 4). Defendant asserts that it then attempted to contact Plaintiff regarding the service issue but received no response. (*Id.* at 2). Defendant argues that it did not engage in any culpable conduct leading to the default because service was faulty, that it has a meritorious defense because it asserts that it never abandoned business as Plaintiff alleges, and that Plaintiff will not be prejudiced by trying the case on the merits. (*Id.* at 2-7). It adds that the statute under which

---

[1] While Plaintiff asserts to have caused the summons and petition to be served on Defendant's then-registered agent—Legal Self Help—it appears that the summons went to a different address. (ECF No. 12 at 4). Defendant asserts that, while Legal Self Help's address is listed as 3907 Kohler Way, Las Vegas, Nevada 90032 on the Nevada Secretary of State's website, Redekop's affidavit of service shows a strike-through of that address and a handwritten entry of "1403 Santa Margarita, Las Vegas, NV." (*Id.*). On investigation, Defendant learned that an individual named Kristine A. Lowe—the same name as an individual associated with Legal Self Help—is listed to reside at the 1403 Santa Margarita address on a website known as www.mylife.com. (*Id.*). And while Redekop asserts that the Santa Margarita address is Legal Self Help's new address, Defendant asserts that it is unclear whether the Kristine Lowe at that address is the same individual as the person associated with Legal Self Help. (*Id.*) (ECF No. 14-2 at 3). Defendant adds that the confusion stems in part from Defendant's attempt to contact Legal Self Help at the listed number. (ECF No. 12 at 4). Defendant asserts that a woman who refused to identify herself answered, stated she had received court documents for Defendant, that she had not forwarded them because she "did not care" and did not know how to reach Defendant. (ECF No. 12 at 4). Redekop claims that the number Defendant called belongs to a young man "who is unlikely to be a lady at the age of 62 or Kristine A. Lowe." (ECF No. 14-2 at 5). However, as discussed more fully below, the Court resolves doubts in favor of Defendants. *See Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986).

Plaintiff brings his claims identifies the "district court"—meaning Nevada state court rather than federal court—as the proper place to bring Plaintiff's application. (*Id.* at 6).

Plaintiff responds to Defendant's countermotion and replies in support of his motion for default. (ECF Nos. 14, 15) (the response and reply appear identical). He claims that Defendant never tried to contact him, and that Defendant's counsel does not properly represent it because Defendant's CEO lacked authority to retain counsel on Defendant's behalf.[2] (*Id.* at 3, 5). Plaintiff proceeds to point out portions of the affidavits of Harry Zhabilov; Billy V. Ray, Jr.; and Kelli Austin attached to Defendant's motion that he asserts are false. (*Id.* at 7-27). He speculates that Defendant was culpable in waiting to respond because it has not provided evidence that it was not served properly. (*Id.* at 30). He argues that Defendant does not have a meritorious defense because its attorney did not address or deny any of his specific allegations. (*Id.* at 31). He concludes that he will suffer prejudice if default is not granted because "there is no evidence that Immunotech, the Respondent in this action, have [sic] made any steps to plead or answer in this matter…" (*Id.* at 34).

Defendant replies in support of its countermotion arguing that, not only is Plaintiff's response procedurally deficient by being thirty-seven pages long, but Plaintiff also provides no reason why the Court should enter a default. (ECF No. 18). Defendant points out that Plaintiff's arguments about the veracity of Defendant's affidavits, the validity of its representation, and the strength of its defense all improperly ask the Court to decide the merits of the case. (*Id.* at 2-3). Otherwise, Defendant argues, Plaintiff's response only reiterates the contentions made in Plaintiff's motion for default judgment. (*Id.* at 3).

---

[2] Plaintiff also argues that Defendant's counsel ,Patrick Morris, Esq., has never filed an application to proceed *pro hac vice.* (ECF No. 15 at 28). However, Morris moved to practice *pro hac vice* shortly after Plaintiff's responses, which motion the Court granted. (ECF Nos. 16, 17). This moots Plaintiff's argument.

## II. Discussion.

### A. *The Court recommends denying Plaintiff's motion for a default judgment.*

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is a default judgment under Rule 55(b), a decision which lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the substantive claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute of material fact; (6) whether the default was due to excusable neglect; and (7) the Federal Rules' strong policy in favor of deciding cases on their merits. *Eitel*, 782 F.2d at 1471-72.

The Court recommends denying Plaintiff's motion for default. While Defendant initially failed to plead or otherwise defend, it quickly filed a response and countermotion explaining the failure after Plaintiff moved for default judgment. (ECF Nos. 12, 13). As discussed more fully below, the Court finds good cause to recommend granting Defendant's motion to set aside the clerk's entry of default, which moots Plaintiff's motion for default judgment.

Plaintiff's motion also fails under the *Eitel* factors. First, while Plaintiff asserts that he would be prejudiced by having to defend this action, he states generally that the prejudice stems from Defendant's initial failure to respond. But, as Defendant points out, it has only been a few months since Plaintiff initiated this action, which timeframe is not long in the context of litigation. This weighs against entering default judgment.

Second, Defendant has brought legitimate and fact-based challenges to the merits of Plaintiff's claims. This weighs against entering default judgment. Third, the complaint lacks an explanation why this Court should decide Plaintiff's petition. Plaintiff asserts that the Court has diversity jurisdiction over the matter because he is a citizen of Bulgaria, Defendant is

incorporated in Nevada, and the amount in controversy exceeds $75,000. (ECF No. 1-1 at 8). But Defendant's argument that the statute under which Plaintiff sues requires Plaintiff to apply to the Nevada state court is compelling. The complaint contains no explanation regarding the impact of this language on the Court's jurisdiction. This factor weighs against entering default.

Fourth, it is unclear what amount of money is at stake. While Plaintiff asserts that the matter exceeds $75,000, Plaintiff's complaint seeks injunctive relief: granting him a custodianship over Defendant. (ECF No. 1-1 at 9). This factor weighs against entering default.

Fifth, Defendant has pointed out numerous facts in Plaintiff's motion and complaint that it disputes. In turn, Plaintiff has pointed out facts in Defendant's response that he disputes. This factor weighs against entering default.

Sixth, Defendant has offered an explanation why the default was not its fault. It has provided affidavits attesting to the facts surrounding the failure of its registered agent to send the summons and complaint to it. This factor weighs against entering default.

Seventh, the policy in favor of deciding cases on their merits is heavy here. The facts are disputed by both sides, and it is unclear whether this Court can even grant the relief Plaintiff seeks. Under these circumstances, it is especially important that the case be decided on its merits. The Court thus recommends denying Plaintiff's motion for default judgment. (ECF No. 11).

### B. The Court recommends granting Defendant's motion to set aside the clerk's entry of default.

Rule 55(c) of the Federal Rules of Civil Procedure authorizes a district court to set aside the entry of a default upon a showing of "good cause." Under Rule 60(c)(1), a motion to set aside default must be made "within a reasonable time" and "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "Where timely relief is sought from a default…and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986) (citing *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

In determining a motion to set aside the entry of a default, "a district court should consider the" three disjunctive factors delineated by the Ninth Circuit in *Falk v. Allen*. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citing *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984)). The *Falk* factors ask whether: (1) plaintiff will be prejudiced if default judgment is not entered; (2) defendant has a meritorious defense to plaintiff's claims; and (3) defendant's culpable conduct led to the entry of default. *Falk*, 739 F.2d at 463. The Ninth Circuit has repeatedly cautioned that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk*, 739 F.2d at 463).

Defendant has shown good cause to set aside the default. Defendant has timely sought relief, moving within a month of the clerk's entry of default. And although Plaintiff has raised his doubts with the validity and veracity of Defendant's reasons for failing to respond and merits of Defendant's defense, the Court resolves any doubts in Defendant's favor.

The *Falk* factors also weigh in favor of granting Defendant's motion. First, Plaintiff has not asserted what prejudice he will suffer if the case is decided on its merits other than delay. Second, Defendant has presented a meritorious defense to Plaintiff's claims by arguing that it never abandoned its business and that the Court may lack the ability to decide Plaintiff's petition. Third, Defendant has presented a compelling argument and affidavits that it was not at fault for the entry of default. Because judgment by default is a drastic step and the Ninth Circuit has cautioned Courts to decide cases on their merits, the Court recommends granting Defendant's motion to set aside default. (ECF No. 13).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for default judgment (ECF No. 11) be **denied.**

**IT IS FURTHER RECOMMENDED** that Defendant's countermotion to set aside the clerk's entry of default (ECF No. 13) be **granted.**

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 7, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE