# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| DIMITAR SAVOV, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-00401-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| IMMUNOTECH LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff Dimitar Savov's ("Plaintiff's") Objection, (ECF No. 29), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 28), recommending that the Court deny Plaintiff's Motion for Default Judgment, (ECF No. 11), and grant Defendant Immunotech Laboratories, Inc.'s ("Defendant's") Counter Motion to Set Aside Clerk's Entry of Default, (ECF No. 13).

Further pending before the Court is Plaintiff's Motion for Default Judgment, (ECF No. 11). Defendant filed a Response, (ECF No. 12), to which Plaintiff filed a Reply, (ECF No. 14).

Also pending before the Court is Defendant's Counter Motion to Set Aside Clerk's Entry of Default, (ECF No. 13). Plaintiff filed a Response, (ECF No. 13), and Defendant filed a Reply, (ECF No. 18).

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and Motion for Default Judgment, **ADOPTS in part and REJECTS in part** the Magistrate Judge's Report and Recommendation, and **GRANTS** Defendant's Counter Motion to Set Aside Clerk's Entry of Default.

///

///

1

## I.  **BACKGROUND**

2   The Court incorporates the background and procedural history of this case from the

3 Magistrate Judge's Report and Recommendation. (R&R 1:21–3:21, ECF No. 28).  As relevant

4 here, Plaintiff initiated this action on March 3, 2022, by filing a "petition for appointment of

5 custodianship" under NRS 78.347(1)(b). (*See generally* Compl, ECF No. 1-1).  This statute

6 allows a stockholder to "apply to the district court to appoint one or more persons to be

7 custodians of the corporation . . . when . . . [t]he corporation has abandoned its business and has

8 failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets . . . ."

9 NRS 78.347(1)(b).

10   After Defendant did not appear, Plaintiff filed a Motion for Entry of Clerk's Default,

11 (ECF No. 9), which the Clerk of Court subsequently entered, (Clerk's Entry Default, ECF No.

12 10).  On April 19, 2022, Plaintiff filed a Motion for Default Judgment, (ECF No. 11), and on

13 May 2, 2022, Defendant filed a Counter Motion to Set Aside Clerk's Entry of Default, (ECF

14 No. 13).  The Magistrate Judge issued a Report and Recommendation recommending that the

15 Court deny Plaintiff's Motion for Default Judgment and grant Defendant's Counter Motion to

16 Set Aside Clerk's Entry of Default. (R&R 6:24–27).  Plaintiff then filed the present Objection

17 to the Magistrate Judge's Report and Recommendation. (*See generally* Obj., ECF No. 29).  The

18 Court discusses Plaintiff's Objection below.

## II.  **LEGAL STANDARD**

20   ### A.  **Review of Magistrate Judge Order**

21   A party may file specific written objections to the findings and recommendations of a

22 United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

23 D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*

24 determination of those portions of the Report and Recommendation to which objections are

25

made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge).  "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases).

### B.  Vacating Clerk's Entry of Default

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).  "Once default judgment has been entered, relief is governed by Rule 60(b)." *Id*. The "good cause" standard "that governs vacating an entry of default under Rule 55(c), is the same standard that governs vacating a default judgment under Rule 60(b)." *Bank of America, N.A. v. Moninger*, No. 2:17-cv-01106, 2020 WL 7028699, at *2 (D. Nev. Nov. 30, 2020).  To determine "good cause," a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether reopening the default judgment would prejudice the other party; or (3) whether it had no meritorious defense. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The factors are more liberally applied in the context of a clerk's entry of default than in the default judgment context. *Id.* at 1091 n.1; *see also Haw. Carpenter's Tr. v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).  "'The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment.'" *Aristocrat Techs, Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) (quoting *O'Connor v.*

*State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994)).  The Court is guided by the principle that "a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091.

### III.  <u>DISCUSSION</u>

Here, the Court finds "good cause" exists to vacate the Clerk's Entry of Default.  As stated, to determine whether "good cause" exists justifying vacating a default judgment, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether reopening the default judgment would prejudice the other party; or (3) whether it had no meritorious defense. *Mesle*, 615 F.3d at 1091. The Court begins by examining whether Defendant engaged in culpable conduct that led to the default.

#### A.  Culpable Conduct

The Magistrate Judge determined that "although Plaintiff [] raised his doubts with the validity and veracity of Defendant's reasons for failing to" appear, the record did not otherwise support the conclusion that Defendant engaged in culpable conduct. (R&R 6:11–14).  In response, Plaintiff contends that Defendant was properly served, and that it has no justifiable reason for its failure to appear. (Obj. 10:10–12:21).

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing and intentionally failed to answer." *Mesle*, 615 F.3d at 1092.  "Intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to . . . manipulate the legal process.'" *Id.* (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001)).  If a defendant neglectfully[1] fails to answer, yet " offers a credible, good faith

---

[1] In this context, "'[n]eglect' 'encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *TCI Grp.*, 244 F.3d at 697 (quoting *Pioneer Inv. Servs Co.v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process[,]" he or she is not necessarily culpable. *TCI Grp.*, 244 F.3d at 697–98.  Culpable behavior is typically found "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698.

The Court, having considered the relevant filings and exhibits, finds that Defendant has not engaged in culpable conduct.  Even considering Plaintiff's argument that Defendant was properly served, it is unclear to the Court how the circumstances demonstrate that Defendant attempted to engage in legal gamesmanship.  As the Ninth Circuit explained, a movant cannot be treated as culpable for simply making a conscious choice not to answer. *Mesle*, 615 F.3d at 1092.  Instead, it must be shown that a defendant intended to "interfere with judicial decision making, or otherwise manipulate the legal process." *TCI Grp.*, 244 F.3d at 698.  "Here, the Court cannot discern how [Defendant] improperly benefited from its tardy participation." *Wells v. Global Tech Industries, Inc.*, No. 2:21-cv-02040, 2022 WL 4819386, at *4 (D. Nev. Sept. 30, 2022); *see Chrome Hearts, LLC v. Boutique Talulah*, No. 2:12-cv-00280, 2012 WL 4510692, at *3 (D. Nev. Sept. 28, 2012) (finding that a defendant's failure to respond did not allow it to "take advantage" of the opposing party as the "only outcome that such a failure could have earned was what it received, an entry of default and a heightened possibility of default judgment").  Indeed, "the only outcome that such a failure could have earned Defendant was what [it] received: an entry of default and a heightened possibility of default judgment in favor of Plaintiff." *Escobar Inc. v. Reitberg*, 2:20-cv-007401, 2020 WL 6321812, at *4 (D. Nev. Oct. 28, 2020) (citation omitted).  And now that Defendant is aware of this litigation, it has expressed a desire to defend itself and file responsive pleadings.  As the Magistrate Judge observed, Defendant, upon learning of Plaintiff's Motion for Entry of Default, "quickly filed a

response and countermotion explaining [its] failure" to appear. (R&R 4:15–17).  Accordingly, the Court finds that the culpability prong weighs in favor of setting aside the clerk's entry of default.  The Court now turns to whether Plaintiff would be prejudiced by setting aside the default.

### B. Prejudicial Impact

The Magistrate Judge found that Plaintiff's contention that he would suffer prejudice because of the delay caused by Defendant's conduct was an insufficient reason to deny vacating the Clerk's Entry of Default. (R&R 6:15–16).  In rebuttal, Plaintiff again asserts he will "suffer [prejudice] that is caused by unnecessary delay in this civil action." (Obj. 14:13–16).  Plaintiff further asserts that this delay creates a greater opportunity of fraud or collusion between Defendant and its counsel from the law firms of Ballard Spahr and Morris Legal Corp. (*Id*. 14:16–15:6).

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 700.  It is obvious that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default].  For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id*.  Instead, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Puentes v. Narvazia*, No. 3:19-cv-00600, 2022 WL 1016651, at *2 (D. Nev. April 5, 2022) (quoting *TCI Grp.*, 244 F.3d at 701).

As to Plaintiff's first argument, "'[t]o prevent setting aside default, prejudice to a non-moving party must result in greater harm than simply delaying resolution of the case . . .'" *Williams Law Group PLLC v. Am. Arb. Ass'n*, No. 21-cv-00149, 2021 WL 3417955, at *2 (D. Ariz. July 27, 2021) (quoting *FOC Fin. Ltd. P'Ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009) (internal quotations, alterations, and citation omitted).

Contrary to Plaintiff's contention, "[m]erely being forced to litigate on the merits cannot be considered prejudicial in this context." *Aussieker v. Lee*, No. 2:19-cv-00365, 2021 WL 352438, at *5 (E.D. Cal. Feb. 2, 2021). Therefore, Plaintiff's loss of a quick procedural victory is not sufficient to deny relief from entry of default.[2] *See Yan v. General Pot, Inc.*, 78 F. Supp. 3d 997, 1005 (N.D. Cal. 2015) ("[T]he fact that a party may be denied a quick victory is not sufficient to deny relief from entry of default.").

As to Plaintiff's second argument, he summarily alleges that Defendant and its counsel are engaging in fraudulent or collusive activity. At this point in the litigation, however, the Court declines to engage in such speculation. *See Hesse v. Cnty. of Sacramento*, No. 2:21-cv-1931, 2023 WL 417501, at *4 (E.D. Cal. Jan. 26, 2023) ("The undersigned is not persuaded by plaintiff's speculation concerning a 'potential' opportunity for fraud or collusion."); *J&J Sports Productions, Inc. v. Alvarez*, No. 1:12-cv-1946, 2013 WL 1705038, at *4–5 (E.D. Cal. Apr. 19, 2013) (determining that there was minimal risk of prejudice to the plaintiff where he "merely speculate[d] that Defendants will use their shared representation to defraud or collude" against him). Accordingly, the Court finds setting aside default will not prejudice Plaintiff but will merely allow this case to move forward on the merits.

### C. Meritorious Defense

The Magistrate Judge determined that Defendant "presented a meritorious defense to Plaintiff's claims by arguing that it never abandoned its business and that the Court may lack

---

[2] Additionally, the Court notes that Defendant filed the instant Motion to Set Aside the Clerk's Entry of Default less than a month after the Clerk entered the Entry of Default, (ECF No. 10). Defendant's minimal delay in moving to vacate the Clerk's Entry of Default further demonstrates that Plaintiff suffered little to no prejudice because of Defendant's conduct. *See Eckelman v. Rentgrow, Inc.*, No. 6:21-cv-01801, 2022 WL 17852799, at *4 (D. Or. Nov. 28, 2022) ("Cleara, within a reasonable time, moved to vacate the entry of default. By moving quickly, Cleara mitigated against any harm to Plaintiff related to the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."); *Williams Law G Williams Law Group PLLC*, 2021 WL 3417955, at *2 (D. Ariz. July 27, 2021) ("This lawsuit was filed on January 27, 2021, the Clerk of Court entered default on February 24, and Pravati moved to set aside default on March 5. As this case is in its infancy and Pravati promptly moved to set aside default, the Court does not find prejudice to Plaintiffs.").

the ability to decide Plaintiff's petition." (R&R 6:17–18).  In response, Plaintiff contends that Defendant's filings and evidence are fraudulent, and thereby cannot support the Magistrate Judge's determination that Defendant presented a meritorious defense. (Obj. 13:1–14:2).

"A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs*, 642 F.Supp.2d at 1233 (quoting *Accu–Weather, Inc. v. Reuters Ltd*., 779 F. Supp. 801, 802 (M.D. Pa. 1991)).  "The defendant's burden is minimal." *Mesle*, 615 F.3d at 1094.  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default.  Rather, that question 'would be the subject of the later litigation.'" *Id*. (quoting *TCI Grp.*, 244 F.3d at 700).

Here, Defendant asserts two meritorious defenses.  First, NRS 78.347, Plaintiff's sole cause of action, only permits a stockholder to "apply to the district court to appoint" an individual "to be the custodian of the corporation . . . when . . . the corporations has abandoned its business . . . ." NRS 78.347(1)(b).  But Defendant proffers facts, which if true, demonstrate that it is an active rather than abandoned corporation.  For example, Defendant points to the fact it filed its Certificate of Reinstatement on August 11, 2021, and an Annual List on March 30, 2022, in addition to actively engaging counsel to respond to this case. (Counter Mot. Set Aside Clerk's Entry Default 5:13–6:14, ECF No. 13).  If Defendant's factual contentions are true, they would constitute a viable defense to Plaintiff's claim.[3] *See Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13-cv-01395, 2014 WL 1028831, at *4 (S.D. Cal. Mar. 17, 2014) ("Although ///

---

[3] As stated, Plaintiff contends that all of Defendant's defenses are baseless. (Obj. 13:1–14:2).  "As noted, however, it is not appropriate for the court to determine whether the factual allegations underlying a defense are true in deciding a motion to set aside default; that question should be the 'subject of . . . later litigation.'" *Perfect Event Inc. v. Bosworth*, No. 15-cv-04536, 2015 WL 13313488, at *6 n.45 (C.D. Cal. Sept. 17, 2015) (quoting *Mesle*, 615 F.3d at 1094).

1   [plaintiff] contests these claims, the question the factual allegation is true is not to be

2   determined by the Court at the time it decides the motion to set aside the default.").

3          Second, Defendant raises a viable question concerning whether this Court has federal

4   subject matter jurisdiction over Plaintiff's claim.  There are two primary bases for federal

5   subject matter jurisdiction: (1) 28 U.S.C. § 1331, which grants district courts jurisdiction under

6   the federal question doctrine over "all civil actions arising under the Constitution, laws, or

7   treaties of the United States;" and (2) 28 U.S.C. § 1332, which grants district courts diversity-

8   of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties'

9   citizenships are completely diverse. 28 U.S.C. §§ 1331, 1332.  Here, Plaintiff maintains that

10  this Court has diversity-jurisdiction over this matter, but it is unclear whether Plaintiff's sole

11  claim under NRS 78.347 satisfies the amount in controversy requirement.  Indeed, as

12  Defendant notes, the appointment of a custodian" under NRS 78.347 neither provides a definite

13  amount in controversy nor one that can be reduced to "a sum certain." (Counter Mot. Set Aside

14  Clerk's Entry Default 6:16–19).  Moreover, NRS 78.347 "requires the action to be filed in 'the

15  district court,'" referring not to this Court, but to the Nevada district court. (*Id*. 6:19–24).

16  Defendant's argument surrounding whether this Court has subject matter jurisdiction is

17  sufficient to constitute a meritorious defense. *See Waryck v. Thor Motor Coach, Inc.*, No. 22-

18  cv-1096, 2023 WL 311172, at *2 (S.D. Cal. Jan. 18, 2023) (determining that the defendant

19  alleged a meritorious defense through its assertions that the "Court lack[ed] subject matter

20  jurisdiction" and that the defendant would thereby "prevail on a motion to dismiss").

21  Accordingly, Defendant has met its minimal burden of showing a meritorious defense.

22         In sum, taking the above three factors into consideration, the Court agrees with the

23  conclusion of the Magistrate Judge that good cause exists to set aside the Clerk's Entry of

24  Default.  Having determined that the Clerk's Entry of Default must be vacated, the Court

25  DENIES Plaintiff's Motion for Default Judgment as moot because "[a] motion for default

judgment may not be considered prior to entry of default." *Johnson v. Wennes*, No. 08-cv-1798, 2009 WL 86677, at *1 (S.D. Cal. Jan. 13, 2009).  Thus, by vacating the Clerk's Entry of Default, Plaintiff lacks the condition precedent necessary to obtain a default judgment. Therefore, Plaintiff's Motion for Default Judgment and the portion of the Magistrate Judge's Report and Recommendation that examines this issue are moot. *See Ewing v. Isaac*, No. 22-cv-1009, 2022 WL 17254757, at *8 (S.D. Cal. Nov. 28, 2022) (denying the plaintiff's motion for default judgment as moot after granting the defendant's motion to set aside the clerk's entry of default judgment); *Turner v. Zepp*, No. 1:20-cv-00184, 2021 WL 1315244, at *2 (C.D. Cal. July 15, 2021) ("The Court will also deny Plaintiff's motion for default judgment without prejudice.  [Defendant's] default has not been entered and the motion is premature."); *Haas v. Chaiyaphakdiphon*, No. 2:12-cv-01309, 2013 WL 783046, at *2 (D. Nev. Feb. 28, 2013) ("Having determined that the entry of default must be vacated, the Court will deny as premature . . . [Plaintiff's] Motion for Default Judgment.").

///
///
///
///
///
///
///
///
///
///
///
///

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 29), is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation, (ECF No. 28), is **ADOPTED in part** as to its recommendation regarding Defendant's Counter Motion to Set Aside Clerk's Entry of Default and otherwise **REJECTED in part as moot**.

**IT IS FURTHER ORDERED** that Defendant's Counter Motion to Set Aside Clerk's Entry of Default, (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 11), is **DENIED as moot**.

**DATED** this __21__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT