UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIMITAR SAVOV, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-00401-GMN-DJA |
| vs. ) | |
| ) | **ORDER GRANTING MOTION TO** |
| IMMUNOTECH LABORATORIES, INC., ) | **DISMISS** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 35), filed by Defendant Immunotech Laboratories, Inc.  Plaintiff Dimitar Savov filed a Response, (ECF No. 39), to which Defendant filed a Reply, (ECF No. 40).  The Court **GRANTS** Defendant's Motion to Dismiss because Plaintiff failed to provide evidence that he attempted to contact officers of Immunotech, as well as evidence of a demand that Immunotech come into compliance, per Nevada Revised State ("NRS") 78.347.

I.     <u>**BACKGROUND**</u>

This case arises out of Plaintiff's petition to be appointed custodian of Defendant Immunotech Laboratories under NRS 78.347(1)(b). (*See generally* Petition, ECF Nos. 1-1, 6).[1] This statute allows a stockholder to "apply to the district court to appoint one or more persons to be custodians of the corporation . . . when . . . [t]he corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets . . . ." NRS 78.347(1)(b).  Plaintiff is a stockholder in Immunotech and alleges that Immunotech has abandoned its business. (Petition ¶ 7).  To support the claim that Immunotech is abandoned,

---

[1] Because ECF Nos. 1-1 and 6 are identical copies of Plaintiff's Petition, this Order will address them both collectively as the Petition.

Plaintiff alleges that the former Immunotech CEO transferred its assets to another corporation in 2018, Immunotech stopped operating medical trials, and Immunotech has failed to file disclosures or hold shareholder meetings in recent years. (*Id.* ¶¶ 21, 9–19, 33–35).

An applicant for custodianship must also provide the following information, along with an affidavit that the information is true and correct:

> (e)  Evidence of reasonable efforts by the applicant to contact the officers and directors of the corporation for which the custodianship is sought.
>
> (f)  Evidence of a demand by the applicant to the officers and directors of the corporation for which the custodianship is sought that the corporation comply with the provisions of this chapter and that the applicant did not receive a response.

NRS 78.347(2)(e–f).

After filing his petition for custodianship, the Clerk of Court entered default because Immunotech had not appeared. (Clerk's Entry Default, ECF No. 10).  Once Plaintiff filed a Motion for Default Judgment, (ECF No. 11), however, Immunotech filed a Counter Motion to Set Aside Clerk's Entry of Default, (ECF No. 13).  The Magistrate Judge issued a Report and Recommendation recommending that the Court grant Immunotech's Counter Motion to Set Aside Clerk's Entry of Default. (R&R 6:24–27, ECF No. 28).  The Court adopted the R&R. (Order, ECF No. 31).  Immunotech now moves to dismiss Plaintiff's petition for custodianship for failure to meet the requirements listed in NRS 78.347. (*See generally* Mot. Dismiss, ECF No. 35).

## II.         **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.    DISCUSSION

Defendant argues that Plaintiff's petition should be dismissed because it fails to meet the requirements for an application of custodianship as laid out in NRS 78.347.  First, Defendant argues that Immunotech has not abandoned its business because it filed for reinstatement with the Nevada Secretary of State prior to Plaintiff bringing his petition. (Mot. Dismiss 4:15–5:15).  Second, Defendant claims that Plaintiff did not provide evidence of reasonable efforts to contact the officers and directors, because he attached a letter without evidence that it was ever sent. (*Id.* 5:16–6:24).  Lastly, Defendant moves to dismiss on the grounds that Plaintiff did not

provide evidence of a demand that Immunotech comply with the provisions of the chapter. (*Id.* 6:26–7:13).

### A. Abandonment

NRS 78.347(1)(b) requires the corporation to have "abandoned its business" before a custodian will be appointed.  Defendant claims that this requirement has not been met because it filed a Certificate of Reinstatement with the Nevada Secretary of State in 2021. (Mot. Dismiss 4:15–5:15).  In response, Plaintiff points out that the NRS statute does not define "abandonment," but that the Nevada Supreme Court has found that a corporation abandoned its business when it sold its restaurant or sold its real estate and personal property. (Resp. 5:1–7, ECF No. 39).  He also argues that whether Immunotech has abandoned its business is a factual matter to be addressed later in the proceedings. (*Id.* 6:17–21).

The Court agrees with Plaintiff that Immunotech's potential abandonment is a question of fact to be determined based on consideration of all relevant facts and evidence in this case.  Defendant offers no case law to suggest otherwise.  Taking all factual allegations in the Petition as true, Plaintiff sufficiently alleges facts allowing the court to draw a reasonable inference that Immunotech has abandoned its business.  Plaintiff alleges that in 2018, Immunotech CEO signed an Asset Purchase Agreement to transfer Immunotech assets for his personal benefit. (Petition ¶ 21).  Immunotech also stopped operating certain medical trials. (*Id.* ¶¶ 9–19).  Plaintiff further claims that Immunotech's last disclosure on the OTC Market was published in February 2017, and that Immunotech failed to file an Annual Report with the Nevada Secretary of State from 2018 to 2021. (*Id.* ¶¶ 33–35).  In 2021, the Immunotech CEO filed a Certificate for Reinstatement with the Nevada Secretary of State but failed to reply to Plaintiff's communications. (*Id.* ¶¶ 36–38).  When Plaintiff contacted Pacific Stock Transfer, the transfer agent for Immunotech, the Managing Director informed Plaintiff that the CEO had resigned in 2019, "leaving Immunotech without management." (*Id.* ¶¶ 29–40).  No shareholder meetings

have been conducted since before 2019. (*Id.* ¶ 41).  Thus, the Court does not dismiss the Petition for failure to allege abandonment.

### B. Reasonable Efforts to Contact

Defendant next argues that Plaintiff did not provide "[e]vidence of reasonable efforts by the applicant to contact the officers and directors of the corporation for which the custodianship is sought," per NRS 78.347(2)(e).  It points out that Plaintiff does not attest that he made reasonable efforts, but rather, Plaintiff's affidavit states that "[t]here are no known current officers for Immunotech.  The last known officer was Harry Zhabilov who resigned in November 2019." (Mot. Dismiss 6:12–14); (Petition at 12).  In the allegations of the Petition, Plaintiff states that he sent a written demand to Zhabilov to inspect Immunotech records under NRS 78.257 and did not receive a response, but NRS 78.347(2)(e) requires evidence of this action. (*See* Petition at 12).  Plaintiff does attach a letter to the CEO and President of Immunotech, however, the attachment is simply a copy of a letter and lacks evidence that the letter was ever sent. (Ex. H to Petition).

The letter alone is not sufficient evidence of an *effort* to contact an officer of Immunotech.  The Court is left to assume that the letter was sent via mail or email, despite the fact that Plaintiff failed to attest that he made reasonable efforts to do so.  Because this deficiency may be remedied through a proper affidavit and evidence that Plaintiff attempted to contact Immunotech officers by sending the letter he attached, the Court grants Defendant's Motion to Dismiss on this ground, and also grants Plaintiff 21 days to amend his petition.

### C. Demand for Compliance

Defendant's last argument is that Plaintiff failed to satisfy the NRS 78.357(f) requirement.  The statute requires "[e]vidence of a demand by the applicant to the officers and directors of the corporation for which the custodianship is sought that the corporation comply with the provisions of this chapter and that the applicant did not receive a response." NRS

78.357(f).  Defendant claims that even if Plaintiff made a demand to inspect financial records pursuant to NRS 78.257, as alleged in the Petition, a demand to inspect financial records does not satisfy the requirement of evidence that the stockholder demanded that a corporation come into compliance with NRS 78.347. (Mot. Dismiss 6:25–7:6).  Plaintiff leans on the phrase "comply with the provisions of this chapter," and responds that he fulfilled the requirement because his demand to inspect records was made under NRS 78.257, part of NRS Chapter 78. (Resp. 7:14–8:2).

Defendant replies that a demand to inspect records does not provide notice to a corporation that it has failed to comply with Chapter 78. (Reply 3:17–20, ECF No. 40).  It states that "failure to comply with a demand to inspect records gives rise to its own action pursuant to NRS 78.257(6)," suggesting that a stockholder may not bring an action for appointment of custodianship due to a corporation's failure to comply with a records request. (*Id.* 3:20–24).

The Court agrees with Defendant's logic and finds that it would be an absurd result to hold that a stockholder can make any type of Chapter 78 demand on a corporation to satisfy the demand required by a petitioner for custodianship.  Chapter 78 covers 785 separate sections dictating Nevada Private Corporations law.  Here, Plaintiff's demand to inspect Immounotech's financial records would not provide notice to Immunotech that Plaintiff was planning to file a petition for custodianship and allow Immunotech's officers time to comply.  Thus, the Court further grants Defendant's Motion to Dismiss on the grounds of noncompliance with NRS 78.357(f), but provides Plaintiff leave to amend.

V.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 35), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file an amended petition.  Failure to file an amended petition by the required date will result in the Court dismissing Plaintiff's petition without prejudice.

**DATED** this ___18___ day of January, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT