Joel E. Tasca, Esq.
Nevada Bar No. 14124
Madeleine Coles, Esq.
Nevada Bar No. 16216
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile:  (702) 471-7070
tasca@ballardspahr.com
colesm@ballardspahr.com

Patrick R. Morris, Esq.
*Admitted Pro Hac Vice*
MORRIS LEGAL CORP.
28 Laight Street, 2nd Floor
New York, New York 10013
Telephone: (646) 692-4012
Facsimile:  (929) 296 -7680
prm@patrickmorrislaw.com

*Attorneys for Immunotech Laboratories, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DIMITAR SAVOV,<br><br>    Plaintiff,<br><br>v.<br><br>IMMUNOTECH LABORATORIES, INC.,<br><br>    Defendant. | Case No. 2:22-cv-00401-GMN-DJA<br><br>**MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION FOR APPOINTMENT OF CUSTODIANSHIP** |

      Defendant Immunotech Laboratories, Inc. ("Immunotech"), by and through its undersigned counsel, hereby moves this Court for an order dismissing with prejudice Plaintiff Dimitar Savov's Amended Petition for Appointment of Custodianship of Immunotech pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Motion is based upon the following Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument the Court may hear on this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff/Petitioner Dimitar Savov ("Plaintiff") seeks an order from this Court appointing him custodian of Immunotech Laboratories, Inc. Plaintiff's initial petition for custodianship was dismissed by this Court for failure to comply with the provisions of the custodianship statute, NRS 78.347. In particular, the Court expressly held that Plaintiff's demand to inspect the records of Immunotech did not meet the demand requirement of NRS 78.347(2)(f). However, the Court granted Plaintiff leave to amend.

Plaintiff's Amended Petition makes no attempt whatsoever to cure this deficiency. Instead, Plaintiff relies on the exact same demand to inspect that this Court already rejected. Moreover, Plaintiff now alleges—contrary to the allegations in his initial petition—that he *did* receive a response to this demand. Thus, even if the demand to inspect *could* satisfy the demand requirement of NRS 78.347(2)(f) (despite this Court's clear holding it does not), Plaintiff's allegations make clear that the second requirement of that provision (that the applicant did not receive a response to the demand) has not been met.

By persisting in relying upon a demand that this Court already held does not comply with the requirements of the custodianship statute, Plaintiff's Amended Petition only unnecessarily prolongs and multiplies this proceeding and wastes the time and resources of both this Court and Immunotech. Therefore, the Amended Petition should be dismissed with prejudice.

## II. BACKGROUND

Immunotech Laboratories, Inc. is a Nevada corporation. Unfortunately, due to an oversight, its filings had not been kept current with the Nevada Secretary of State. This issue was corrected on August 11, 2021, when a Certificate of Reinstatement for Immunotech was filed with the Nevada Secretary of State. ECF No. 6, Ex. G. That filing also makes clear that Harry Zhabilov ("Zhabilov") is the current treasurer, president, secretary, and director of Immunotech. *Id.* Despite Immunotech's

reinstatement and active status, however, on March 3, 2022, Plaintiff filed a petition in this Court seeking to be appointed as the custodian of Immunotech pursuant to NRS 78.347(1)(b), based on the contention that Immunotech had "abandoned" its business. ECF No. 6 ¶ 48.

Immunotech filed its motion to dismiss Plaintiff's petition on June 5, 2023. ECF No. 35. After full briefing, this Court issued an Order granting Immunotech's motion. ECF No. 43. The Court held that Plaintiff had failed to provide evidence of reasonable attempts to contact the officers and directors of Immunotech, as required by NRS 78.347(2)(e). *Id.* at 5. The Court further held that Plaintiff had failed to make a demand on Immunotech's officers and directors, as required by NRS 78.347(2)(f). *Id.* at 6. In doing so, the Court noted Plaintiff's argument that he had fulfilled this requirement by his demand to inspect records under NRS 78.257. *Id.* The Court specifically held that this demand did not comply with NRS 78.347(2)(f), finding that "Plaintiff's demand to inspect Immunotech's financial records would not provide notice to Immunotech that Plaintiff was planning to file a petition for custodianship and allow Immunotech's officers time to comply." *Id.*

The Court permitted Plaintiff to file an amended petition in order to cure the deficiencies—namely, by providing evidence of Plaintiff's attempt to contact Immunotech officers and by complying with the demand requirement of NRS 78.347(2)(f).

On February 9, 2024, Plaintiff filed an untimely Amended Petition. ECF No. 44. The Amended Petition included an exhibit showing that the demand to inspect records was sent to Zhabilov via email. ECF No. 44-7. And despite Plaintiff's prior claim that he "did not receive a response to his demand for inspection," ECF No. 39 at 4, the Amended Petition also includes as an exhibit a response email from Zhabilov's attorney, denying the request. ECF No. 44-8. But, contrary to the Court's order and as further addressed below, the Amended Petition does not include any evidence of a demand for compliance sufficient to fulfill the requirements of NRS 78.347(2)(f).

3

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (internal quotation marks and citation omitted). The court first accepts as true all well-pleaded factual allegations and draws all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1234, 1247–48 (9th Cir. 2013). Mere recitals of the elements of a cause of action and conclusory statements are not enough. *Iqbal*, 556 U.S. at 696. Then, the court considers whether the remaining factual allegations in the complaint state a plausible claim for relief. *Id.* at 679. A claim is facially plausible if it alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint lacks sufficient factual allegations for the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted). Such claims do not cross the line from conceivable to plausible, and the complaint must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. ARGUMENT

Although Plaintiff's Amended Petition includes evidence that he sent the demand for inspection of records via email, it still does not include evidence of a demand for compliance pursuant to NRS 78.347(2)(f). Instead, the Amended Petition relies wholly on the demand for inspection in willful disregard of this Court's express holding that that demand did not provide notice of Plaintiff's intent to petition for custodianship and thus was not sufficient.

### A. The Amended Petition Ignores This Court's Ruling That the Demand for Inspection Does Not Comply with NRS 78.347(2)(f)

As Immunotech noted in its first motion to dismiss, the Nevada Supreme Court has held that "[w]here the statute provides for the appointment of receivers, the

statutory requirements must be met." *Shelton v. Second Judicial Dist. Court*, 64 Nev. 487, 494, 185 P.2d 320, 323 (1947).  Under Nevada's corporate custodianship statute, a petition for custodianship must include "[e]vidence of a demand by the applicant to the officers and directors of the corporation for which the custodianship is sought that the corporation comply with the provisions of this chapter and that the applicant did not receive a response." NRS 78.347(2)(f).

Plaintiff asserted in support of his initial petition that he had satisfied this requirement through a demand for inspection of records sent to Immunotech on December 11, 2021.  *See* ECF No. 39 at 7.  Plaintiff claimed that because the demand was made under NRS 78.257, which is a part of Chapter 78, it satisfied the request for compliance.  *Id.*  This Court soundly rejected that argument, finding that "it would be an absurd result to hold that a stockholder can make any type of Chapter 78 demand on a corporation to satisfy the demand required by a petitioner for custodianship." ECF No. 43 at 6.

But Plaintiff's Amended Petition yet again relies on *the exact same* demand for inspection in direct contravention of this Court's previous ruling.  Plaintiff alleges that the demand to inspect "functioned as a demand for compliance with NRS 78.347 because the books and records of Immunotech would have demonstrated whether there were any active operations." ECF No. 44 ¶ 35.  But as this Court explained, "Plaintiff's demand to inspect Immunotech's financial records would not provide notice to Immunotech that Plaintiff was planning to file a petition for custodianship and allow Immunotech's officers time to comply." ECF No. 43 at 6.

Plaintiff presents this Court with the exact same demand, which is plainly a demand to inspect records pursuant to NRS 78.257 and which, as this Court made clear, does not provide any indication of Plaintiff's intent to file a petition for custodianship.  Plaintiff's conclusory assertion that the records "would have confirmed that Immunotech was no longer doing business," ECF No. 44 ¶ 34, appears to be Plaintiff's only support for why the demand to inspect satisfies NRS 78.347(2)(f)

5

despite this Court's clear and direct finding that *it does not*.

### B. Even if the Demand for Inspection Could Satisfy NRS 78.347(2)(f), the Amended Petition Alleges That Plaintiff Did Receive a Response

Moreover, even if Plaintiff's demand to inspect *could* serve as the demand required by NRS 78.347(2)(f), Plaintiff ignores the latter half of that provision: "that the applicant *did not receive a response.*" *Id.* (emphasis added). Although Plaintiff originally asserted that he did not receive any response to the demand to inspect, *see* ECF No. 39 at 7, the Amended Petition alleges that Plaintiff *did* receive a response, just four days after sending the demand. ECF No. 44 ¶ 34; ECF No. 44-8. The response may not have come from Zhabilov directly, and it may not have been the response Plaintiff wanted, but it was a response nonetheless. Thus, rather than somehow justifying the continued reliance on a demand this Court has already ruled to be insufficient, the new allegations contained in the Amended Petition merely provide yet another reason this demand does not and cannot fulfill the requirements of NRS 78.347(2)(f).

The notice and demand requirements of NRS 78.347 are reflective of the seriousness of a court-appointed custodianship. As the Nevada Supreme Court has noted, "the appointment of a receiver or the dissolution of a corporation is 'a harsh and extreme remedy which should be used sparingly and only when the securing of ultimate justice requires it.'" *Bedore v. Familian*, 122 Nev. 5, 11, 125 P.3d 1168, 1172 (2006) (quoting *Hines v. Plante*, 99 Nev. 259, 261, 661 P.2d 880, 881-82 (1983)). As a custodian appointed under NRS 78.347 has all the powers of a receiver, *see* NRS 78.347(6), it makes sense that the statute would provide for the appointment of a custodian only when a corporation has truly abandoned its business and is entirely non-responsive.

This is not the case with Immunotech, as can be seen even from the allegations in the Amended Petition. Plaintiff alleges, for example, that in 2020, he requested that Zhabilov take steps to reinstate Immunotech. ECF No. 44 ¶ 27. He then alleges

1   that in August 2021, Zhabilov did reinstate Immunotech with the Nevada Secretary
2   of State. *Id.* ¶ 31. Immunotech, through counsel, immediately responded to Plaintiff's
3   demand for inspection of records. *Id.* ¶ 34; ECF No. 44-8. And Immunotech has fought
4   this proceeding precisely because it is an active corporation that is currently engaged
5   in business. Indeed, it is unsurprising that Plaintiff attempts to rely on a demand
6   letter already rejected by this Court, rather than sending a new demand for
7   compliance pursuant to this Court's order and NRS 78.347(2)(f)—as Plaintiff is
8   undoubtedly aware, Immunotech would respond to any such demand letter to inform
9   Plaintiff that it has not abandoned its business and it is currently compliant with the
10  provisions of Chapter 78.

11  Plaintiff's Amended Petition fails to meet the statutory requirements for an
12  appointment of custodian, and its continued reliance on a demand from two years ago
13  that this Court already held to be noncompliant is an implicit recognition that Plaintiff
14  *will not* be able to meet the requirements, even by further amendment.

## V.   CONCLUSION

For the foregoing reasons, Immunotech respectfully requests that the Court dismiss Plaintiff's Amended Petition for Appointment of Custodianship with prejudice.

Dated: February 23, 2024

BALLARD SPAHR LLP

By: /s/ Joel E. Tasca
Joel E. Tasca, Esq.
Nevada Bar No. 14124
Madeleine Coles
Nevada Bar No. 16216
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135

-with-

Patrick R. Morris, Esq.
*Admitted Pro Hac Vice*
MORRIS LEGAL CORP.
28 Laight Street, 2nd Floor
New York, New York 10013

*Attorneys for Immunotech Laboratories, Inc.*

7

# CERTIFICATE OF SERVICE

I certify that on February 23, 2024, a true and correct copy of the foregoing **MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION FOR APPOINTMENT OF CUSTODIANSHIP** was served electronically on the following parties:

Dimitar Savov
61 Nishava str. ent. A, Fl. 3 apt. 6
Sofia 1680
Bulgaria
Email: dimitar.savov@ymail.com

/s/ Adam Crawford
An Employee of BALLARD SPAHR LLP

8