# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DIMITAR SAVOV, | ) |
|               Plaintiff, | ) Case No.: 2:22-cv-00401-GMN-DJA |
| vs. | ) |
| | ) **ORDER GRANTING SECOND MOTION** |
| IMMUNOTECH LABORATORIES, INC., | ) **TO DISMISS** |
|               Defendant. | ) |

Pending before the Court is the Second Motion to Dismiss, (ECF No. 45), filed by Defendant Immunotech Laboratories, Inc. Plaintiff Dimitar Savov filed a Response, (ECF No. 46), to which Defendant filed a Reply, (ECF No. 47). For the foregoing reasons, the Court **GRANTS** Defendant's Second Motion to Dismiss.

I.     **BACKGROUND**

This case arises out of Plaintiff's application to be appointed custodian of Defendant Immunotech Laboratories under NRS 78.347(1)(b). (*See generally* Am. Pet., ECF No. 44). Plaintiff is an Immunotech stockholder. (*Id.* ¶ 7). He alleges that Immunotech has abandoned its business because its stock has a Caveat Emptor sign, its last OTC Market disclosure was made in 2017, former CEO Harry Zhabilov transferred assets out of Immunotech for his own benefit, and because Immunotech was listed as inactive with the Nevada Secretary of State until 2021.[1] (*Id.* ¶¶ 20–25).

---

[1] Plaintiff also claims that $190,000 of his funds were wired to Immunotech but that the CEO of Immunotech at the time, Harry Zhabilov, misappropriated those funds. The Court advises Plaintiff that while he may bring a separate lawsuit based on these claims, his misappropriation argument does not affect the narrow analysis for a Petition for Custodianship under NRS 78.347.

This Court granted Immunotech's First Motion to Dismiss with leave for Plaintiff to amend. (Order Granting Mot. Dismiss, ECF No. 53). The First Motion to Dismiss was granted for two reasons. First, this Court explained that according to the plain language of the statute, Plaintiff must provide evidence of his effort to contact the officers and directors of Immunotech. (*Id.* 5:15–20). Second, the Court determined that Plaintiff's demand to inspect financial records did not satisfy the compliance demand requirement of NRS 78.347(2)(f), because it "would not provide notice to Immunotech that Plaintiff was planning to file a petition for custodianship and allow Immunotech's officers time to comply." (*Id.* 6:17–19). In its Second Motion to Dismiss, Defendant argues that the Amended Petition should be dismissed because Plaintiff is again insisting that his demand to inspect Immunotech records should satisfy the NRS 78.347(2)(f) requirement. (*See generally* Second Mot. Dismiss, ECF No. 45).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

A stockholder may "apply to the district court to appoint one or more persons to be custodians of the corporation . . . when . . . [t]he corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets . . . ." NRS 78.347(1)(b). The statute requires "[e]vidence of a demand by the applicant to the officers and directors of the corporation for which the custodianship is sought that the corporation comply with the provisions of this chapter and that the applicant did not receive a response." NRS 78.357(2)(f).

Defendant argues that Plaintiff's Amended Petition makes the same argument as in his first Petition, which is that Plaintiff's demand to inspect records should fulfil the demand requirement of NRS 78.357(2)(f), despite the fact that this Court already denied that argument. (Second Mot. Dismiss 15:7–14). Further, Defendant maintains that even if the Court finds Plaintiff made the required demand, Plaintiff cannot demonstrate that he "did not receive a response," because Zhabilov's lawyer responded to Plaintiff's demand for inspection of records. (*Id.* 6:3–7:10).

Plaintiff responds that he is not alleging that his demand to inspect records was, on its own, sufficient, but that "he has alleged substantial history and facts regarding all of his efforts

to prod the company to activity, including his demand for inspection of books and records." (Resp. 4:9–11, ECF No. 46). Plaintiff alleges that he made verbal and written demands to Zhabilov in 2020 requesting that he reinstate Immunotech and use the funds for the purpose they were provided, as well as a more recent demand to inspect and audit Immunotech's financial records. (*Id.* 5:5–23) (citing Am. Pet. ¶¶ 27, 32).[2] As to Defendant's argument that he received a response from Zhabilov's lawyer, Plaintiff claims that "the only response back was from someone who purported to be an 'authorized representative' but was not an officer or director of the company. (*Id.* 8:10–13). He argues that a "superficial" response from someone who is neither an officer, director, nor shareholder, is not sufficient. (*Id.* 8:14–23).

As an initial matter, NRS 78.347(2)(f) requires Plaintiff's petition to contain *evidence* of the demand to officers or directors of the corporation, and the only such evidence attached to Plaintiff's Amended Petition is the demand to inspect records email sent in 2021 and attached as Exhibit 7. Even though Plaintiff's Amended Petition claims that he "made several verbal and written demands to Zhabilov," Plaintiff did not attach an exhibit with evidence of these communications as he did for the other communications. (*See* Am. Pet. ¶ 27). Therefore, for purposes of evaluating the demand requiring in NRS 78.347(2)(f), the only *evidence* of a demand made to Immunotech officers or directions, in any form, is Plaintiff's demand to inspect records.

As Defendant points out, this Court has already determined that a demand to inspect records, on its own, does not meet the NRS 78.347(2)(f) requirement. (Order Granting Mot. Dismiss, 6:17–19). However, even if it did, Plaintiff's demand further fails to meet the requirement because Plaintiff received a response to his demand to inspect records. (*See* NRS 78.357(2)(f)) (requiring evidence of a demand to which the "applicant did not receive a

---

[2] Plaintiff's Response includes efforts to contact Immunotech's shareholders, the company's stock transfer agent, and the Nevada Secretary of State, but these communications were not made to "the officers and directors of the corporation" as required by the statute. (*See* Resp. 5:5–24).

response"). Exhibit 8 of Plaintiff's Amended Petition is an email from Zhabilov's attorney, Ivan Elandijev, denying Plaintiff's request to inspect Immunotech's records. (Elandijev Email, Ex. 8 to Am. Pet, ECF No. 44-8). Plaintiff's argument that this email response was insufficient because it did not come from an officer or director of the company, is unpersuasive. The language of the statute does not require that the response be directly from an officer or director. Therefore, the Court GRANTS Defendant's Second Motion to Dismiss. Because amendment would be futile, Plaintiff is not granted leave to amend for a second time.

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Second Motion to Dismiss, (ECF No. 45), is **GRANTED.**

The Clerk of Court is kindly instructed to close the case.

**DATED** this  9  day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT